UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID S. TAUB and MARC TAUB

        Plaintiff,

-against-                            Case No. 2:09-cv-00599

MARCHESI DI BAROLO S.P.A.,

        Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

                                          Rachael G. Pontikes
                                          Larry Selander
                                          DUANE MORRIS LLP
                                          190 South LaSalle, Suite 3700
                                          Chicago, IL 60603
                                          (312) 499-6700

                                          John Dellaportas
                                          Javier Chavez
                                          DUANE MORRIS LLP
                                          1540 Broadway
                                          New York, NY 10036
                                          (212) 692-1000

                                          *Attorneys for Defendant*
                                          *Marchesi di Barolo, S.p.a.*

I.  **Introduction**

Plaintiffs David and Marc Taub ("the Taubs") strategically omit key facts to represent to this Court that this suit and *Palm Bay International Inc. v. Marchesi di Barolo S.p.A.* No. 09 CV 601 ("Palm Bay Suit") are "extremely different" (Pl.'s Opp., p.1). The suits actually present the same dispute; the facts actually demonstrate that this Court should dismiss this action in favor of the suit that Marchesi filed first in Alba, Italy ("Italian Suit").

First, as stated on their own website, Palm Bay International Inc. ("Palm Bay") is the Taub family business that David Taub and his deceased father, Martin Taub, created in 1978; David is currently the company Chairman and the CEO. His son, Marc, is the current president and COO. (Pontikes Declaration, ¶ 3, attached as Exhibit 1). Second, the importation agreement between Marchesi di Barolo S.p.A. ("Marchesi") and Palm Bay ("Importation Agreement"), and the agency agreement between the Marchesi and the Taubs ("the Agency Agreement"), were signed on the same day by the same parties. David Taub signed the Agency Agreement personally, and the Importation Agreement as the Palm Bay representative. (Agency Agreement and Importation Agreement, attached as Group Exhibit 2). Third, the sales schedule in both agreements is identical, and many other provisions are identical word for word. (Importation Agreement, ¶ 2, Agency Agreement, ¶ 2).

For purposes of this dispute, the Taubs *are* Palm Bay and Palm Bay *is* the Taubs. The Importation Agreement and the Agency Agreement form part of the same transaction and are therefore read together. The claims and the measure of damages are not "extremely different" as the Taubs assert. It was Palm Bay CEO David Taub that decided Palm Bay would not pay Marchesi's invoices, claiming that Palm Bay was entitled to a $650,000 offset for 131 bottles of wine. The key correspondence regarding the Importation Agreement and its termination is from

David Taub himself, or he and Marc Taub are carbon copied. (Letters from Taub, attached as Group Exhibit 3).

Palm Bay's failure to pay Marchesi's invoices led Marchesi to terminate the Importation Agreement. The Taubs not only failed to appoint another exclusive distributor (as the Agency Agreement requires them to do), but Palm Bay (at the direction of the Taubs) also filed a suit in state court against Marchesi's new distributor to prevent Marchesi from appointing a new distributor. Instead of fulfilling their obligations under the Agency Agreement and appointing a new importer when the Marchesi/Palm Bay relationship broke down, the Taubs breached their fiduciary duties, acted in bad faith, and filed this suit less than a month later – thereby frustrating the very purpose of the Agency Agreement.

The key issue in this case is David Taub's direction to Palm Bay to stop paying the Marchesi invoices, which caused the collapse of the Marchesi-Palm Bay relationship. It is also the issue before the Italian Court in the Italian Suit; it is the issue that Palm Bay (via the Taubs) brought before another Eastern District of New York Court in the Palm Bay Suit; and it is the issue before the New York state court in a case that Palm Bay (via the Taubs) filed against Marchesi's new importer. This issue should be litigated in Italy where Marchesi filed first.

Four different courts ruling on the same issue run the risk of duplicative and inconsistent judgments; that is why this Court should dismiss this suit pursuant to *forum non conveniens* in favor of the first filed Italian Suit. The Taubs fail to address this issue. Instead, the Taubs assert that as plaintiffs, they are entitled to deference for their choice of forum. Marchesi is also a plaintiff in the Italian Suit where Marchesi filed first and chose Italy as the forum to resolve all the disputes arising from its relationship with the Taub's family business (Palm Bay) and its

2

DM1\1806253.3

owners (the Taubs). The real issue is: which court should stand down—this Court or the Italian Court—to avoid duplicative and inconsistent judgments?

The Taubs fail to demonstrate why this Court, instead of the Italian Court, is the more appropriate body to hear this suit. The facts speak for themselves. If there is any party who is guilty of disrupting the contractual relationships between Marchesi, the Taub family business (Palm Bay), and the Taubs, it is Terrenostre, and Terrenostre is already a party to the Italian Suit; the Taub family business (Palm Bay) has a presence in Italy, an Italian office, and an Italian employee; the Taubs can assert all of the claims they bring here in the Italian Suit; and the Taub's *own* witnesses include two Italian witnesses who live in Italy. The Italian Court—not this Court—is the appropriate body to hear this dispute.

It is telling that the Taubs do not agree to fully consolidate this matter with the Palm Bay Suit. This flies in the face of judicial economy and shows the Taubs are seeking multiple bites at the apple. The trial in the Palm Bay Suit and the trial in the instant suit would be on the same issues with the same parties, witnesses and evidence, with both parties represented by the same counsel. Judicial economy requires this Court to consolidate this action with the Palm Bay Suit in its entirety if the Court fails to dismiss it.

II.  **Argument**

    A.    **The Taubs' Action Must Be Dismissed In Favor Of the First Filed Italian Suit.**

        1.    **This Court Should Read The Agency Agreement And The Importation Agreement Together.**

"Under New York law, all writings forming part of a single transaction are to be read together." *This Is Me Inc. v. Elizabeth Taylor*, 157 F.3d 139, 143 (2d. Cir. 1998) (reading all agreements between two parties together because they were designed to effectuate the same purpose). The Agency Agreement and the Importation Agreement were designed to effectuate

3

the same purpose and form part of a single transaction—both agreements governed the Taubs and their family business' importing, selling, and marketing of Marchesi's wines.

When determining whether to read contracts together, Courts also consider whether they were contemporaneous writings related to the same subject matter. *Commander Oil Corp. v. Advance Food Serv. Equip.*, 991 F.2d 49, 53 (2d Cir. N.Y. 1993). The Agency Agreement and the Importation were executed on the same day by the same parties; David Taub signed on behalf of himself for the Agency Agreement and for Palm Bay for the Importation Agreement; the same Marchesi representative signed both agreements on behalf of Marchesi. (Importation Agreement; Agency Agreement). Both set the same sales requirements for the Taubs and for Palm Bay, and both agreements relate to the same subject matter—selling Marchesi wines in the United States. (Group Ex. 2, Importation Agreement, ¶ 1; Agency Agreement, ¶ 1). New York law requires that these two contracts be read together.

The Taubs cite no law which demonstrates these agreements should not be read together. Instead, the Taubs assert that the contracts are substantially different for a variety of reasons. (Pl.'s Opp., p.7).

The Taubs and their family business (Palm Bay) are interchangeable for purposes of this dispute. The additional facts the Taubs cite make no difference. The subject matter of both agreements is importing, selling, and promoting Marchesi wines in the United States. The agreements are part of the same transaction under the law and, therefore, should be read together. *Elizabeth Taylor*, 157 F.3d at 143; *Commander Oil Corp.*, 991 F.2d at 53.

The Taubs' argument that the agreements are substantially different because the Agency Agreement does not obligate the Taubs to insure the "importers" payment of bills and, therefore, Palm Bay's failure to pay Marchesi is irrelevant to the termination of the Agency Agreement is

4

flawed. (Pl.'s Opp., p.7). When viewed in the context, this provision of the contract actually highlights the necessity to read the two agreements together.

The "importer" that the Taubs are referring to here is and can only be Palm Bay, the Taub family business. When the Taubs directed their business, Palm Bay, not to pay Marchesi, they frustrated the purpose of the Agency Agreement. They failed to appoint a new importer who would actually pay Marchesi's bills, acted in bad faith, filed this suit and breached their fiduciary duty to Marchesi. If the "importer" was not essentially identical to the "agent," the agent likely would have just appointed a different importer who paid the bills when a dispute arose between the producer and the importer.

### 2. The Action Before This Court And The Palm Bay Suit Are Identical.

The Taubs argue that the Palm Bay Suit and this suit are substantially different from the Taubs' because they fail to disclose their interests and roles in their family business (Palm Bay); they ignore the fact that the Importation Agreement and the Agency Agreement must be read together; and they gloss right over the fact that the same issues, witnesses, and evidence is required for both suits (although they designate the same Palm Bays' witnesses).

As set forth above, the key issue in both of these cases (and the Italian Suit) is David Taub's direction to his family business (Palm Bay) to stop paying Marchesi' invoices. These cases involve the same parties, and will involve the same witnesses and evidence. The Taubs admit this when they point to Palm Bay's list of witnesses in its action against Marchesi as the "necessary witnesses" to try their case. (Ettelman Cert., para 3). The Palm Bay Suit and the instant suit present the same dispute—which is why the Taubs and Palm Bay name the same witnesses and present the same facts.

5

DM1\1806253.3

### 3. The Italian Suit Is the Proper Forum to Adjudicate This Dispute.

As Marchesi argued in the Palm Bay Suit, the proper place to adjudicate this dispute is in Alba, Italy, where Marchesi filed first.[1] If any one thing was responsible for pushing Marchesi's relationship with the Taubs and their family business to the breaking point, it was Terrenostre's problematic Moscato d'Asti ("Moscato"). Terrenostre's problematic Moscato is at the heart of this dispute—it caused Palm Bay to claim it was entitled to stop paying Marchesi's invoices. Terrenostre has already taken responsibility for the alleged problematic Moscato.

Terrenostre is an Italian company which does not regularly do business in the United States and is not before this Court. Terrenostre is already a party to the Italian Suit. The Taubs do not dispute that Terrenostre is the party actually liable for the problematic Moscato.

Continuing this suit parallel to the Italian Suit risks duplicative and inconsistent rulings. The Italian Court is already adjudicating what is at the heart of this dispute—Palm Bay's failure to pay Marchesi's invoices. Any legal action that does not involve Terrenostre will not completely adjudicate the dispute. Marchesi will be forced to adjudicate its rights vis-à-vis Terrenostre in another forum and in a separate dispute. The Court should dismiss this matter and allow the Court with the relevant parties before it decides this matter.

Regarding Marchesi's ability to implead Terrenostre, the Taubs argue that the Court may only take the ability to implead a third party into account in a "close" case—which this is not. (Pl.'s Opp., p. 14). The facts demonstrate the proper forum for this dispute is Italy and the Court should dismiss this suit in favor of the first-filed Italian Suit. Further, the Taubs have failed to

---

[1] Marchesi's motion to dismiss the Palm Bay Suit on *forum non conveniens* grounds is currently pending before the Court. For the convenience of the Court, Marchesi has attached its reply to Palm Bay's opposition to its motion to this motion as Exhibit 4.

provide the overwhelming evidence that the cases they cite require for this Court to keep this action in New York in the face of the first filed Italian Suit.

### 4. The Taubs Can Assert Their Claims In The Italian Suit; The Taubs Filed In The United States Only To Bully Marchesi.

The Taubs provide this Court with no legal principle, argument, or justification why they cannot bring all of their claims in the Italian Suit; the Taubs simply state that they are not presently a party to the Italian Suit, and misleadingly assert that their claims under the Agency Agreement "are not part" of the Italian Suit. In its motion, Marchesi's Italian counsel submits an affidavit in which he testifies that the Taubs may join as parties to the Italian Suit and which they may bring their counterclaims. (*See* Affidavit of Andrea Turconi in Support of Marchesi's Motion to Dismiss at ¶¶ 13-15). The Taubs do not provide any counter-affidavit from Italian counsel to dispute this.

The Taubs complain that it would be very inconvenient for this Court to force them to litigate in Italy. The Taubs, however, would bear little, if any additional burden. Their family business, Palm Bay, has already engaged counsel (presumably retained by the Taubs) to represent it in the Italian Suit. It is reasonable to assume that the Taubs would use the same Italian attorneys as Palm Bay—as they have here. Palm Bay imports 37 brands from all over Italy. (Pontikes Declaration, ¶ 4, attached as Exhibit 1). Palm Bay has an office in Italy, complete with an Italian employee with a business card which show the Palm Bay office location. (*See* Exhibit A attached to Exhibit 4). It is not inconvenient for the Taubs to join their family business as parties to the Italian Suit where they have retained counsel and maintain an office.

What is actually inconvenient are the three separate suits that the Taubs and their family business filed in the United States against Marchesi and its new importer. These suits bully

7

Marchesi for filing the Italian Suit, which is grounds for this Court to dismiss this claim in favor of the Italian Suit. A court should consider whether a party is engaged in vexatious litigation when determining whether to proceed with a case or to defer to a foreign venue. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 (1983). Over this same dispute, the Taubs filed a suit against Marchesi in this Court, the Taub family business (Palm Bay) filed the Palm Bay Suit against Marchesi in the same federal court, and then, for good measure, Palm Bay (directed by the Taubs) filed a state suit against Marchesi's new importer.

The Taubs argue that they could not have filed these suits in retaliation for the Italian Suit because Palm Bay did not know about the Italian Suit before it filed this suit, and attempt to accuse Marchesi of "racing to the courthouse." That is misleading – the Taubs knew about the Italian Suit before it filed the instant suit. The Taubs and Palm Bay were able to get certifications in support of Palm Bay's motions under the Importation Agreement from Paolo Abbona, brother to Ernesto Abbona, the current Chief Executive Officer of Marchesi. Paolo Abbona's information comes from a current Marchesi owner. Clearly, the Taubs and Palm Bay have, and have had, inside information as to what occurs at Marchesi. It is disingenuous for the Taubs to claim they did not know about the Italian Suit before they filed this suit.

Three suits for one dispute is vexatious and bullying litigation by definition and gives this Court grounds to dismiss this suit in favor of the Italian Suit.

    5.  **The Necessary Evidence, Witnesses, and Parties Are Located In Italy.**

Despite their protests that this suit is very different from the Palm Bay Suit, the Taubs list no witnesses of their own in their response – they merely refer to the witnesses that Palm Bay listed in the Palm Bay Suit as the witnesses they will need in this action. It seems therefore that the Taubs agree with Marchesi—the two disputes are identical and cannot be separated and will require the same witnesses and the same proof.

All the necessary evidence and witnesses are located in Italy. Two important witnesses that *Palm Bay* has identified to date are Italians that live in Italy. The lion's share of Marchesi's witnesses are Italian. Since the Taubs adopt all of Palm Bay's arguments with Palm Bay's witness list, Marchesi refers this Court to Marchesi's reply to Palm Bay's opposition in the Palm Bay Suit to refute the Taub/Palm Bay arguments. (*See* Exhibit 4 at pp. 4-5).

### 6.    The Public Interest Supports The Italian Forum.

This is fundamentally an Italian dispute, among two Italian wine producers, an American importer (the Taub family business), and the Taubs, its owners. Italy has an interest in resolving this dispute because of the heavily regulated nature of the wine industry and the fact that the problematic Moscato was made in Italy. There is also a strong public interest in favor of judicial economy and avoiding the inconsistent rulings which would result if this dispute proceeds in a "piecemeal" fashion.

Italy, as a forum, has a substantial national interest in the production, processing, and marketing of wine. The Italian wine industry is a multi-billion dollar portion of the Italian economy. The processing, production, marketing, labeling, and sale of wine are all heavily regulated in Italy by the Italian *Ministro Delle Risorso Agricole, Alimentari e Forestali*, as well as by the European Economic Community. Inspection, control, and the enforcement of Italian Wine Regulation is delegated to a specific government authority, the Frauds General Inspection Department of the Ministry of Agriculture.

There is also a strong public interest in favor of judicial economy and against "piecemeal" dispute resolution because it creates inconsistent rulings. *See, e.g. Hageman v. City Investing Co.*, 851 F.2d 69 (2d Cir. 1988) (denying appeal of one of two consolidated actions because of policy in favor of judicial economy and against piecemeal dispute resolution). Unfortunately, the logical outcome of moving forward in this case without Terrenostre is that

9

Marchesi, if found liable, will have to proceed against Terrenostre in another forum. Worse, Marchesi, the Taubs, and Palm Bay may find themselves subject to conflicting rulings or rulings that are subject to change, which will not make anyone's rights clear. The public interest strongly opposes this type of piecemeal litigation, and favors litigation where the dispute can be fully settled. Here, public interest factors favor dismissing this piecemeal action in favor of the Italian Suit, where the entire dispute can be resolved at once.

### B. In The Alternative, The Taubs Action Must Be Consolidated In Its Entirety With The Palm Bay Suit.

If this Court does not dismiss this matter, it should be consolidated in its entirety with *Palm Bay International Inc. v. Marchesi di Barolo S.p.A.* No. 09 CV 601. The Taubs argue (without citation to any authority) that this case must be consolidated for purposes of *discovery only*. (Pl.'s Opp., p.18). Judicial economy and the case law do not support consolidating these cases for discovery only and then proceeding to two separate trials.

If the Court allows consolidating on discovery only, this Court risks inconsistent rulings. "One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results." *Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987). If this Court allows this matter to be consolidated for discovery purposes only, the same parties, issues, witnesses, and evidence will be presented at two different trials before two different juries. This is burdensome on foreign parties and inviting inconsistent rulings which clouds the rights of the parties.

### III. Conclusion

For the foregoing reasons, Marchesi requests this Court grant its motion to dismiss the complaint on *forum non conveniens* grounds, or, in the alternative, to consolidate this matter in its entirety with *Palm Bay International Inc. v. Marchesi di Barolo S.p.A.* No. 09 CV 601.

10

DM1\1806253.3

Respectfully submitted,

By: /s/ Rachael Pontikes
Rachael G. Pontikes
Larry Selander
DUANE MORRIS LLP
190 South LaSalle, Suite 3700
Chicago, IL 60603
(312) 499-6700
Attorneys for Defendant
Marchesi di Barolo, S.p.a.

John Dellaportas
Javier Chavez
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 6, 2009, she caused a copy of the foregoing **Defendant's Reply in Support of its Motion to Dismiss** to be served via e-mail upon:

Gary Ettelman
Joshua Stern
Suzanne Fertig
Ettelman & Hochheiser, P.C.
100 Quentin Roosevelt Blvd.
Suite 401
Garden City, NY  11530

_____
Rachael G. Pontikes

DM1\1806253.3

## CERTIFICATE OF FILING/SERVICE

I, Rachael G. Pontikes, an attorney, certify that on September 15, 2009, I caused the foregoing document to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to the below CM/ECF participants. Parties may access this filing through the Court's system.

**Javier Chavez , Jr**
jchavez@duanemorris.com

**John George Dellaportas**
dellajo@duanemorris.com

**Gary Ettelman**
gettelman@e-hlaw.com

**Suzanne Fertig**
sfertig@e-hlaw.com

**Christopher Petelle**
cjpetelle@duanemorris.com

**Rachael G Pontikes**
rgpontikes@duanemorris.com

**Larry Selander**
lselander@duanemorris.com

/s/ Rachael G. Pontikes