# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DAVID S. TAUB and MARC TAUB,
as successor to MARTIN G. TAUB, deceased,         Index No.: 09-cv-599

                            Plaintiffs,

      -against-

MARCHESI DI BAROLO S.P.A.,

                            Defendant.
-----------------------------------------------------------------------x

## DECLARATION OF RACHAEL G. PONTIKES, ESQ.

Pursuant to 28 U.S.C. § 1746, Rachael G. Pontikes, Esq. hereby declares, under penalty of perjury, that the following is true and correct:

1. I am over 21 and competent to testify.

2. I am one of the attorneys at Duane Morris LLP who represents the Defendant, Marchesi di Barolo ("Marchesi") in the above captioned matter. Along with other attorneys at Duane Morris LLP, I also represent WineWave in the matter *Palm Bay v. WineWave Ltd*, which Palm Bay filed in New York State Court, Case Number 09-005946.

3. During the week of October 26, 2009, Jack Cacciato, the president of WineWave, called me to inform me that he had been informed from various knowledgeable sources in the wine industry that Palm Bay was in discussions with FontanaFredda to replace the Marchesi products in Palm Bay's portfolio.

4. At no time during this conversation with Mr. Cacciato did I disclose to him any information that has been designated confidential in either of the two federal litigations.

5. The information from Mr. Cacciato is directly relevant to Palm Bay's claim that it cannot find any producer to replace Marchesi and therefore it should be awarded nearly $12 million dollars in future "lost profit" and other damages.

6. To independently verify this information, I did a google search to determine if FontanaFredda was being imported into the United States. This google search indicated that a company called Domaine Select was posting FontanaFredda as a wine it seemed to be importing into the United States.

7. To verify the information I found on the website, I called Domaine Select, properly identified myself as counsel for Marchesi in the above captioned matter, and asked if the information Mr. Cacciato had provided to me was true.

8. Under the Confidentiality Agreement entered into both the above captioned matter, and *Palm Bay v. Marchesi*, pursuant to paragraph 8, "any party's use of any document or other information developed or obtained independent of discovery in this action for any purpose" is not subject to the Confidentiality Stipulation and Order.

9. Counsel for Palm Bay did not advise me of this issue in advance of filing this motion. I received an email five minutes before the filing of the motion telling me that "startling information" has been discovered and Palm Bay was filing a motion for protective order in five minutes.

10. Thus, I was never given the opportunity to meet and confer in accordance with Local Civil Rule 37.3(a) with opposing counsel to resolve this issue.

RACHAEL G. PONTIKES, ESQ.

*[signature]*

2

DM1\1969037.1