

**ETTELMAN & HOCHHEISER, P.C.**
ATTORNEYS AT LAW

GARDEN CITY CENTER
100 QUENTIN ROOSEVELT BOULEVARD
SUITE 401
GARDEN CITY, NY 11530-4850

TEL: (516) 227-6300
FAX: (516) 227-6307
WWW.E-HLAW.COM

November 16, 2009

**VIA ECF AND FEDERAL EXPRESS**

Honorable E. Thomas Boyle
100 Federal Plaza
Central Islip, New York 11722

Re:   David S. Taub, et al. v. Marchesi di Barolo S.P.A.
      **09 CV 599**

Dear Judge Boyle:

      This firm represents Plaintiffs David S. Taub and Marc Taub in the above entitled matter. We are in receipt of your endorsed order denying Plaintiff's application for a protective order without prejudice to renew the request. Counsel for Plaintiffs and Defendant, Marchesi have now complied with Local Civil Rule 37.3 and in good faith conferred with regard to the issue concerning our claim that Defendant's counsel has breached the Confidentiality Stipulation and Order entered by this Court. As this was not a typical discovery dispute, but what we view as a serious violation of a court order, it is not surprising that counsel were unable to resolve these issues.

      As mentioned in our prior letter motion to this Court of even date herewith, the relevant facts are as follows:

      David Taub and Marc Taub testified under the designation of "Confidential" (pursuant to a Stipulation and Order entered by this Court) that since the termination by Marchesi Di Barolo, they had engaged in discussions with several other suppliers as an attempt to mitigate Palm Bay's damages. The Taubs identified these suppliers and specifically testified that no agreements had been or could be reached because these suppliers advised the Taubs that they were already under contract with other importers. One of the suppliers identified by the Taubs was Fontanafredda. The reason for the "Confidential" designation during the Taubs' deposition was to protect the Taubs against claims from competitors that the Taubs were interfering with their contracts and also to prevent competitors from trying to interfere with the Taubs' attempts to obtain new brands.

**ETTELMAN & HOCHHEISER, P.C.**
ATTORNEYS AT LAW

Honorable E. Thomas Boyle
November 16, 2009
Page 2

      We believe that Rachel Pontikes of the Duane Morris firm utilized this confidential information in violation of the Stipulation and Order entered by this Court by contacting the importer of Fontanafredda as is evidenced by the attached e-mail (Exhibit A). Significantly, Ms. Pontikes admits that she contacted Palm Bay's competitor, Domaine Select. Ms. Pontikes asserts she got this information from a third party and did not violate the Confidentiality Stipulation and Order. The fact that this "third party" is her client, and her client alleges to have received this information from unnamed sources speaks volumes. So too does the fact that instead of contacting the supplier, Fontanafredda, Ms. Pontikes decided to contact Palm Bay's competitor. In addition, Ms. Pontikes does not deny that she asked Palm Bay's competitor to confirm that Fontanafredda was pulling the brand from them and awarding it to Palm Bay. The result of this improper contact was that the Taubs had to explain to an irate Fontanafredda why there were rumors in the market that they were getting the Fontanafredda brands – thereby likely killing any potential business opportunities the Taubs might have had in the future, and now have a competitor convinced that the Taubs are interfering with their contractual relations.

      Indeed, even if Ms. Pontikes believed that this information was no longer confidential because it was somehow "public knowledge" (even though it was not) her recourse was to contest the designation of the confidential portion of the transcript, rather than unilaterally communicating this information to a third party competitor of Palm Bay. Instead, Ms. Pontikes, under the guise of this litigation, interfered in the business relationship between a supplier and its importer causing Palm Bay significant harm.

      The reason for the request for a protective order at this point is that in this Court's order of September 30, 2009, which denied most of Defendant's motion to compel discovery, the Court ordered that the Taubs depositions would have to be continued for the limited purpose of *answering three questions* related to other agency agreements which the Taubs may have with other suppliers. As the Court recognized in its order of September 30, 2009 wherein it directed the responses be made under an "Attorneys Eyes Only" designation, this information is highly confidential. Frankly, Ms. Pontikes' admissions in her affidavit filed earlier today demonstrate that neither the existence of the Confidentiality Stipulation and Order nor the designation "Attorneys Eyes Only" will offer Plaintiffs any protection with respect to this highly confidential information, which the Court noted in its decision is "of remote relevance." Accordingly, we respectfully request that the Court issue a protective order cancelling the continued depositions of the Taubs which have been scheduled solely to answer the three questions referenced in the Court's prior order.

      Finally, we wish to advise the Court that due to their limited nature, it was agreed among counsel that the continued depositions of Marc Taub and David Taub would be

# ETTELMAN & HOCHHEISER, P.C.
## ATTORNEYS AT LAW

Honorable E. Thomas Boyle
November 16, 2009
Page 3

conducted telephonically with one immediately following the other. Thus, to the extent the Court refuses to issue the protective order requested, it is respectfully submitted that requiring the Taubs to travel from Long Island to Manhattan for such limited purpose is a significant hardship. Accordingly, we request that any continued deposition be ordered to be conducted telephonically. Also, we had scheduled these depositions for November 16, 2009 because as the President and CEO of Palm Bay Marc Taub and David Taub have very busy travel and business schedules. Indeed, Marc Taub is travelling to Italy on business and will be away from November 17 to November 20, 2009. Similarly, David Taub was available the afternoon of the 16th, but is not available due to prior business commitments on November 17, 2009. Insofar as both Marc Taub and David Taub have already each been deposed for a full day, and the continuation is both extremely limited in scope and as this Court has already noted, of "remote relevance", it is requested that should the Court deny Plaintiffs' motion for a protective order that the Court order the continued telephonic deposition to be completed by the end of the month as it is impossible for the Taubs to be present at the offices of Defendant's counsel tomorrow morning at 10:00 am. There will be absolutely no prejudice to Defendant in this regard.

It is respectfully submitted that Ms. Pontikes' admitted conduct is in violation of the Stipulation and Order entered in this action, is potentially in violation of several disciplinary rules (Rule 3.1, 3.4(c), 8.4(c) and (d)) and Fed. R. Civ. P. 37, and is also potentially tortious interference with business opportunities of the Taubs and Palm Bay. Accordingly, we ask the Court to issue a protective order cancelling the continued depositions of Marc Taub and David Taub, or in the alternative, ordering the depositions to be completed telephonically by the end of this month.

Respectfully,

Gary Ettelman, Esq.

GE/jmc

cc: Rachael Pontikes, Esq.
John Dellaportas, Esq.

# EXHIBIT A

**From:** Hughes, Courtney
**Sent:** Tuesday, November 03, 2009 12:20 PM
**To:** Domeneghetti, Allison; Domeneghetti, Paolo
**Subject:** legal inquiry re: Fontanafredda

I just received a call from an attorney who is representing Marchesi di Barolo in a commercial dispute with Palm Bay in Eastern NY. As a part of her research she has been told that Fontanafredda would be changing importers to Palm Bay (and replacing Marchesi di Barolo) and she called here to verify. I said that I didn't have any knowledge to that effect.

She said she was calling to gather information rather than issuing a third party subpoena and that she is looking for some sort of verification from us that we are and will continue to be the importer for Fontanafredda

Please let me know if you want to speak to her (contact info below) or if you want me to respond.

Thanks,
Courtney

Rachel Pontikes
Duane Morris
312.499.6757
RGPontikes@duanemorris.com