UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB        Index No.: 09 CIV.599 (ADS)(ETB)


                 Plaintiffs,


       - against –


MARCHESI DI BAROLO S.P.A.,

                 Defendant.
--------------------------------------------------------------X


**PLAINTIFFS DAVID TAUB AND MARC TAUB'S MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANT MARCHESI DI BAROLO'S
MOTION FOR DEFAULT JUDGMENT AND SANCTIONS**


Ettelman & Hochheiser, P.C.
Attorneys for Plaintiffs
100 Quentin Roosevelt Boulevard
Suite 401
Garden City, New York 11530
(516) 227-6300

Plaintiffs David S. Taub and Marc Taub (the "Taubs") respectfully submit this memorandum of law in opposition to the motion filed by Defendant Marchesi di Barolo S.p.A. ("Marchesi") seeking entry of a default judgment of dismissal with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii)-(vi).

## PRELIMINARY STATEMENT

The instant motion for default judgment and sanctions filed by Marchesi is merely a pretextual attempt by it to deflect blame from the improper conduct of its counsel in using confidential information in violation of the Confidentiality Order entered in this action to contact one of Plaintiffs' competitors, thereby spreading unsubstantiated and false rumors in the marketplace.  The transparency of this motion is disclosed by the fact that the motion fails to even recite the required factors concerning Fed. R. Civ. P. 37 sanctions, let alone analyze the Taubs' conduct pursuant to that factors.  In addition, it is also supported by the fact that the motion ignores Fed. R. Civ. 37(d), which provides that "[a] failure described in Rule 37(d)(1)(A) [to appear for a party deposition] is not excused on the ground that the discovery sought was objectionable, **unless the party failing to act has a pending motion for a protective order under Rule 26(c)."**  Had the true intent of the motion been the requested relief, instead of some other purpose, Defendant would have undertaken a careful analysis pursuant to the required factors, which includes, *inter alia*, willfullness and that the non-compliant party be warned of the consequences of its non compliance.

The fact is that Plaintiffs have filed a motion for protective order concerning the Taubs' **continued depositions** which is the proper procedure pursuant to Rule 37(d), and that was the reason the depositions were suspended.  To have proceeded otherwise would

have rendered the motion for protective order moot.  Defendant's assertion that Plaintiffs

have "disrespected" the Court, or that the Court reviewed the merits of the initial motion

for protective order, is simply not supported by the facts.  Nor is Defendant's claim that

"the Taubs failed to appear for their deposition not once or twice, but <u>four straight times</u>

and <u>in violation of two express Court Orders</u>" (Def. Br. at 4)

In fact, both David Taub and Marc Taub have each been deposed for a full day.

The depositions in issue relate to the Court's decision that the Taubs would each have to

answer <u>three questions</u> that they were directed not to answer at their initial depositions.

These three questions relate to other agency agreements that the Taubs may have entered

into with other suppliers.  (*See* Exhibit 1, Transcript, p. 7-8).

In fact, on two of the occasions referenced by Marchesi that the continued

depositions of the Taubs were scheduled, the depositions were adjourned with the

consent of Marchesi.  Neither of the requests to adjourn were "last minute."  On the other

two occasions, the Taubs had a pending motion for a protective order pending.  Thus,

despite Marchesi's hyperbole, no improper conduct has been engaged in by the Taubs,

and no sanctions are warranted.

## STATEMENT OF FACTS

On November 16, 2009, the Taubs filed a motion for protective order relating to

potential violations of the Court's protective order pertaining to confidential material.

Specifically, the Taubs alleged that counsel for Marchesi utilized information disclosed

during the Taub's depositions which was clearly designated as "confidential" in order to

contact a competing importer, and then asked the importer to confirm that it had been

terminated by its supplier and that Palm Bay International, Inc. ("Palm Bay") was going

3

to be its replacement.  (*See* Exhibit 2, Initial Motion Protective Order)  As counsel knew from the Taubs' deposition testimony, the supplier and the importer were under contract; thus such inquiry served no legitimate purpose other than to spread unsubstantiated and false rumors in the marketplace, which served to damage Palm Bay's reputation and otherwise interfered with Palm Bay's business opportunities.  Tellingly, the fact that counsel contacted the importer and not the supplier lays bare counsel's claim that the inquiry was mere "fact finding."

As a result of what the Taubs believed to be a blatant violation of the stipulation and order relating to confidentiality with respect to the previously disclosed confidential material, the Taubs filed a motion for a protective order seeking to cancel the Taubs' continued depositions on the limited issue of other agency agreements, particularly because of the highly confidential nature and remote relevance of such information.[1] (*See* Exhibit 1, Transcript, p. 7) However, on November 16, 2009 as a procedural matter, the Court initially denied the Taubs' motion "without prejudice to renewal" based on the Taubs failure to conduct a pre-motion conference with opposing counsel pursuant to Local Rule 37.3(a), and ordered the Taubs to appear the following morning at defense counsel's offices.  Immediately following the Court's ruling, the parties conducted a pre-motion conference and the Taubs renewed their motion for protective order.  (*See* Exhibit 3, Motion for Protective Order) As a result of the renewal of the motion, and so as not to render the motion moot, the Taubs postponed the continued depositions, and immediately notified Marchesi's counsel.

---

[1] On September 30, 2009, the Court ordered the Taubs to answer three questions regarding other agency agreements, but noted that such information was of "remote relevance," and should be marked attorneys' eyes only.

4

## ARGUMENT

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *see also Likver v. United Health Group Inc.*, No. 05-CV-5014 (DLI)(RER), 2008 WL 268796, at *2 (E.D.N.Y. Jan. 30, 2008) ("Federal courts give strong preference to deciding cases on the merits.")

In particular, a district court relies on several factors when evaluating a motion for sanctions pursuant to Rule 37. These include: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." *Nieves v. City of New York,* 208 F.R.D. 531, 535 (S.D.N.Y.2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 852-54 (2d Cir.1995)). "In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). "[D]ismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–303 (2d Cir. 2009)(citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L.Ed.2d 747 (1976)).

5

In addition to the above standard, Fed. R. Civ. P. 37(d) provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *See also Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 38 (E.D.N.Y. 1998); *Yannitelli v. Navieras De Puerto Rico*, 103 F.R.D. 413, 416 n.5 (S.D.N.Y. 1984) ("Plaintiffs' only objection was that defendants refused to attend their own depositions (discussed in note 1); though this was entirely proper in light of defendants' motion for a protective order.") *Yannitelli v. Navieras De Puerto Rico*, 103 F.R.D. 413, 416 n.5 (S.D.N.Y. 1984).

In this case, the continued depositions of Marc and David Taub were suspended pending the Court's ruling on the Taubs motion for protective order.[2]  For those continued depositions to have proceeded prior to the Court ruling on the protective order would have rendered the motion moot.  It is simply outrageous for Defendant to assert the Taubs have violated the Court Order, when the Court specifically ruled that the initial motion was denied "without prejudice to renewal." This is why immediately after the Court's ruling, the Taubs conducted a pre-motion conference with defense counsel (the reason for the initial denial) and refiled their motion the same day the Court issued its initial decision, which was prior to the date the Court ordered the Taubs to attend at defense counsel's offices.  There simply was no "willfulness," nor "bad faith," as is

---

[2] Defendant's discussion concerning the Taubs' commute from Long Island to Defense Counsel's office in Times Square is irrelevant as the depositions were not suspended for that reason, but rather due to the pending motion for protective order.  However, due to the extremely limited scope of the continued depositions the parties had previously agreed to conduct the depositions by telephone to avoid additional time and expense. The Taubs respectfully request that to the extent their protective order is not granted, the agreement to continue the deposition telephonically be enforced.

6

required to sustain any sanction.  Should the Court deny Plaintiffs' motion for protective

order, the Taubs' depositions will proceed expeditiously.

## <u>CONCLUSION</u>

Accordingly, because Plaintiffs followed the correct procedure pursuant to Fed.

R. Civ. P. 37(d) by filing a motion for protective order, and because Defendants have

failed to demonstrate willfulness or bad faith, Plaintiffs respectfully request that the Court

deny the instant motion for default judgment.

Dated: Garden City, New York
     November 30, 2009

                                    ETTELMAN & HOCHHEISER, P.C.


                                By:_____/s/_____
                                     Gary Ettelman (GE-9315)
                                Attorneys for Plaintiff
                                100 Quentin Roosevelt Blvd., Suite 401
                                Garden City, New York 11530
                                (516) 227-6300