**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DAVID S. TAUB and MARC TAUB,

                   Plaintiffs,

          -against-

MARCHESI DI BAROLO S.P.A.,

                Defendant.
-------------------------------------------------------X

                                    **MEMORANDUM OF**
                                    <u>**DECISION AND ORDER**</u>
                                    09-CV-599 (ADS)(ETB)

<u>**APPEARANCES:**</u>

**Ettelman & Hochheiser, P.C.**
Attorneys for the Plaintiff
100 Quentin Roosevelt Boulevard, Suite 401
Garden City, NY 11530
        By:  Gary Ettelman, Esq.
            Suzanne Fertig, Esq., Of Counsel

**Duane Morris LLP**
Attorneys for the Defendant
1540 Broadway
New York, NY 10036
        By: Rachel G. Pontikes, Esq.
            Larry Selander, Esq.
            John Dellaportas, Esq.
            Javier Chavez , Jr., Esq.
            Christopher Petelle, Esq., Of Counsel

**SPATT, District Judge.**

On February 12, 2009, David Taub and Marc Taub ("the Plaintiffs"), officers of Palm Bay International, Inc. ("Palm Bay"), filed this lawsuit against Marchesi Di Barolo, S.p.A. ("Marchesi"), alleging damages arising from Marchesi's termination of the parties' Agency Agreement.  Eight days earlier, Marchesi commenced a separate action in an Italian court against Palm Bay.  Presently before the Court is Marchesi's motion to dismiss the complaint based on forum non conveniens and in deference to the Italian litigation.  In the alternative, Marchesi seeks to consolidate this action with a related case, Palm Bay International v. Marchesi Di Barolo, S.p.A., 09-CV-601 (ADS) (AKT) ("the Palm Bay Suit"), pending before the Court.

## I.  BACKGROUND

The Plaintiffs are officers of Palm Bay, a wine importer with corporate offices in both Florida and Long Island.  Marchesi is an Italian company that produces, bottles, and distributes Italian wines.  In 1994, Palm Bay entered into a written agreement ("the Importation Agreement") with Marchesi for the exclusive right to import Marchesi's wine in the United States.  Marchesi also entered into an Agency Agreement with the Plaintiffs whereby the Plaintiffs would act as the exclusive sales agents of Marchesi wine.

In January of 2008, Palm Bay received numerous complaints from customers concerning defective wine supplied by Marchesi.  According to Palm Bay, the wine had a "noxious smell and taste" and, in some cases, customers reported that the bottles exploded or shattered.  Palm Bay recalled the offending wine, allegedly incurring costs of $1.7 million and then sought reimbursement from Marchesi.  Marchesi alleges that it attempted to "cure" the defective product and resolve the dispute in good faith.  Nevertheless, after the parties were unable to

reach a resolution, Palm Bay deducted $650,000 from an invoice it owed to Marchesi in order to offset losses incurred as a result of the recall.  Marchesi responded by terminating the Importation Agreement and the Agency Agreement.

On February 4, 2009 Marchesi brought suit in an Italian court seeking a declaration that: (1) Terrenostre SCA ("Terrenostre"), a third party that bottled the wine, is liable for the defective wine; (2) Palm Bay's claim of $1.7 million is baseless; (3) Marchesi does not owe Palm Bay any amount in damages; and (4) in the event that the court finds for Palm Bay, Terrenostre must indemnify Marchesi.  In the present action before this Court, the Plaintiffs seek: (1) a declaratory judgment that Marchesi improperly terminated the Agency Agreement; (2) $1.5 million in damages arising from Marchesi's alleged breach of the Agency Agreement; and (3) a permanent injunction preventing Marchesi from terminating the Agency Agreement.  In the Palm Bay Suit, which is also pending before this Court, Palm Bay seeks damages of $1.7 million stemming from the defective wine and $10 million in damages arising from Marchesi's termination of the Importation Agreement.

Marchesi now seeks dismissal of the complaint based on forum non conveniens and in deference to the pending Italian litigation.  In the alternative, Marchesi requests that the Court consolidate this action with the Palm Bay Suit.

## II.  DISCUSSION

### A.  Standard - Forum Non Conveniens

The Second Circuit has outlined a three step analysis to evaluate a motion to dismiss based upon forum non conveniens.  First, a court must determine the degree of deference owed to a plaintiff's choice of forum.  <u>Iragorri v. United Tech. Corp.</u>, 274 F.3d 65, 70-72 (2d Cir.

2001).  Second, a court  must ask whether there is an adequate alternative forum.  <u>Iragorri</u>, 274

F.3d at 73.  Finally, if an adequate alternative forum exists, a court must balance the private and

public interests at stake to determine if the defendant has overcome the deference owed to the

plaintiff's choice of forum.  <u>Id.</u> at 73-75.

      "In considering these factors, the court is necessarily engaged in a comparison between

the hardships defendant would suffer through the retention of jurisdiction and the hardships the

plaintiff would suffer as the result of dismissal and the obligation to bring suit in another

country."  <u>Id.</u> at 74.  Ultimately, the decision to dismiss a case based on forum non conveniens is

"committed to the district court's discretion."  <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 226 F.3d 88,

99 (2d Cir. 2000).

### 1.  The Deference Owed to the Plaintiff's Choice of Forum

      There is a strong presumption that a plaintiff has a right to choose his forum.  <u>See</u> <u>Gulf</u>

<u>Oil Corp v. Gilbert</u>, 330 U.S. 501, 509, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947).  This

presumption is particularly strong when a plaintiff has chosen to commence a lawsuit in his

home forum.  <u>Iragorri</u>, 274 F.3d at 71 (citing <u>Koster v. ( Am.) Lumbermens Mut. Cas. Co.</u>, 330

U.S. 518, 524, 67 S. Ct. 828, 91 L. Ed. 1067 (1947), and <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S.

235, 255-56, 256 n. 23, 102 S. Ct. 252 (1981)).  Accordingly, "unless the balance is strongly in

favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  <u>Gilbert</u>, 330

U.S. at 508.

      The Second Circuit has instructed courts to use a sliding scale to determine the

appropriate level of deference owed to the plaintiff's choice of forum.  Under this sliding scale,

"the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the

forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for forum non conveniens." Iragorri, 274 F.3d at 72.

Here, the Plaintiffs are New York residents and have chosen to litigate this dispute in their home forum.  As such, the Plaintiffs' choice of forum is entitled to a considerable degree of deference.

### 2.  The Adequacy of the Alternative Forum

"An alternative forum is adequate if: (1) the defendants are subject to service of process there; and (2) the forum permits litigation of the subject matter of the dispute." Alfadda v. Fenn, 159 F.3d 41, 45 (2d Cir. 1998).

There is no dispute that Marchesi, an Italian company, is amenable to service of process in Italy.  With respect to whether the Italian court would allow the Plaintiffs to pursue their claims, the Plaintiffs note that they are not parties to the Italian action.  However, Marchesi counters with an affidavit from an Italian attorney, Andrea Turconi, who avers that Italian rules of civil procedure would permit the Plaintiffs to join the pending suit in Italy and pursue their claims.  Turconi Aff. ¶ 13.  Under the circumstances, the Court is satisfied that the Italian court is an adequate alternative forum.  Thus, following the Second Circuit's guidance, the Court must weigh the private and public convenience factors to determine if Marchesi can overcome the considerable deference owed to the Plaintiffs' forum choice.

### 3.  The Private and Public Convenience Factors

Where a court finds that an adequate alternative forum exists, "it must balance two sets of factors to ascertain whether the case should be adjudicated in the plaintiff's chosen forum or in

the alternative forum proposed by the defendant."  Iragorri, 274 F.3d at 73.  "The first set of

factors considered are the private interest factors-the convenience of the litigants."  Id.

However, courts are also required to consider "public interest factors."  Id. at 74.  First, the

private interest factors will be considered.  A discussion of the public interest factors will follow.

### a.  The Private Factors

The private factors include the relative ease of access to evidence, the availability of

compulsory attendance for unwilling witnesses, the cost to transport witnesses, and any other

practical considerations.  Gilbert, 330 U.S. at 508.

Marchesi argues that since the offending wine was produced in Italy, the Italian court

provides a more convenient forum.  The Plaintiffs counter that evidence concerning the

production of the wine is irrelevant because this case only concerns Marchesi's termination of

the Agency Agreement and does not turn on whether the wine was defective.  In addition, the

Plaintiffs point out that all of the financial data which would be relevant to the measure of

damages is located in the United States.  As each party has offered a colorable argument in favor

of their preferred forum, the Court finds that this factor does not decidedly favor either forum.

The parties also disagree about whether most of the key witnesses are located in New

York or Italy.  The Plaintiffs assert that all of the key witnesses are located in New York.  In

particular, they contend that witnesses who will testify concerning the agency relationship and

the damages arising out of Marchesi's termination of the Agency Agreement all live in New

York.  Marchesi counters that the "lion's share" of its witnesses are from Italy but does not

provide any further detail as to who these witnesses are or why their testimony may be

necessary.

6

"While parties are not required to submit detailed affidavits identifying witnesses they would call, they 'must provide enough information to enable the District Court to balance the parties' interests.'"  Cromer Finance Ltd. v. Berger, 158 F. Supp. 2d 347, 359 (S.D.N.Y. 2001) (quoting Piper Aircraft, 454 U.S. at 258).  Here, Marchesi has provided the Court with very limited information regarding its Italian witnesses.  On the other hand, the Plaintiffs have explained to the Court's satisfaction that there are key witnesses who reside in New York.  Accordingly, this factor weighs against dismissal.

Nevertheless, Marchesi argues that a practical consideration—namely its potential inability to implead Terrenostre in this action—weighs in favor of dismissal.  Marchesi wants to implead Terrenostre, a third party that bottled the offending wine.  The Court recognizes that a party's inability to implead a potential third party defendant is an important factor in the forum non conveniens calculus.  Piper Aircraft, 454 U.S. at 259.  However, Marchesi fails to articulate—and the Court is unable to determine—why Terrenostre cannot be impleaded here.  Since it is unclear why Marchesi would actually be unable to implead Terrenostre, the Court cannot assign great weight to this consideration.

Given that the "location of witnesses" factor tips in favor of the Plaintiffs and that all the remaining considerations appear to be neutral at best, the private interest factors on the whole do not outweigh the strong presumption in favor of the Plaintiffs' forum choice.

**b. The Public Factors**

The public convenience factors courts must consider include: (1) the administrative difficulties flowing from court congestion; (2) the interest in having local disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the

law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.  Piper Aircraft, 454 U.S. at 241 n.6.

Here, Marchesi addresses only one of these factors.  Marchesi goes on at some length to convince the Court that the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), and not New York law, will govern the parties' dispute.  The apparent implication of this discussion is that the "foreign law" factor counsels in favor of deferring to the Italian court because this Court will have some difficulty in interpreting and applying the CISG.

However, even if the Court assumes for the purposes of this motion that the CISG governs the instant dispute and further assumes that the CISG can be properly characterized as foreign law, Marchesi's argument is still unpersuasive.  Federal courts, including this Court, have had little difficulty in interpreting and applying the CISG.  See Delchi Carrier v. Rotorex Corp., 71 F.3d 1024, 1027-28 (2d Cir. 1995), Chicago Prime Packers v. Northam Food Trading, 408 F.3d 894, 898-99 (7th Cir. 2005); Genpharm Inc. v. Pliva-Lachema a.s., 361 F. Supp. 2d 49, 53-54 (E.D.N.Y. 2005) (Spatt, J).  As such, the Court does not share Marchesi's apparent concern about the potential difficulties in applying the CISG.

More importantly, this case has clear ties to the United States and to New York in particular.  The Agency Agreement was negotiated in New York.  The essential object of the Agency Agreement was to appoint the Plaintiffs as the exclusive sales agents for Marchesi wine in the United States.  As such, there is a local interest in deciding this dispute in New York.

Ultimately, neither the private nor public convenience factors outweigh the strong presumption in favor of the Plaintiffs' choice of forum.  If anything, these factors weigh in favor

of litigating this case in the United States.  Accordingly, Marchesi's motion to dismiss the

complaint on forum non conveniens grounds is denied.

**B.  Whether the Complaint Should be Dismissed in Favor of the Italian Litigation**

Generally, "[t]he mere existence of parallel foreign proceedings does not negate the

district courts' 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"

Royal and Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 92 (2d Cir.

2006) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96

S. Ct. 1236, 47 L. Ed. 2d 483 (1976)).  Indeed, "exceptional circumstances" must exist in order

to warrant dismissal in deference to a foreign action.  Royal and Sun Alliance, 466 F.3d at 93.

However, principles of international comity dictate that, under certain circumstances, a court

should "dismiss a case before it in deference to a parallel action pending in a foreign

jurisdiction."  Republic of Colombia v. Diageo North America Inc., 531 F. Supp. 2d 365, 412

(E.D.N.Y. 2007) (citing Royal and Sun Alliance, 466 F.3d at 92).

Although the Second Circuit has noted that the boundaries of international comity are

"fuzzy" and "amorphous," certain guidelines can be gleaned from the caselaw.  "In the context

of parallel proceedings in a foreign court, a district court should be guided by the principles upon

which international comity is based: the proper respect for litigation in and the courts of a

sovereign nation, fairness to litigants, and judicial efficiency."  Royal and Sun Alliance, 466

F.3d at 94 (citations omitted).  Factors that courts should consider include "the similarity of the

parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the

alternative forum, the potential prejudice to either party, the convenience of the parties, the

connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction." Id. (citations omitted).

The Court has already addressed several of these considerations in the context of Marchesi's forum non conveniens motion and need not repeat a discussion of these factors.  It suffices to note that although the Italian court appears to be an adequate alternative forum, the case has a stronger connection to the United States than to Italy.  The Court has also found that litigating the case in the United States would appear to be more convenient.  The remaining factors relevant to the question of whether to defer to the Italian Court will be addressed in turn.

**1. The Similarity of the Parties and Issues**

The greater the similarity between the parties and issues in the foreign and domestic actions, the more this factor weighs in favor of dismissal.  Caspian Inv. v. Viacom Holdings, 770 F. Supp. 880, 884 (S.D.N.Y 1991).  Here, the parties to the respective litigations are not identical as the Plaintiffs are not named in the Italian action.  Nevertheless, because the Taubs are officers of Palm Bay, Marchesi claims that the Plaintiffs and Palm Bay should be treated as similar if not identical parties.

A court in this district has recently observed that "parties are 'similar' for purposes of international comity when one party is a subsidiary of the other or one party has a substantial ownership interest in the other." Republic of Colombia, 531 F. Supp. 2d at 415 (citations omitted).  Here, Marchesi describes the Plaintiffs as "officers and/or affiliates" of Palm Bay. (Def's Mem. Supp. 3).  However, the Court has no information about the Plaintiffs' ownership interests in the company.  Without such information, the Court is unwilling to find that the Plaintiffs and Palm Bay are one and the same.

With respect to the similarity of the issues involved, the Court notes that the Italian litigation concerns only the dispute over liability and damages related to the defective wine.  In this action, the Plaintiffs seek injunctive and declaratory relief as well as damages arising from Marchesi's termination of the Agency Agreement.  Although these issues are related, they are not so similar as to counsel in favor of dismissing the case in deference to the Italian litigation.

**2.  The Temporal Sequence of the Filings**

Marchesi argues that this factor weighs in favor of dismissal because it commenced the Italian litigation eight days before Palm Bay filed suit in New York.  It is true that courts generally defer to the first-filed action.  See Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc., 949 F. Supp. 1123,1128 (S.D.N.Y. 1997) (deferring to foreign litigation that was commenced one and a half years prior to domestic action); Advantage Intern. Mgmt., Inc. v. Martinez, 93-CV-6227, 1994 WL 482114, at *3 (S.D.N.Y. Sep. 7, 1994) (deferring to foreign litigation that was commenced three years before domestic action); Continental Time Corp. v. Swiss Credit Bank, 543 F. Supp. 408, 410 (S.D.N.Y. 1982) (deferring to foreign litigation that was commenced six months prior to domestic action).  In this case, however, Palm Bay filed only eight days after Marchesi.  There is also no indication that the Italian litigation has reached a more advanced stage than this action.  Accordingly, this factor is accorded only minimal weight.

**3.  Prejudice to the Parties**

Marchesi contends that allowing this case to go forward would be unfair because:  (1) it may not be able to implead Terrenostre; and (2) there is a possibility of inconsistent rulings.  The Court has already noted that Marchesi has failed to offer a compelling argument for why it

would be unable to implead Terrenostre so this consideration carries no weight in the Court's analysis.  In addition, although this case and the Italian litigation concern related issues, the cases are not so similar as to create a risk of inconsistent rulings.

In sum, Marchesi has failed to show that "exceptional circumstances," justifying a dismissal exist in this case.  Under the circumstances, it would be unreasonable to dismiss the complaint and force the Plaintiffs to leave their home forum and pursue their claims in Italy.  Accordingly, the Court finds that dismissing the complaint in deference to the pending Italian litigation is not appropriate.

## C.  Whether this Case Should be Consolidated with the Palm Bay Suit

Fed. R. Civ. P. 42(a) permits a court to consolidate separate actions that involve common questions of law and fact.  Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990).  In deciding whether consolidation is appropriate, courts balance the risk that consolidation will cause prejudice against considerations of judicial economy and the possibility of inconsistent rulings.  Franco v. Ideal Mortg. Bankers, Ltd., No. 07-CV-3956, 2009 WL 3150320, at *6 (E.D.N.Y. Sep. 28, 2009) (citing Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir.1985)).  Ultimately, "'[t]he decision to consolidate for trial lies within the discretion' of the court."  Franco, No. 07-CV-3956, 2009 WL 3150320, at *6 (quoting In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998)).  Here, Marchesi contends that the Court should consolidate this action with the Palm Bay suit.  The Court agrees.

The Plaintiffs believe it would more appropriate to consolidate the two actions for discovery purposes only.  However, as the Plaintiffs acknowledge, the two actions: have a common defendant; have many of the same witnesses and evidence; and are being litigated by

the same law firms.  (Pls'. Mem. Supp. 18).  The Court also notes that the cases share a common nucleus of operative facts in that they both arise out of contracts governing the business relationship between Palm Bay and Marchesi.  Ultimately, consolidating these two actions for all purposes would not only be more convenient for the parties and their witnesses, it would also promote judicial economy.  Accordingly, the Court finds that the Plaintiffs' case should be consolidated with Palm Bay International, Inc v. Marchesi Di Barolo, S.p.A., 09-CV-601 (ADS)(AKT).

### III.  CONCLUSION

Marchesi's motion to dismiss the complaint is **DENIED**.  However, the Court directs that this action be consolidated with Palm Bay International, Inc v. Marchesi Di Barolo, S.p.A., 09-CV-601 (ADS)(AKT).  The cases shall be consolidated under the earlier filed case, 09-CV-599. The Clerk of the Court is directed to close the remaining action, and all papers are to be filed under 09-CV-599.  As the United States Magistrate Judge assigned to the earlier-filed case, the Court requests that the Honorable E. Thomas Boyle preside over the consolidated action. However, before the case is re-assigned to Judge Boyle, the Court requests that United States Magistrate Judge A. Kathleen Tomlinson address Marchesi's pending discovery motion in Palm Bay International, Inc v. Marchesi Di Barolo, S.p.A., 09-CV-601 (ADS)(AKT).

**SO ORDERED.**

Dated: Central Islip, New York
          December 10, 2009

                                        _____/s/ Arthur D. Spatt_____
                                           ARTHUR D. SPATT
                                        United States District Judge

13