# EXHIBIT B

AGREEMENT FOR EXCLUSIVE IMPORTATION RIGHTS

AGREEMENT made this 7th day of February 1994 between MARCHESE DI BAROLO S.p.A., Via Alba 12, Barolo, Italy doing production and business in wines hereinafter referred to as MARCHESE, and PALM BAY IMPORTS, INC., a corporation existing under the laws of the State of Florida and having its principal place of business at 100 S.E. Fifth Avenue - Suite 514 - Boca Raton, FL 33432 U.S.A. hereinafter referred to as PALM BAY ("PALM BAY").

WHEREAS:

1. MARCHESE DI BAROLO gives exclusive rights to import and distribute its wines and other products under other names to be determined, within the entire territory of the United States, Canada, Mexico and other areas to be decided.

PALM BAY agrees not to import and distribute those same types of piemontese wines that it has or will acquire from MARCHESE.

2. It is agreed that the duration of this Agreement will be five (5) years, beginning as of January 1, 1994, on condition that imports of the MARCHESE wines attain the following quantities:

```
1993 : 5000 cases
1994 : 5250 cases
1995 : 5525 cases
1996 : 5800 cases
1997 : 6100 cases
1998 : 6500 cases
```

This Agreement automatically renews each year with an increase of 5% based on the 5000 base year.

In the event of assignment of said agreement, it is understood that ASSIGNEE will accept as his first year sales requirement an average of the previous two (2) years sales results, which becomes the new base year.

3. CANCELLATION: Failure to achieve at least 90% of the annual import target will constitute grounds for the cancellation of this Agreement. In the event that in any year PALM BAY fails to sell the minimum quantity set for such year, then MARCHESE shall have the option to terminate this Agreement by giving to PALM BAY sixty (60) days written notice of termination by registered mail, provided, however, that PALM BAY shall not have within thirty (30) days after the receipt of said notice of termination, ordered a sufficient number of cases to meet the minimum provided for the preceding year. It is understood that the written notice of termination of PALM BAY shall contain the number of cases that would be necessary for PALM BAY to buy to preserve the continuation of this Agreement.

With respect to all minimum quantities set forth in this Agreement, it is further understood and agreed that in the event PALM BAY shall sell in excess of the minimum quantities in any year, such excess amount can be added to the following year, but can only be applied for the purposes of the minimum quantities for the next succeeding year.

Except in the case where one of the parties to this accord has suffered serious loss, to be determined and resolved through appropriate procedures, the cancellation of this Agreement will not constitute grounds for the claiming of indemnities or compensation for damages of any kind.

4. ACT OF GOD - FORCE MAJEURE: It is mutually understood and agreed that neither party hereto shall be held responsible for damages caused by delay or failure to perform thereunder when such delay or failure is due to fires, strikes, floods, Act of God, legal acts of the public authorities, or delays of defaults caused by public carriers which cannot reasonably be forecast or provided against.

All time periods resulting from this force majeure clause shall be added to the annual period so that the year period for determination of minimum sales for such year shall be 12 months plus the period of the time under this "Act of God - Force Majeure" clause.

5. PRICES: Purchases will be settled based on an FOB price ex-cellars to be the basis of the general export price list with prices quoted in Italian lire. The price list will be sent to the acquirer at least 30 days in advance of the date on which the prices go into effect (February of each year). Such advance notice will not be provided when one vintage is replaced by another of the same wine.

Henceforth, both parties agree to meet (or otherwise make direct contact) before the end of each November to coordinate strategies and determine the quantities to be sold in the following year.

6. SALES AND PROMOTIONS: They should be coordinated beforehand with MARCHESE DI BAROLO and PALM BAY or their designees are authorized to do anything they deem advantageous for the sale of the products.

7. PROTESTS AND CLAIMS: To be valid, a complaint must be made within 90 days of the arrival of the merchandise.

Because of possible damage to or deterioration of the wine, MARCHESE DI BAROLO will not respond to any complaint received more than one year, in the case of a red wine, or six months, in the case of a white wine, after the date of shipment of the merchandise. MARCHESE DI BAROLO will respond to such complaints provided that the wines have been stored in places suited to their

good conservation, in keeping with standard warehousing procedures.

A solution fully satisfactory to each party will be sought for each complaint with verification of the condition of the disputed merchandise at the importer's warehouse in the presence of the Cantine's technicians. The findings of that verification will serve as the basis for a mutually satisfactory resolution of the complaint.

Bottles whose contents are affected by the "scent of the cork" will be replaced.

8. PALM BAY will have the exclusive right to determine prices at which the wines will be sold...Payment for the wines received from MARCHESE must be made 100 days from date of bill of lading in Italian Lire.

MARCHESE will furnish to PALM BAY any authorization that may be required by any governmental authority.

MARCHESE shall ship the product under this Agreement only to the addresses given by PALM BAY and agrees not to make any shipments to any other firm unless authorized by PALM BAY.

9. This Agreement is a direct accord between the two parties and it cannot in any way be extended.

10. This Agreement shall be binding upon and shall inure to the benefit of the parties, their respective successors and assigns.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

PALM BAY IMPORTS, INC.

_____                   PRES
David S. Taub

_____
Witness

MARCHESE DI BAROLO

_____
Paolo Abbona

_____
Witness

ERVIN G. HIGGINS
Notary Public, State of New York
No. 24-5892750
Qualified in Queens County
Commission Expires March 30, 19 95