UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB           Cons. Case No.: 09 CV 599
                                                          09 CV 601 (ADS)(ETB)

                                  Plaintiffs,

                - against –

MARCHESI DI BAROLO S.P.A.,

                                  Defendant.
------------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.

                                  Plaintiff,

                - against –

MARCHESI DI BAROLO S.P.A.,

                                  Defendant.
------------------------------------------------------------X


## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO QUASH


                                                  Ettelman & Hochheiser, P.C.
                                                  Attorneys for Plaintiffs
                                                  100 Quentin Roosevelt Boulevard
                                                  Suite 401
                                                  Garden City, New York 11530
                                                  (516) 227-6300

**TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ............................................................................................... 1

**STANDARD OF LAW** ............................................................................................................. 3

**ARGUMENT** ............................................................................................................................ 4

    I.      PLAINTIFFS HAVE SUBSTANTIALLY LIMITED
           THE TYPES OF INFORMATION SOUGHT
           FROM WINEWAVE ............................................................................................ 4

    II.     THE INFORMATION SOUGHT BY PALM BAY IS
           RELEVANT TO MARCHESI'S COUNTERCLAIM ........................... 5

    III.    WINEWAVE HAS NOT OFFERED FACTS
           DEMONSTRATING AN UNDUE BURDEN ........................................ 6

    IV.    PLAINTIFFS ARE ATTEMPTING TO ALSO GET
           CERTAIN DOCUMENTS FROM DEFENDANT MARCHESI .......... 7

    V.     DOCUMENTS RELATED TO FONTANAFREDDA .......................... 7

**CONCLUSION** ......................................................................................................................... 8

i

**PRELIMINARY STATEMENT**

Despite numerous efforts by Plaintiffs to reach a good faith compromise, including substantially narrowing the scope of the initial subpoena, WineWave Ltd. ("WineWave") has taken an intractable position: it has refused to produce any documents or permit its President, Jack Cacciato, to be deposed. As will be described below, WineWave's position and its refusal to produce any responsive documents or agree to permit its President to be deposed lacks merit and is purely pretextual; it is part of a coordinated effort with its close business partner, namely Defendant Marchesi di Barolo ("Marchesi"), to delay the proceedings and prevent Plaintiffs from obtaining necessary documents prior to trial. In fact, Marchesi and WineWave are represented by the same counsel, namely Duane Morris[1], and enjoy a close and dependent business relationship; WineWave is Marchesi's U.S. importer, having replaced Palm Bay International ("Palm Bay") after Palm Bay was terminated by Marchesi. In addition, WineWave on several occasions has already interjected itself into this litigation by submitting affidavits in support of Marchesi, the most recent of which concerned the FontanaFredda allegations.

The main reason offered by WineWave for refusing to abide by the subpoena is that it is "busy," and has "little down time" to comply. However, while WineWave ambiguously asserts that it would take "substantial time," to gather documents, it fails to provide even a ballpark estimate as to how much time is needed or even describe the amount of production in question. The simple fact is that WineWave has been the importer for Defendant Marchesi di Barolo ("Marchesi") for less than nine months, and

---

[1] For purposes of this motion, WineWave is being represented by the Law Offices of Mitchell J. Devack. However, Duane Morris, LLP, and in particular the same attorneys from Duane Morris, are representing WineWave in *Palm Bay International v. WineWave, Ltd.*, Index No. 005946/09) (the "State Court Action").

1

its argument that document production is too "burdensome" (particularly now that Plaintiffs have substantially narrowed their request) is not supported by the facts. This "burdensome" argument is even less credible with regard to WineWave's refusal to permit Jack Cacciato, WineWave's President, to be deposed, particularly since Plaintiffs will agree to accommodate Mr. Cacciato's schedule.

In addition to asserting the "burdensome" nature of discovery, WineWave also asserts that the discovery being sought is not relevant, could be obtained from Defendant Marchesi directly, and constitutes confidential business information. Tellingly, in opposing the subpoena, WineWave simply ignores Marchesi's recently filed counterclaims and instead deceptively asserts that "the subject subpoenas seek production of materials with no apparent relevance to the *plaintiffs' claims* against Marchesi." (emphasis added). However, no mention is made by WineWave of Marchesi's recently filed counterclaim (Dckt # 110 in consolidated Palm Bay action), which alleges, *inter alia*, that Palm Bay tortiously interfered with the business relationship between Marchesi and WineWave. Certainly, the documents requested in the subpoena are relevant to the business relationship between Marchesi and WineWave, an issue made relevant not by Palm Bay, but by WineWave's business partner Marchesi.

In addition, WineWave also ignores the fact that most of the documents requested in the subpoena, particularly sales information, was generated and created by WineWave, and thus, WineWave is the appropriate party from which to seek production. Further, irrespective of whether such documents were created by WineWave, Plaintiffs have a right to verify sales figures and other documents provided by Marchesi, with third parties. In fact, Marchesi did the same thing when it subpoenaed Palm Bay's distributors and

2

even Olive Garden.  Lastly, while WineWave might have legitimate concerns regarding confidentiality, there is no reason such concerns could not be alleviated with a confidentiality order entered by the Court

Accordingly, the Court should order WineWave to produce the requested documents and order Jack Cacciato to appear for a deposition.

## STANDARD OF LAW

The burden of persuasion in a motion to quash a subpoena is borne by the movant. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 423-24 (E.D.N.Y. 2007).  "In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party."  *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003) (citing Fed. R. Civ. P. 26(b)(1)).  "Nonetheless, a court has discretion to circumscribe discovery even of relevant evidence by making 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.*

Specifically, a district court may limit '"[t]he frequency or extent of use of the discovery methods ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit....'" *Sea Tow Int'l*, 246 F.R.D. at 423-24 (E.D.N.Y. 2007) (quoting Fed. R. Civ. P. 26(b)(2)(C).

"A court may also limit discovery 'for good cause shown' and 'make any order which justice requires to protect a party or person from annoyance, embarrassment,

3

oppression, or undue burden or expense,' including 'that the ... discovery not be had.'" *Id.* "Specifically, with respect to subpoenas, pursuant to Federal Rule of Civil Procedure 45, the court may 'quash or modify [a] subpoena if it ... (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iv) subjects a person to undue burden.'" *Id.* (quoting Fed. R. Civ.P. 45(c)(3)(A)(iii) and (iv)).

## ARGUMENT

### I.  PLAINTIFFS HAVE SUBSTANTIALLY LIMITED THE TYPES OF INFORMATION SOUGHT FROM WINEWAVE

After numerous discussions with counsel for WineWave, Plaintiffs substantially limited the type of information it was seeking by way of subpoena. (*See* Exhibit A and B to Gary Ettelman Certification dated January 22, 2010)  This was done in an effort to seek a good faith resolution of these issues without having to burden the Court.  For instance, in addition to completely eliminating certain requests (i.e. all invoices, all purchase orders, etc.), Plaintiffs also reworded their requests, changing the operative language from "all documents that reflect . . ." to "documents sufficient to identify.  This had the effect of greatly reducing the amount of documents that WineWave would need to produce.  WineWave's statement that Palm Bay has requested "substantially every document relating to WineWave's relationship with Marchesi" is mere exaggeration.  Instead, Plaintiffs have now limited their requests to four categories of documents, many of which are documents that were in fact generated and created by WineWave (i.e. WineWave's correspondence with its distributors, WineWave's volume and sales figures, etc.).

(1) Documents concerning WineWave's purchase and sale of Marchesi products (Amended Document Requests nos. 1, 2, 3, 6, 8, 9);

(2)     Documents concerning WineWave's relationship with Marchesi (Amended Document Request Nos. 4, 5, 8);

(3)     Documents concerning WineWave's relationship with its distributors (Amended Documents Request No. 11); and

(4)     Documents that concern the name of "various knowledgeable sources," and the potential change of importers for the Fontannafredda product line from Domaine Select to Palm Bay (Amended Document Request Nos. 7, 10).

## II.     THE INFORMATION SOUGHT BY PALM BAY IS RELEVANT TO MARCHESI'S COUNTERCLAIM

WineWave asserts that the information sought by Palm Bay is not relevant to any of the matters presently before the Court.[2]  However, on November 8, 2009, Marchesi filed a counterclaim against Palm Bay seeking damages based on allegations of tortious interference with prospective economic advantage.  *See* Answer with Amended Counterclaim, Count IX (the "Counterclaim").  Specifically, the Counterclaim alleges that Palm Bay interfered with Marchesi's business relationship *with* WineWave and with the distributors and customers that purchase Marchesi Products *from* WineWave.[3]  As damages, Marchesi is seeking "wrongfully misappropriate[ed] business opportunities"

---

[2] WineWave's assertion that "the timing of these subpoenas suggests that their issuance was motivated [not by relevancy but] by a desire to retaliate against WineWave," (Devack Certification ¶ 11), is false and ignores the timing of the Counterclaim and the fact the subpoena was served shortly thereafter.  The simple fact is that once Marchesi filed the Counterclaim, Plaintiffs have diligently sought discovery regarding those claims, and potential damages, particularly because of the expedited trial schedule in this case.

[3] Due to the highly regulated nature of alcohol sales in the U.S., in general, Marchesi is not permitted to directly do business with wine distributors or retail accounts.  Instead, Marchesi must employ an importer, such as WineWave, who is permitted to do business with distributors.  In turn, the distributors utilized by WineWave, are permitted with do business with retail accounts.  This system is commonly referred to as a three tiered system.  *See generally Granholm v. Heald*, 544 U.S. 460, 470 (2005).

5

that belong to it and WineWave.  In particular, because Marchesi is not permitted to do business with distributors and retail establishments directly, the so-called "business opportunities" it refers to in its counterclaim, necessarily flow through WineWave, and Palm Bay has a right to seek discovery from WineWave regarding these opportunities. While WineWave would like to portray itself as merely an uninterested non-party, it has a close business relationship with Marchesi and has retained the same counsel to defend it in the State Court Action.  In addition, on multiple occasions, particularly with regard to Palm Bay's application for a preliminary injunction and motion for a protective order, WineWave submitted affidavits to the Court in support of Marchesi.  (*See* Exhibit C and D to Ettelman Certification)  Clearly WineWave is not the normal uninterested non-party. Regardless, as described above the information is directly relevant to the Counterclaim and Plaintiffs have a right to seek such discovery.

### III. WINEWAVE HAS NOT OFFERED FACTS DEMONSTRATING AN UNDUE BURDEN

The main reason offered by WineWave for refusing to abide by the subpoena is that it would suffer an undue burden.  However, despite its repeated assertions, WineWave fails to offer any actual evidence except the bald and conclusory statements of its President Jack Cacciato that it is "busy" and doesn't have time to locate documents. In particular, no evidence is given as to how many documents WineWave believes are encompassed by the subpoena, or specifically how many hours it believes it would take to locate and produce documents.  The simple fact is that WineWave has been the importer for Marchesi Products for less than nine months.  This is important for two reasons.  First, it means that there are a limited number documents that would need to be produced.  Second, it also means that the documents in WineWave's possession should

be easily accessible and should not take too much effort to locate.  The reality is that Plaintiffs' amended document requests are narrowly tailored and would not constitute an undue burden for WineWave.

In addition to asserting the burdensome nature of document production, WineWave also asserts that having its President Jack Cacciato be deposed is also an undue burden.  However, as described above, the information sought from Jack Cacciato is clearly relevant, and in addition, because Plaintiffs will agree to accommodate Mr. Cacciato's schedule, should not pose an undue burden.

### IV.   PLAINTIFFS ARE ATTEMPTING TO ALSO GET CERTAIN DOCUMENTS FROM DEFENDANT MARCHESI

WineWave asserts that the subpoena should be quashed because Plaintiffs have not attempted to get certain documents directly from Marchesi.  However, this statement is not true.  Since the filing of the Counterclaim, Plaintiffs have had discovery conferences with Marchesi and is attempting to get some of these documents from Marchesi.  (*See* Ettelman Certification ¶ 4)  At present, Marchesi has not confirmed which documents it may have in its possession.  However, due to the fact that these documents were created by WineWave, Plaintiffs believe they also have a right to get the documents from their primary source.  In addition, Plaintiffs also believe they have a right to verify the completeness and accuracy of any documents that will be provided by Marchesi with the third party that actually generated the document.

### V.   DOCUMENTS RELATED TO FONTANAFREDDA

While a majority of the documents being sought by Plaintiffs relate to the Counterclaim, the remainder of documents relate to issues concerning Fontanafredda and the affidavit submitted by WineWave President Jack Cacciato, which asserted that

7

WineWave learned from an industry source that Palm Bay would be replacing Domaine Select as Fontanafredda's U.S. importer.  Clearly, Plaintiffs have a right to seek discovery related to the affidavit submitted by Mr. Cacciato in this action.  WineWave's claims that it fears that producing such documents would subject this "industry source" to retaliation is baseless, and much like WineWave's assertion of confidential business information, can be remedied by the entering of a protective order.  However, since WineWave's attorney asserts in its motion papers that it is not in possession of any responsive documents, a protective order is largely moot.

## **CONCLUSION**

Accordingly, the Court should order WineWave to produce the requested documents and order Jack Cacciato to appear for a deposition.

Dated: Garden City, New York
       January 22, 2010

                                ETTELMAN & HOCHHEISER, P.C.

                                By:   s/
                                  Gary Ettelman (GE-9315)
                              Attorneys for Plaintiff
                              100 Quentin Roosevelt Blvd., Suite 401
                              Garden City, New York 11530
                              (516) 227-6300