# Duane Morris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
CHERRY HILL
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

RACHAEL G. PONTIKES
DIRECT DIAL: (312) 499-6757
PERSONAL FAX: 312.277.6903
E-MAIL: rgpontikes@duanemorris.com

www.duanemorris.com

March 1, 2010

The Hon. Arthur D. Spatt
United States District Court
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Taub v. Marchesi Di Barolo S.p.A.*, **Index No.:  09-CV-599**

Dear Judge Spatt:

    We represent defendant Marchesi di Barolo S.p.A ("Marchesi").  Pursuant to Your Honor's Individual Rules, we respectfully submit this letter to request a summary judgment pre-motion conference.  We attach Marchesi's Rule 56.1 and the Plaintiffs' counter-statement.

    Pursuant to an importation agreement with plaintiff Palm Bay International ("PB") and an agency agreement with plaintiffs David and Marc Taub, Marchesi exported its wines into the U.S. through PB with the Taubs acting separately as Marchesi's agents.  In 2007, Marchesi agreed to supply PB with a Moscato di Asti wine ("Moscato") which would be produced by another winery, Terranostre.  In early 2008, a select number of bottles in one lot of the Moscato, Lot 291, exhibited problems.  Out of an abundance of caution, Marchesi recommended PB recall all of Lot 291.  To replace it, Marchesi made Lot 310, which exhibited no problems, immediately available to PB.  PB paid Marchesi for both lots of wine.

    PB sold the Moscato to distributors, who in turn sold it to Darden restaurants ("Darden").  In February 2008, Darden decided to stop selling the Moscato.  PB agreed.  It cost $1.1 million for Darden to reprint its menus and training materials.  Although under no legal obligation to do so, PB paid Darden the $1.1 million reprinting costs to protect its relationship with Darden.  PB did not consult with Marchesi about its decision to pay Darden $1.1 million. From May 2008 through April 2009, PB sold over $24 million in wines to Darden, of which only $49,942 (.02%)was Marchesi's wine.

    After making the payment, PB demanded that Marchesi pay PB a total of $1.7 million, (the Darden payment and the cost of both lots).  Marchesi refused.  PB then set-off 453,000 Euro (approximately $650,000) from outstanding invoices to Marchesi; these invoices were for Marchesi wines *different* than the Moscato.  The amount PB set off is more than the cost of both lots of Moscato, as PB intended to off-set the entire $1.7 million in dispute.  With PB refusing to pay for the $650,000 invoiced to it for other, problem-free Marchesi wine it received, PB and the

DUANE MORRIS LLP

190 SOUTH LASALLE STREET, SUITE 3700     CHICAGO, IL 60603-3433     PHONE: 312.499.6700    FAX: 312.499.6701

**DuaneMorris**

Taubs were in breach of their respective agreements with Marchesi. Marchesi therefore terminated both agreements.

Based on the foregoing, Marchesi intends to move for partial summary judgment on the following grounds:

- PB's set-off was improper because PB did not set-off against the purchase orders for the Moscato, *see Gallo Wine Distribs., L.L.C. v. Niebaum-Coppola Estate Winery, L.P.*, 56 Fed. Appx. 8, 10 (2d Cir. 2003);

- PB set-off too much—$80,000 more than the cost of both lots (one of which was good wine) and their shipping;

- PB's failure to pay Marchesi's invoices is a material breach of the importation agreement, *see Arp Films, Inc. v. Marvel Entertainment Group, Inc.*, 952 F.2d 643, 649 (2d Cir. 1991);

- PB cannot require Marchesi to compensate PB for PB's $ 1.1 million payment to Darden, as that payment does not constitute proximate damages under applicable contract law and was illegal to boot, *see* 27 C.F.R. §6.12(c); *TD Waterhouse Inv. Servs., Inv. v. Integrated Fund Servs.*, Inc., No. 01 CV 8986, 2005 U.S. Dist. LEXIS 5, at *20 (S.D.N.Y. Jan. 4, 2005), *aff'd*, 145 Fed. Appx. 696 (2d Cir. 2005); *Crosstown Operating Corp. v. 8910 5th Ave. Rest., Inc.*, 191 A.D.2d 384, 384 (1st Dep't 1993);

- Damages PB seeks for "lost profits" and the Taubs seek for commissions for the Moscato issue are inherently speculative, were not in the contemplation of the parties, or were not proximately caused by the Moscato, *see Kenford Co., Inc. v. County of Erie*, 73 N.Y.2d 312, 319 (1989); *Derdiarian v. Felix Contractor Corp.*, 51 N.Y.2d 308, 314 (1980); *Calip Dairies, Inc. v. Penn Station News Corp,* 262 A.D.2d 193, 194 (1st Dep't 1999);

- PB is not entitled to attorneys' fees as they are not included in either agreement or provided for by statute, *see Coastal Power Int'l, Ltd. v. Transcontinental Capital Corp.*, 182 F.3d 163, 165 (2d Cir. 1999)*; Chapel v. Mitchell*, 84 N.Y.2d 345, 349 (1994).

Accordingly, Marchesi respectfully submits that summary judgment on the above grounds is appropriate. We thank the Court for its consideration.

Very truly yours,

/s/ Rachael G. Pontikes

cc: All counsel of record via ECF