

# ETTELMAN & HOCHHEISER, P.C.
## ATTORNEYS AT LAW

GARDEN CITY CENTER
100 QUENTIN ROOSEVELT BOULEVARD
SUITE 401
GARDEN CITY, NY 11530-4850

TEL: (516) 227-6300
FAX: (516) 227-6307
WWW.E-HLAW.COM

March 1, 2010

**VIA ECF AND FEDERAL EXPRESS**

Honorable Arthur D. Spatt
100 Federal Plaza
Central Islip, New York 11722

> Re:   **Palm Bay v. Marchesi di Barolo, S.p.A. (Case No. 09 CV 601), and
> Taub et al. v. Marchesi di Barolo, S.p.A., Cons. Case No. 09 CV 599**

Dear Judge Spatt:

Plaintiffs David S. Taub, Marc Taub, (the "Taubs") and Palm Bay International, Inc. ("Palm Bay") submit the following letter to request a pre-motion conference concerning their anticipated motion for summary judgment on the issue of liability, which will be described in more detail below. A copy of Plaintiffs' Local Rule 56.1 Statement and Defendant Marchesi di Barolo S.p.A.'s ("Marchesi") counterstatement is annexed as Exhibits A and B respectively. Counsel for Marchesi is filing a similar letter concerning its own motion for summary judgment and the parties request a joint pre-motion conference.

   *Basis for Plaintiffs' Motion for Summary Judgment*

   The Parties' Agreements

In early 1994, Palm Bay and Marchesi entered into an agreement granting Palm Bay the exclusive right to import Marchesi wine products into the United States (the "Importation Agreement"). The Importation Agreement provided for a five year initial duration, with an automatic renewal so long as Palm Bay imported more than a certain amount of Marchesi wine per year. The only termination provision provided for in the Importation Agreement was if Palm Bay failed to meet the yearly import quota.

Similarly, at or about the same period in 1994, David S. Taub and Martin Taub (the owners of Palm Bay), entered into an agency agreement with Marchesi whereby each was appointed the exclusive sales agent for Marchesi wine products in the United States (the "Agency Agreement"). Subsequently, Martin Taub assigned his rights as exclusive sales agent for Marchesi to his grandson, Marc Taub. The Agency Agreement provided for a five year initial duration, with an automatic renewal so long as the importer imported more than a certain amount of Marchesi wine per year. Like the Importation Agreement, the only termination provision provided for in the Agency Agreement was if the importer failed to meet the yearly import quota.

From 1994 to approximately January 2009, the parties conducted business pursuant to the Importation Agreement and the Agency Agreement. For each of those years, Palm Bay met the minimum yearly quota provided for in the agreements. However, on January 28, 2009, Marchesi terminated both the Importation Agreement and Agency Agreement because Palm Bay offset the price of certain unsaleable product it had previously purchased from Marchesi against other invoices payable to Marchesi when Marchesi refused to agree to reimburse Palm Bay for the product.

### Unsaleable Supply of Moscato di' Asti

In August 2008, Palm Bay submitted purchase orders for approximately 7,000 cases of Moscato di' Asti wine ("Moscato") to Marchesi with respect to a new program that the Olive Garden Restaurant chain was implementing (the "Olive Garden Program"). Marchesi understood that the Moscato was being purchased specifically for the Olive Garden Program.

Almost immediately, upon delivery of the first lots of the wine, the Moscato began to exhibit problems. Initially, many of the bottles contained cloudy sediment and particles. Then, after Palm Bay attempted to segregate the cloudy bottles, Palm Bay began to receive reports of clear bottles giving off a noxious smell and taste. After testing of the wine, and even an admission by the third party manufacturer of an equipment malfunction, Marchesi ordered a recall of the wine. At the same time the recall was issued, bottles of Moscato began exploding; and one exploded in the hand of an Olive Garden employee causing injury. As a result, Olive Garden immediately cancelled the Olive Garden Program. During the course of the next several months, after notifying Marchesi regarding the cancellation, Palm Bay removed all of the Moscato that had not been destroyed on site, from its distributors and Olive Garden restaurants and placed the wine in its warehouse for Marchesi to retrieve. In addition, Olive Garden and Palm Bay agreed to reimburse Olive Garden for costs it incurred due to the recall and the cancellation of the Olive Garden Program, particularly the cost of reprinting menus and training materials.

### Marchesi's Refusal to Reimburse for Cost of Wine

Following the Olive Garden Program cancellation and the recall of the Moscato, Palm Bay and Marchesi engaged in numerous discussions regarding Marchesi reimbursing Palm Bay for the cost of the wine (it had already paid Marchesi in full), the cost of reimbursing Olive Garden, and other costs associated with the recall. However, after more than 11 months of Marchesi delaying and refusing to reimburse Palm Bay for any amount, particularly the cost of the actual wine itself, Palm Bay decided to set-off the cost of the Moscato and associated freight charges from other outstanding amounts and notified Marchesi of the set-off on January 15, 2009. On January 28, 2009, Marchesi terminated both the Importation Agreement and Agency Agreement, almost immediately citing the set-off as its basis.

### Theories of Liability

Plaintiffs' Complaint and motion for summary judgment are predicated on breach of both the Importation Agreement and Agency Agreement, breach of the implied warranty of fitness for a particular purpose, and breach of the implied warranty for merchantability.

Respectfully yours,

/s

Gary Ettelman

cc: Judge E. Thomas Boyle (via ECF and Federal Express)
John Dellaportas (via ECF )
Racheal Pontikes (via ECF)
Javier Chavez, Jr. (via ECF)

F:\Palm Bay\Marchesi Di Barolo\Correspondence\Hon.Spatt 030110.doc