# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB                    Cons. Case No.: 09 CV 599
                                                09 CV 601 (ADS)(ETB)

                                    Plaintiffs,

             - against –

MARCHESI DI BAROLO S.P.A.,

                                    Defendant.
-----------------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.

                                    Plaintiff,

             - against –

MARCHESI DI BAROLO S.P.A.,

                                    Defendant.
-----------------------------------------------------------------X

### PLAINTIFFS' STATEMENT PURSUANT
### TO LOCAL RULE 56.1

       Plaintiffs Palm Bay International Inc. ("Palm Bay"), and David Taub and Marc Taub (the

"Taubs") respectfully submit their statement pursuant to Local Rule 56.1.

### Plaintiffs' Statement of Material Facts As To Which
### There Are No Genuine Issues To Be Tried

       1.     Pursuant to an agreement dated January 1, 1994, David S. Taub, Martin Taub, and

Marchesi di Barolo S.P.A ("Marchesi") entered into an agreement whereby Marchesi appointed

David Taub and Martin Taub as its exclusive sales agents and representatives in the United

States.  ("Agency Agreement") (Deposition of David Taub at 39-35; Exhibit 1 to Deposition of

David Taub; Deposition of Ernesto Abbona at 61-62; Affidavit of Ernesto Abbona filed

September 15, 2009, ¶ 9; Deposition of Anna Abbona at 140-141; Marchesi Answer and Counterclaim to Taub Complaint ¶ 19)

2.      The Agency Agreement was negotiated, executed and performed in the State of New York. (Deposition of David Taub; Marchesi Response to Notice to Admit ¶ 2(g))

3.      The Agency Agreement provided that it could only be terminated by Marchesi in the event that the Taubs failed to sell the minimum quantity set forth in the agreement for that year, after 90 days written notice and an opportunity to cure. (Exhibit 1 to Deposition of David Taub).

4.      In addition, the Agency Agreement also provided that "[t]his agreement is binding upon the heirs, executors and assigns of all of the parties. All the rights of the Agents arising under this Agreement revolve upon their respective designees without the prior written consent of the Manufacturer." (Exhibit 1 to Deposition of David Taub).

5.      The initial duration of the Agency Agreement was for five years with an automatic renewal provision each year as long as there was a 5% increase in sales based on the base year. (Exhibit 1 to Deposition of David Taub).

6.      David Taub and Martin Taub (and his assignee Marc Taub) have been the exclusive agents for Marchesi products in the United States from 1994 through January 2009. (Affidavit of Ernesto Abbona filed September 15, 2009, ¶ 9;) (Deposition of David Taub at 39-35; Exhibit 1 to Deposition of David Taub; Deposition of Ernesto Abbona at 61-62; Affidavit of Ernesto Abbona filed September 15, 2009, ¶ 9; Deposition of Anna Abbona at 140-141; Marchesi Answer to Taub Complaint ¶ 19; Marchesi Counterclaim to Taub Complaint ¶¶8, 92 )

7.      Martin Taub assigned his duties and rights under the Agency Agreement to Marc Taub.  (Deposition of Marc Taub at 29, 30)

2

8.    David Taub and Martin Taub (and his assignee Marc Taub) submitted invoices regarding commission to Marchesi pursuant to the Agency Agreement.  (Bates Numbered Taub 0011-0211; Bates Numbered Marchesi 0450- 0463; Counterclaim ¶ 16)

9.    Until January 2009, Marchesi paid invoices regarding commission for David Taub and Martin Taub (and his assignee Marc Taub).  (Bates Numbered Taub 0011-0211; Bates Numbered Marchesi 0450- 0463; Counterclaim ¶ 19)

10.    At no time did the Taubs fail to sell the minimum quantity as delineated in the Agency Agreement.  (Defendant's Answer with Amended Counterclaim, ¶¶25-28)

11.    Pursuant to an agreement dated February 7, 1994, Marchesi granted Palm Bay the exclusive right to import and distribute its wines within the United States (the "Importation Agreement"). (Deposition of Ernesto Abbona at 57; Exhibit 1 to Deposition of Ernesto Abbona)

12.    The Importation Agreement was negotiated, executed and performed in the State of New York.  (Deposition of David Taub; Marchesi Response to Notice to Admit ¶ 2(e))

13.    The Importation Agreement provided that it could only be terminated by Marchesi in the event that Palm Bay failed to achieve 90% of the target sales set forth in the agreement, after 60 days written notice and an opportunity to cure. (Importation Agreement, Exhibit A to Defendant's Answer)

14.    Palm Bay has been the exclusive importer for Marchesi products in the United States from 1994 through January 2009. (Defendant's Answer with Amended Counterclaim, ¶4)

15.    Pursuant to the Importation Agreement Palm Bay began importing and distributing Marchesi products into the United States and the State of New York. (Defendant's Answer with Amended Counterclaim, ¶22)

16.    At no time did Palm Bay fail to achieve 90% of the target sales as set forth in the

3

Importation Agreement. (Defendant's Answer with Amended Counterclaim, ¶¶25-28)

17.      In 2005, the Importation Agreement provided for Palm Bay to sell 10,200 cases of Marchesi Products. In fact, Palm Bay sold 19,711 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶25)

18.      In 2006, the Importation Agreement provided for Palm Bay to sell 10,700 cases of Marchesi Products. In fact, Palm Bay sold 24,459 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶26)

19.      In 2007, the Importation Agreement provided for Palm Bay to sell 11,300 cases of Marchesi Products. In fact, Palm Bay sold 27,033 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶27)

20.      In 2008, the Importation Agreement provided for Palm Bay to sell 11,800 cases of Marchesi Products. In fact, Palm Bay sold 20,053 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶28)

21.      During the last quarter of 2006 and through 2007, Olive Garden Restaurant chain (Darden Restaurants Inc.) and Palm Bay engaged in discussions relating to the sale of Moscato d'Asti wine at the Olive Garden Restaurants (the "Olive Garden"). (Deposition of Michael Petteruti at 203-205)

22.      Pursuant to these discussions, Palm Bay provided samples of Marchesi's Moscato d'Asti wine to the Olive Garden (The Darden Group). These samples were provided to Palm Bay by Marchesi. (Deposition of Michael Petteruti at 204)

23.      As a result of their discussions and based on the samples of Marchesi's Moscato d'Asti wine that Palm Bay provided to the Olive Garden (Darden Restaurants Inc.), in or about March 2007, the Olive Garden advised Palm Bay that it intended to run a wine program which

4

featured Marchesi's Moscato d'Asti wine at the 635 Olive Garden restaurants throughout New York and other areas of the United States. (Deposition of Michael Petteruti at 203-205, 218-219; Deposition of Doug Jackson at 53-55)

24.     Thereafter, Palm Bay requested that Marchesi sell Marchesi's Moscato d' Asti wine to Palm Bay to be used specifically for the Moscato d'Asti wine program that the Olive Garden intended to offer. (Defendant's Response to Plaintiff's Notice to Admit ¶2 (m); Declaration of Anna Maria Dogliani ¶ 15 at 3; Declaration of Ernesto Abbona ¶ 13 at 3; Deposition of Marc Taub at 135, lines 6-28; 143, lines 8-12; Deposition of Ernesto Abbona at 74-75)

25.     Marchesi agreed to supply Moscato d'Asti wine to Palm Bay specifically for the Olive Garden wine program. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (n); Deposition of Ernesto Abbona at 74-75; Deposition of Michael Petteruti at 230, lines10-13; Deposition of Marc Taub at 149)

26.     Because this wine was earmarked for the Olive Garden, Marchesi knew Palm Bay would then sell Marchesi's Moscato d'Asti to Palm Bay's distributors who would then sell this wine only to the Olive Garden. (Defendant's Response to Plaintiff's Notice to Admit at ¶ 2(o); Declaration of Anna Maria Dogliani ¶ 17 at 3; Declaration of Ernesto Abbona ¶ 13 at 3; Deposition of Michael Petteruti at 246, lines 1-12; Deposition of Marc Taub at 143, lines 8-12; 176, lines 23-24; Deposition of Ernesto Abbona at 74-75, 111-112)

27.     Marchesi hired a third party wine producer, Terrenostre SCA ("Terrenostre") to produce the Moscato d' Asti wine for Marchesi. (Declaration of Anna Maria Dogliani ¶ 18 at 4; Declaration of Ernesto Abbona ¶ ¶15, 18 at 3; Deposition of Ernesto Abbona at 77-78)

5

28.     The Moscato d'Asti wine to be sold by Marchesi to Palm Bay was to have a label affixed to it bearing the Marchesi di Barolo name. (Declaration of Anna Maria Dogliani ¶ 19 at 4; Deposition of Marc Taub at 143 lines 8-12)  In fact, Marchesi sent numerous sample labels to Palm Bay for approval bearing the Marchesi di Barolo name. (Bates Number MAR 1411, 1105-1109, 1363-64)

29.     On or about July 9, 2007, Marchesi provided samples of Marchesi's Moscato d' Asti wine to Palm Bay. (Defendant's Response to Plaintiff's Notice to Admit ¶2(p); Deposition of Michael Petteruti at 211-212, 215 lines 10-23; Deposition of Marc Taub at 151; Deposition of Ernesto Abbona at 89, 91; Deposition of Anna Abbona at 71)

30.     These samples of Moscato d' Asti wine met the flavor profile that the Olive Garden restaurant chain desired and were accepted by Olive Garden.  As result of these samples, Palm Bay agreed to purchase the Moscato d' Asti wine from Marchesi for the Olive Garden Restaurant chain   (Deposition of Michael Petteruti at 208, 210-214; Deposition of Ernesto Abbona at 89-91, 111-12; Deposition of Anna Abbona at 71-72)

31.     In addition, Olive Garden also approved the sample labels created and sent by Marchesi. (Deposition of Michael Petteruti at 208, 210-214)

32.     Beginning in August 2007, Palm Bay placed initial orders with Marchesi for the purchase of Marchesi's Moscato d'Asti wine and Marchesi agreed to sell and deliver approximately 15,000 cases of Marchesi's Moscato d'Asti wine for the Olive Garden wine program pursuant to those initial orders. (Declaration of Anna Maria Dogliani ¶ 24 at 4, ¶ 17 at 3; Deposition of Michael Petteruti at 224, lines 11-15; 229-232; Email from Michael Petteruti to Marchesi dated August 21, 2007; Deposition of Ernesto Abbona at 89, 107, 111-12)

33. Pursuant to the initial orders, Marchesi sold and delivered Marchesi's Moscato d' Asti wine, and Palm Bay imported such wine into the United States, and specifically into New York, for the Olive Garden wine program. (Deposition of Marc Taub at 144; Deposition of Ernesto Abbona at 111-12)

34. Marchesi first shipped 4,462 cases of Marchesi's Moscato d' Asti wine, identified as Lot No. 291 to Palm Bay in or about November 2007. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (q); Declaration of Anna Maria Dogliani ¶¶ 29, 31 at 5; Defendant's Amended Response to Interrogatories at ¶ 5)

35. Thereafter, Marchesi shipped an additional 2,300 cases of Marchesi's Moscato d' Asti wine for the Olive Garden wine program, identified as Lot No. 310, to Palm Bay in or about January 2008. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (r))

36. Palm Bay paid Marchesi pursuant to Marchesi's invoices for all of the Moscato d' Asti that Marchesi supplied to Palm Bay. (Deposition of Harish Parekh at 164 lines 7-16; Deposition of David Taub at 86 lines 11-15)

37. In late January 2008, Palm Bay received complaints from the Olive Garden and various distributors that the Moscato d' Asti wine supplied by Marchesi contained impurities. (Deposition of Michael Petteruti at 234 lines 1-13, 262 line 7; Deposition of Doug Jackson at 76; Deposition of Dennis Delaney at 35 lines 16-18; Deposition of Haresh Parekh at 157-158)

38. Specifically, the Olive Garden and various distributors complained that some bottles exhibited impurities in the form of extraneous matter present in the liquid that made the liquid cloudy. (Deposition of Michael Petteruti at 234 lines 1-13; 242-243; Deposition of Dennis Delaney at 27-30; Deposition of Marc Taub at 145-146, 153-155; Deposition of Doug Jackson at 76; Deposition of Ernesto Abbona at 92)

39.    The Olive Garden also complained that some bottles when opened exhibited a

very strong sulfuric smell. (Deposition of Dennis Delaney at 27 lines 6-10; Deposition of Marc

Taub at 153-155; Deposition of Ernesto Abbona at 92)

40.    The cloudiness of the wine indicates a contaminant in the wine such as live yeast.

(Deposition of Doug Jackson at 76)

41.    Issues with contamination in wine from live yeast are not common problems in

the wine industry. (Deposition of Doug Jackson at 77)

42.    After receiving this information, Palm Bay notified Marchesi that (i) some of the

bottles of Moscato d' Asti wine supplied by Marchesi were found broken in retail account; (ii)

some of the bottles of Moscato d' Asti wine supplied by Marchesi appeared clouded; and (iii)

some of the bottles of the Moscato d'Asti wine supplied by Marchesi had an unpleasant odor.

(Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (aa); Defendant's Response to

Plaintiff's Notice to Admit ¶ 2(y); Declaration of Anna Maria Dogliani ¶ 33 at 6;  Declaration

of Ernesto Abbona ¶ 21 at 4; Deposition of David Taub at 107-108; Deposition of Michael

Petteruti at 242 lines 1-17; Deposition of Ernesto Abbona at 91-92)

43.    Palm Bay returned some bottles of Moscato d'Asti wine to Marchesi for testing.

(Declaration of Anna Maria Dogliani ¶ 34 at 6;  Declaration of Ernesto Abbona ¶ 23 at 4;

Deposition of Michael Petteruti at 290 lines 8-11; Deposition of Ernesto Abbona at 93;

Deposition of Doug Jackson at 80)

44.    On or about February 5, 2008, Marchesi informed Palm Bay that it discovered a

defect in certain of the bottles sent back by Palm Bay to Marchesi. (Defendant's Response to

Plaintiff's Notice to Admit ¶ 2 (cc);  Declaration of Anna Maria Dogliani ¶ 40 at 7)

45.    The testing demonstrated that some of the bottles of Moscato d' Asti wine

supplied by Marchesi contained improper and inconsistent sulfur dioxide dosage during the bottling of the wine which, depending on whether the sulfur dioxide content was too high or too low, resulted in either noxious smell and taste, and or a cloudy appearance caused by continued yeast growth. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2(v); Declaration of Anna Maria Dogliani ¶¶ 40, 43, 45, 46 at 7; Declaration of Ernesto Abbona ¶ ¶24, 29 at 4-5; Deposition of David Taub at 126 lines 6-11; Deposition of Ernesto Abbona at 95-97; Deposition of Doug Jackson at 93)

46.     Terrenostre accepted responsibility for the defects in the Moscato d' Asti wine that Marchesi supplied to Palm Bay. (Deposition of Ernesto Abbona at 95)

47.     Marchesi advised Palm Bay to proceed with a recall of all of Lot 291 of Marchesi's Moscato d' Asti wine. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (dd); Declaration of Anna Maria Dogliani ¶ 51 at 8; Deposition of Michael Petteruti at 246 lines 12-23; 276-277; 283 lines 7-10; PB000410; Deposition of Ernesto Abbona at 98-99; Exhibit 4 to the Deposition of Ernesto Abbona)

48.     At or about the same time, in early February 2008, the Olive Garden and various distributors discovered and complained that bottles of the Moscato d'Asti wine supplied by Marchesi exploded while in storage, in the offices of Olive Garden employees and, at least one bottle exploded in the hand of an Olive Garden employee causing an injury. (Deposition of Michael Petteruti at 234 lines 1-13, 237 lines 5-9, 242-243, 262 line 7, 264 lines 16-22; Deposition of Dennis Delaney at 27 lines 6-10; 31-46; Deposition of Marc Taub at 145-146, 162 lines 16-19; Deposition of David Taub at 113-114; Deposition of Doug Jackson at 87-89)

49.     Thereafter, Palm Bay notified Marchesi that some of the bottles of Moscato d'Asti supplied by Marchesi had exploded while in storage and while in the hands of an Olive

Garden employee. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2(y); Deposition of
Ernesto Abbona at 105-106)

50.    On February 21, 2008, after the incident involving the injury to the Olive Garden
employee, the Olive Garden (Darden Restaurants Inc.) cancelled and terminated the Marchesi
Moscato d'Asti wine program and all orders of Marchesi's Moscato d'Asti wine as a result of
the problems it encountered with the wine and because it could not risk injury to additional
employees or customers. (Deposition of Dennis Delaney at 40 lines 7-10; 44-45; Deposition of
Michael Petteruti at 283-284; Deposition of Marc Taub at 172 lines 6-14; 189; Deposition of
David Taub at 143- 145; Deposition of Doug Jackson at 101-103,105, 107)

51.    The reason why the Olive Garden cancelled the Marchesi Moscato d'Asti wine
program and all orders of Marchesi's Moscato d'Asti wine was because the wine was
unsaleable. (Deposition of Doug Jackson at 101-103; 107)

52.    Palm Bay notified Marchesi that because Olive Garden cancelled the Marchesi
Moscato d' Asti wine program and all orders of Marchesi's Moscato d'Asti wine, Palm Bay was
cancelling all orders of Marchesi's Moscato d'Asti wine and seeking to return all Marchesi
Moscato d'Asti wine that had been delivered to Palm Bay and obtain a refund. (Deposition of
Ernesto Abbona at 106, 109, 111, 112; Deposition of Anna Abbona at 79-80)

53.    The Olive Garden advised Palm Bay that it suffered out-of-pocket losses in the
sum of approximately $1,100,000.00 as a result of the cancellation of the Marchesi Moscato d'
Asti wine program which resulted from the unsaleable wine and demanded that Palm Bay
reimburse Olive Garden for the damages Olive Garden sustained. (Deposition of Dennis
Delaney at 58, 64 lines 11-16; Deposition of Michael Petteruti at 296 lines 15-24; Deposition of
Marc Taub at 180-181; Deposition of Doug Jackson at 106)

10

54.     Palm Bay reimbursed the Olive Garden (Darden Restaurants Inc.) for the damages it sustained as a result of the defective wine in the approximate amount of $1,100,000.00. (Deposition of Harish Parekh at 156 lines 10-14; Deposition of Michael Petteruti at 295-297; Deposition of David Taub at 157-159)

55.     Palm Bay retrieved from its distributors all of the unopened cases of Moscato d' Asti supplied by Marchesi and transferred the wine to its New Jersey warehouse. (Deposition of Dennis Delaney at 56 lines 2-4; Deposition of Michael Petteruti at 307-308, 311 lines 4-13)

56.     Palm Bay has attempted to return to Marchesi the Moscato d'Asti wine that Marchesi supplied to Palm Bay and has made the wine available to Marchesi for return at the New Jersey warehouse; however, Marchesi has not accepted the return of the wine. (Letter dated January 15, 2009 from Palm Bay to Marchesi, Bates Number MAR 57-58)

57.     On June 26, 2008, Palm Bay requested that Marchesi reimburse Palm Bay for the out of pocket expenses that Palm Bay incurred as a result of the defective wine, in the amount of $1,762,738.20. This amount included the costs paid by Palm Bay to Olive Garden for the damages Olive Garden sustained, as well as the cost of the delivered product, together with applicable shipping costs. (Letter dated June 26, 2008, Bates Number MAR 51-53)

58.     Even though Marchesi acknowledged the defect and issued a recall of the Moscato d' Asti wine that it supplied to Palm Bay, Marchesi refused to reimburse Palm Bay for any part of the losses Palm Bay sustained as a result of the cancellation of the Marchesi Moscato d' Asti wine program which resulted from defects in the Moscato d' Asti wine supplied by Marchesi. (Deposition of Marc Taub at 103-104, 186; Deposition of David Taub at 168-169)

59.     During the months following the recall and Olive Garden's termination of the

11

Marchesi Moscato d' Asti wine program, Palm Bay repeatedly attempted to work with Marchesi over the issue of reimbursement for its damages caused by the defective Moscato d'Asti supplied by Marchesi. (Deposition of Michael Petteruti at 307-309, 311; Deposition of David Taub at 178-180)

60.     These attempts included several visits to Italy by Palm Bay's senior management to meet with the ownership of Marchesi. (Deposition of Michael Petteruti at 307-309; Deposition of David Taub at 165-166; Deposition of Anna Abbona at 83-85)

61.     After months of negotiations, Marchesi refused to negotiate a return of the defective Moscato d'Asti and refused to reimburse Palm Bay for any part of the damages Palm Bay suffered, including, without limitation, the cost of the unsaleable wine, and the damages Olive Garden suffered which Palm Bay reimbursed. (Deposition of David Taub at 168-169)

62.     As a result of Marchesi's refusal to negotiate a resolution, by letter dated January 15, 2009, nearly one year after the product recall and termination of the Marchesi Moscato d'Asti wine program, Palm Bay deducted only the amount Palm Bay had paid Marchesi for the unsaleable wine and shipping costs, approximately €394,826.67, from outstanding payables to Marchesi from Palm Bay. (Letter dated January 15, 2009, From Palm Bay to Marchesi, Bates Number MAR 57-58)

63.     By letter dated January 28, 2009, Marchesi advised Palm Bay and David and Marc Taub, that Marchesi was terminating any and all contractual relationships in place between the parties, effective immediately. (Letter dated January 28, 2009 from Marchesi to Palm Bay, Bates Number MAR 65-66)

64.     The only reason set forth by Marchesi for terminating any and all contractual relationships between Marchesi, Palm Bay and the Taubs was the offset that Palm Bay deducted

12

from outstanding payables pursuant to Palm Bay's letter dated January 15, 2009. (Letter dated

January 28, 2009 from Marchesi to Palm Bay, Bates Number MAR 65-66)

      65.    It was Marchesi's intent that the letter dated January 28, 2009 was a termination

of the Agency Agreement and the Importation Agreement. (Letter dated January 28, 2009 from

Marchesi to Palm Bay, Bates Number MAR 65-66; Marchesi's Amended Counterclaim at ¶70)

Dated: Garden City, New York
       January 21, 2010

ETTELMAN & HOCHHEISER, P.C.

By: /s Gary Ettelman
     Gary Ettelman (GE-9315)
Attorneys for Plaintiffs
100 Quentin Roosevelt Blvd., Suite 401
Garden City, New York 11530
(516) 227-6300

13