# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB          Cons. Case No.: 09 CV 599
                                      09 CV 601 (ADS)(ETB)
                     Plaintiffs,

- against -

MARCHESI DI BAROLO S.P.A.,

                     Defendant.
------------------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.,

                     Plaintiff,

- against -

MARCHESI DI BAROLO S.P.A.,

                     Defendant.
------------------------------------------------------------------X

## DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT PURSUANT TO LOCAL RULE 56.1

Defendant Marchesi di Barolo S.P.A. ("Marchesi") respectfully submits its response to

Plaintiff's Statement Pursuant to Local Rule 56.1 as follows:

### Plaintiffs' Statement of Material Facts As To Which There Are No Genuine Issues To Be Tried

1.  Pursuant to an agreement dated January 1, 1994, David S. Taub, Martin Taub, and Marchesi di Barolo S.P.A ("Marchesi") entered into an agreement whereby Marchesi appointed David Taub and Martin Taub as its exclusive sales agents and representatives in the United States. ("Agency Agreement") (Deposition of David Taub at 39-35; Exhibit 1 to Deposition of David Taub; Deposition of Ernesto Abbona at 61-62; Affidavit of Ernesto Abbona filed September 15, 2009, ¶ 9; Deposition of Anna Abbona at 140-141; Marchesi Answer and Counterclaim to Taub Complaint ¶ 19)

**RESPONSE:** Deny. The reference to David Taub's deposition transcript should reflect pages 39-45, not 39-35 and on pages 39-45 there is no admissible evidence cited that Martin Taub signed the Agency Agreement; Ernesto Abbona's affidavit does not support this statement; Ernesto Abbona testified only that Paolo Abbona's signature appeared on the document shown to him at his deposition; Anna Abbona testified that she learned that there was an Agency Agreement in 2007, but does not testify as to its substance. (Deposition of Ernesto Abbona at 61-62; Deposition of Anna Abbona at 140-141).

2. The Agency Agreement was negotiated, executed and performed in the State of New York. (Deposition of David Taub; Marchesi Response to Notice to Admit ¶ 2(g))

**RESPONSE:** Deny. The citation to the deposition of David Taub has no page reference; the Response to Request to Admit 2(g) only states that Marchesi entered into a contractual relationship with Palm Bay whereby Palm Bay imported Marchesi's wines into the United States.

3. The Agency Agreement provided that it could only be terminated by Marchesi in the event that the Taubs failed to sell the minimum quantity set forth in the agreement for that year, after 90 days written notice and an opportunity to cure. (Exhibit 1 to Deposition of David Taub).

**RESPONSE:** Deny. The Agency Agreement does not provide the termination provision as characterized above.

4. In addition, the Agency Agreement also provided that "[t]his agreement is binding upon the heirs, executors and assigns of all of the parties. All the rights of the Agents arising under this Agreement revolve upon their respective designees without the prior written consent of the Manufacturer." (Exhibit 1 to Deposition of David Taub).

**RESPONSE:** Deny, insofar as the quoted language is characterized. Marchesi admits that the Agreement contains the quoted language

5.     The initial duration of the Agency Agreement was for five years with an automatic renewal provision each year as long as there was a 5% increase in sales based on the base year. (Exhibit 1 to Deposition of David Taub).

**RESPONSE:**     Deny. The above characterization of the Agency Agreement provision is inaccurate. (Exhibit 1 to the Deposition of David Taub)

6.     David Taub and Martin Taub (and his assignee Marc Taub) have been the exclusive agents for Marchesi products in the United States from 1994 through January 2009. (Affidavit of Ernesto Abbona filed September 15, 2009, ¶ 9;) (Deposition of David Taub at 39-35; Exhibit 1 to Deposition of David Taub; Deposition of Ernesto Abbona at 61-62; Affidavit of Ernesto Abbona filed September 15, 2009, ¶ 9; Deposition of Anna Abbona at 140-141; Marchesi Answer to Taub Complaint ¶ 19; Marchesi Counterclaim to Taub Complaint ¶¶ 8, 92)

**RESPONSE:**     Deny. The following citations are incorrect: The reference to David Taub's deposition transcript should reflect pages 39-45, not 39-35 and the testimony does not accurately support this statement; Exhibit 1 to the Deposition of David Taub does not corroborate this statement; Ernesto Abbona's deposition testimony at 61-62 does not corroborate this statement; Anna Abbona's deposition testimony at 140-141 does not corroborate this statement; Marchesi's Answer to the Taub Complaint at ¶ 19 does not corroborate this statement.

7. .    Martin Taub assigned his duties and rights under the Agency Agreement to Marc Taub. (Deposition of Marc Taub at 29, 30)

**RESPONSE:**     Deny. The above cited authority does not support this statement.

8.     David Taub and Martin Taub (and his assignee Marc Taub) submitted invoices regarding commission to Marchesi pursuant to the Agency Agreement. (Bates Numbered Taub 0011-0211; Bates Numbered Marchesi 0450- 0463; Counterclaim ¶ 16)

**RESPONSE:**     Deny. The statements cited demonstrate that David Taub submitted invoices to Marchesi for David and Martin Taub and for Marc Taub for commissions under the Agency Agreement.

- 3 -

9. Until January 2009, Marchesi paid invoices regarding commission for David Taub and Martin Taub (and his assignee Marc Taub). (Bates Numbered Taub 0011-0211; Bates Numbered Marchesi 0450- 0463; Counterclaim ¶ 19)

**RESPONSE:** Deny. The statements cited demonstrate that until January 2009 Marchesi paid invoices submitted by David Taub for David and Martin Taub and for Marc Taub for commissions under the Agency Agreement.

10. At no time did the Taubs fail to sell the minimum quantity as delineated in the Agency Agreement. (Defendant's Answer with Amended Counterclaim, ¶¶25-28)

**RESPONSE:** Deny. In the Answer cited, Marchesi denied ¶¶ 25-28 of the Complaint.

11. Pursuant to an agreement dated February 7, 1994, Marchesi granted Palm Bay the exclusive right to import and distribute its wines within the United States (the "Importation Agreement"). (Deposition of Ernesto Abbona at 57; Exhibit 1 to Deposition of Ernesto Abbona)

**RESPONSE:** Admit.

12. The Importation Agreement was negotiated, executed and performed in the State of New York. (Deposition of David Taub; Marchesi Response to Notice to Admit ¶ 2(e))

**RESPONSE:** Admit, but Plaintiffs failed to properly cite to the deposition testimony of David Taub in that there are no specific page references provided.

13. The Importation Agreement provided that it could only be terminated by Marchesi in the event that Palm Bay failed to achieve 90% of the target sales set forth in the agreement, after 60 days written notice and an opportunity to cure. (Importation Agreement, Exhibit A to Defendant's Answer)

**RESPONSE:** Deny. The Agreement provided that all invoices were to be paid within 100 days and if not it could result in termination of the Agreement. (Petteruti Depo. Tr. at p. 73).

14. Palm Bay has been the exclusive importer for Marchesi products in the United States from 1994 through January 2009. (Defendant's Answer with Amended Counterclaim, ¶4)

**RESPONSE:** Admit.

15. Pursuant to the Importation Agreement Palm Bay began importing and distributing Marchesi products into the United States and the State of New York. (Defendant's Answer with Amended Counterclaim, ¶22)

**RESPONSE:** Admit.

16. At no time did Palm Bay fail to achieve 90% of the target sales as set forth in the Importation Agreement. (Defendant's Answer with Amended Counterclaim, ¶¶25-28)

**RESPONSE:** Deny, insufficient authority. The cited references merely identify the total number of cases sold in each of the years 2005 through 2008 with no reference to "90% of the target sales."

17. In 2005, the Importation Agreement provided for Palm Bay to sell 10,200 cases of Marchesi Products. In fact, Palm Bay sold 19,711 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶25)

**RESPONSE:** Deny, insufficient authority. The cited reference only admits that Palm Bay sold 19,711 cases in 2005.

18. In 2006, the Importation Agreement provided for Palm Bay to sell 10,700 cases of Marchesi Products. In fact, Palm Bay sold 24,459 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶26)

**RESPONSE:** Deny, insufficient authority. The cited reference only admits that Palm Bay sold 24,459 cases in 2006.

19. In 2007, the Importation Agreement provided for Palm Bay to sell 11,300 cases of Marchesi Products. In fact, Palm Bay sold 27,033 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶27)

**RESPONSE:** Deny, insufficient authority. The cited reference only admits that Palm Bay sold 27,033 cases in 2007.

20. In 2008, the Importation Agreement provided for Palm Bay to sell 11,800 cases of Marchesi Products. In fact, Palm Bay sold 20,053 cases. (Importation Agreement, Exhibit A to Defendant's Answer; Defendant's Answer with Amended Counterclaim, ¶28)

**RESPONSE:** Deny, insufficient authority. The cited reference only admits that Palm Bay sold 20,053 cases in 2008.

21. During the last quarter of 2006 and through 2007, Olive Garden Restaurant chain (Darden Restaurants Inc.) and Palm Bay engaged in discussions relating to the sale of Moscato d'Asti wine at the Olive Garden Restaurants (the "Olive Garden"). (Deposition of Michael Petteruti at 203-205)

**RESPONSE:** Admit.

22. Pursuant to these discussions, Palm Bay provided samples of Marchesi's Moscato d'Asti wine to the Olive Garden (The Darden Group). These samples were provided to Palm Bay by Marchesi. (Deposition of Michael Petteruti at 204)

**RESPONSE:** Deny, insufficient authority. The testimony of Michael Petteruti at

the cited page only states that Palm Bay provided samples of Moscato d'Asti to Olive

Garden and that these samples came from Marchesi. Nowhere does it state that the

Moscato was "Marchesi Moscato d'Asti."

23. As a result of their discussions and based on the samples of Marchesi's Moscato d'Asti wine that Palm Bay provided to the Olive Garden (Darden Restaurants Inc.), in or about March 2007, the Olive Garden advised Palm Bay that it intended to run a wine program which featured Marchesi's Moscato d'Asti wine at the 635 Olive Garden restaurants throughout New York and other areas of the United States. (Deposition of Michael Petteruti at 203-205, 218-219; Deposition of Doug Jackson at 53-55)

**RESPONSE:** Deny. The citation to Doug Jackson's deposition testimony does not

support this statement. At the pages cited, Michael Petteruti only testifies that the

Moscato d'Asti wine would be featured at 630 (not 635) Olive Garden restaurants

throughout the United States and also does not refer to "Marchesi Moscato d'Asti."

There is no specific mention of New York in any of the citations.

24. Thereafter, Palm Bay requested that Marchesi sell Marchesi's Moscato d' Asti wine to Palm Bay to be used specifically for the Moscato d'Asti wine program that the Olive Garden intended to offer. (Defendant's Response to Plaintiff's Notice to Admit ¶2 (m); Declaration of Anna Maria Dogliani ¶ 15 at 3; Declaration of Ernesto Abbona ¶ 13 at 3; Deposition of Marc Taub at 135, lines 6-28; 143, lines 8-12; Deposition of Ernesto Abbona at 74-75)

**RESPONSE:** Deny. Marchesi denied Request to Admit 2(m); The Declaration

of Anna Maria Dogliani at ¶ 15 only states that Palm Bay requested 120,000 bottles of

wine; the Declaration of Ernesto Abbona states that in the summer of 2007 Palm Bay requested Marchesi to supply between 144,000 and 180,000 bottles to Palm Bay for Palm Bay to fill Olive Garden orders; the cite to the deposition testimony of Marc Taub bears no relevance to this statement; and the Deposition of Ernesto Abbona at pp. 74-75 states that his brother had said that their importer thought of making an offer to Olive Garden chain for a Moscato. Finally, none of the cited references refer to "Marchesi's Moscato d'Asti.

25. Marchesi agreed to supply Moscato d'Asti wine to Palm Bay specifically for the Olive Garden wine program. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (n); Deposition of Ernesto Abbona at 74-75; Deposition of Michael Petteruti at 230, lines 10-13; Deposition of Marc Taub at 149)

**RESPONSE:** Deny. Plaintiffs' citations do not support this Statement. Specifically, Marchesi's Response to Request to Admit 2(n) was denied; Ernesto Abbona only testifies that a large volume of Moscato d'Asti was to be supplied to Olive Garden; Michael Petteruti refers to an oral agreement, and the cite to Marc Taub's deposition testimony fails to corroborate this Statement.

26. Because this wine was earmarked for the Olive Garden, Marchesi knew Palm Bay would then sell Marchesi's Moscato d'Asti to Palm Bay's distributors who would then sell this wine only to the Olive Garden. (Defendant's Response to Plaintiff's Notice to Admit at ¶ 2(o); Declaration of Anna Maria Dogliani ¶ 17 at 3; Declaration of Ernesto Abbona ¶ 13 at 3; Deposition of Michael Petteruti at 246, lines 1-12; Deposition of Marc Taub at 143, lines 8-12; 176, lines 23-24; Deposition of Ernesto Abbona at 74-75, 111-112)

**RESPONSE:** Deny. Plaintiffs' citations do not support this Statement. In particular, in its Response to Plaintiffs' Request to Admit 2(o), Marchesi denied the request, admitting only that Marchesi knew Palm Bay expressed its intent to supply Moscato d'Asti to Olive Garden. The cited testimony to the depositions of Michael Petteruti, Marc Taub and Ernesto Abbona do not support this Statement in any way. The Declarations of Anna and Ernesto Abbona simply provide that they knew Palm Bay

- 7 -

needed 120,000 bottles of Moscato d'Asti for Olive Garden. Finally, none of the cited references refer to "Marchesi's Moscato d'Asti."

27. Marchesi hired a third party wine producer, Terrenostre SCA ("Terrenostre") to produce the Moscato d'Asti wine for Marchesi. (Declaration of Anna Maria Dogliani ¶ 18 at 4; Declaration of Ernesto Abbona ¶¶15, 18 at 3; Deposition of Ernesto Abbona at 77-78)

**RESPONSE:** Admit.

28. The Moscato d'Asti wine to be sold by Marchesi to Palm Bay was to have a label affixed to it bearing the Marchesi di Barolo name. (Declaration of Anna Maria Dogliani ¶ 19 at 4; Deposition of Marc Taub at 143 lines 8-12) In fact, Marchesi sent numerous sample labels to Palm Bay for approval bearing the Marchesi di Barolo name. (Bates Number MAR 1411, 1105-1109, 1363-64)

**RESPONSE:** Deny. Plaintiffs citations do not accurately support this statement.

The labeling included "Bottled in Italy *for* Marchesi di Barolo."

29. On or about July 9, 2007, Marchesi provided samples of Marchesi's Moscato d'Asti wine to Palm Bay. (Defendant's Response to Plaintiff's Notice to Admit ¶2(p); Deposition of Michael Petteruti at 211-212, 215 lines 10-23; Deposition of Marc Taub at 151; Deposition of Ernesto Abbona at 89, 91; Deposition of Anna Abbona at 71)

**RESPONSE:** Admit.

30. These samples of Moscato d' Asti wine met the flavor profile that the Olive Garden restaurant chain desired and were accepted by Olive Garden. As result of these samples, Palm Bay agreed to purchase the Moscato d' Asti wine from Marchesi for the Olive Garden Restaurant chain (Deposition of Michael Petteruti at 208, 210-214; Deposition of Ernesto Abbona at 89-91, 111-12; Deposition of Anna Abbona at 71-72)

**RESPONSE:** Admit. However, the references to the deposition testimony of

Ernesto Abbona at pages 111-112 and Anna Abbona at pages 71-72 do not support this

Statement.

31. In addition, Olive Garden also approved the sample labels created and sent by Marchesi. (Deposition of Michael Petteruti at 208, 210-214)

**RESPONSE:** Admit.

- 8 -

32. Beginning in August 2007, Palm Bay placed initial orders with Marchesi for the purchase of Marchesi's Moscato d'Asti wine and Marchesi agreed to sell and deliver approximately 15,000 cases of Marchesi's Moscato d'Asti wine for the Olive Garden wine program pursuant to those initial orders. (Declaration of Anna Maria Dogliani ¶ 24 at 4, ¶ 17 at 3; Deposition of Michael Petteruti at 224, lines 11-15; 229-232; Email from Michael Petteruti to Marchesi dated August 21, 2007; Deposition of Ernesto Abbona at 89, 107, 111-12)

**RESPONSE:** Deny. The Declaration of Anna Maria Dogliani at ¶¶17 and 24 state that there was an August 21, 2007 written order for Moscato for distribution to Olive Garden in the United States and Canada; The deposition of Michael Petteruti at p. 224 does not corroborate this statement; the Petteruti testimony at pp. 229-232 refers to an oral agreement for 15,000 cases to be provided in the first year; the August 21, 2007 email from Petteruti to Marchesi calls for an initial order of 3,500 cases to be followed by an additional 3,500 cases with "expected" annual case sales of between 12,000 and 15,000 cases; the Deposition testimony of Ernesto Abbona at pp. 89 and 107 refers to samples and an order to produce was for two batches of 3,500 cases per batch; the reference to pp. 111-112 of the Ernesto Abbona deposition bears no reference to this statement. Further, the citations do not refer to "Marchesi's Moscato d'Asti."

33. Pursuant to the initial orders, Marchesi sold and delivered Marchesi's Moscato d'Asti wine, and Palm Bay imported such wine into the United States, and specifically into New York, for the Olive Garden wine program. (Deposition of Marc Taub at 144; Deposition of Ernesto Abbona at 111-12)

**RESPONSE:** Deny. Plaintiffs citations do not support this Statement.

34. Marchesi first shipped 4,462 cases of Marchesi's Moscato d'Asti wine, identified as Lot No. 291 to Palm Bay in or about November 2007. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (q); Declaration of Anna Maria Dogliani ¶¶ 29, 31 at 5; Defendant's Amended Response to Interrogatories at ¶ 5)

**RESPONSE:** Deny. Marchesi's Response to Plaintiffs' Notice to Admit 2(q) admits that Marchesi shipped Moscato from Lot 291; there is no admission with regard to

- 9 -

the number of cases shipped. Further Anna Abbona's Declaration at the cited paragraphs references 36 bottles and 14,500 bottles from Lot 291.

35. Thereafter, Marchesi shipped an additional 2,300 cases of Marchesi's Moscato d'Asti wine for the Olive Garden wine program, identified as Lot No. 310, to Palm Bay in or about January 2008. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (r))

**RESPONSE:** Deny. Marchesi's Response to Plaintiffs' Notice to Admit 2(r) admits that Marchesi shipped Moscato from Lot 310; there is no admission with regard to the number of cases shipped.

36. Palm Bay paid Marchesi pursuant to Marchesi's invoices for all of the Moscato d'Asti that Marchesi supplied to Palm Bay. (Deposition of Harish Parekh at 164 lines 7-16; Deposition of David Taub at 86 lines 11-15)

**RESPONSE:** Admit.

37. In late January 2008, Palm Bay received complaints from the Olive Garden and various distributors that the Moscato d' Asti wine supplied by Marchesi contained impurities. (Deposition of Michael Petteruti at 234 lines 1-13, 262 line 7; Deposition of Doug Jackson at 76; Deposition of Dennis Delaney at 35 lines 16-18; Deposition of Harish Parekh at 157-158)

**RESPONSE:** Admit.

38. Specifically, the Olive Garden and various distributors complained that some bottles exhibited impurities in the form of extraneous matter present in the liquid that made the liquid cloudy. (Deposition of Michael Petteruti at 234 lines 1-13; 242-243; Deposition of Dennis Delaney at 27-30; Deposition of Marc Taub at 145-146, 153-155; Deposition of Doug Jackson at 76; Deposition of Ernesto Abbona at 92)

**RESPONSE:** Admit.

39. The Olive Garden also complained that some bottles when opened exhibited a very strong sulfuric smell. (Deposition of Dennis Delaney at 27 lines 6-10; Deposition of Marc Taub at 153-155; Deposition of Ernesto Abbona at 92)

**RESPONSE:** Admit.

40. The cloudiness of the wine indicates a contaminant in the wine such as live yeast. (Deposition of Doug Jackson at 76)

**RESPONSE:** Deny. The testimony supporting this statement is inadmissible because it requires expert testimony and Doug Jackson was not offered or qualified as an expert.

41. Issues with contamination in wine from live yeast are not common problems in the wine industry. (Deposition of Doug Jackson at 77)

**RESPONSE:** Deny. The testimony supporting this statement is inadmissible because it requires expert testimony and Doug Jackson was not offered or qualified as an expert.

42. After receiving this information, Palm Bay notified Marchesi that (i) some of the bottles of Moscato d'Asti wine supplied by Marchesi were found broken in retail account; (ii) some of the bottles of Moscato d' Asti wine supplied by Marchesi appeared clouded; and (iii) some of the bottles of the Moscato d'Asti wine supplied by Marchesi had an unpleasant odor. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (aa); Defendant's Response to Plaintiff's Notice to Admit ¶ 2(y); Declaration of Anna Maria Dogliani ¶ 33 at 6; Declaration of Ernesto Abbona ¶ 21 at 4; Deposition of David Taub at 107-108; Deposition of Michael Petteruti at 242 lines 1-17; Deposition of Ernesto Abbona at 91-92)

**RESPONSE:** Deny. The cited references do not support this Statement, specifically the term and meaning of "retail account."

43. Palm Bay returned some bottles of Moscato d'Asti wine to Marchesi for testing. (Declaration of Anna Maria Dogliani ¶ 34 at 6; Declaration of Ernesto Abbona ¶ 23 at 4; Deposition of Michael Petteruti at 290 lines 8-11; Deposition of Ernesto Abbona at 93; Deposition of Doug Jackson at 80)

**RESPONSE:** Admit.

44. On or about February 5, 2008, Marchesi informed Palm Bay that it discovered a defect in certain of the bottles sent back by Palm Bay to Marchesi. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (cc); Declaration of Anna Maria Dogliani ¶ 40 at 7)

**RESPONSE:** Deny. The cited authorities do not support the Statement. Specifically, Defendant's Response to Plaintiff's Notice to Admit 2(cc) admits that two bottles were found to have a defect and the Declaration of Anna Abbona at the cited

paragraph identified problems that Dr. Vezza found but makes no reference to informing Palm Bay.

45. The testing demonstrated that some of the bottles of Moscato d' Asti wine supplied by Marchesi contained improper and inconsistent sulfur dioxide dosage during the bottling of the wine which, depending on whether the sulfur dioxide content was too high or too low, resulted in either noxious smell and taste, and or a cloudy appearance caused by continued yeast growth. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2(v); Declaration of Anna Maria Dogliani ¶¶ 40, 43, 45, 46 at 7; Declaration of Ernesto Abbona ¶ ¶24, 29 at 4-5; Deposition of David Taub at 126 lines 6-11; Deposition of Ernesto Abbona at 95-97; Deposition of Doug Jackson at 93)

**RESPONSE:** Admit.

46. Terrenostre accepted responsibility for the defects in the Moscato d' Asti wine that Marchesi supplied to Palm Bay. (Deposition of Ernesto Abbona at 95)

**RESPONSE:** Deny. The testimony supporting this statement is inadmissible.

47. Marchesi advised Palm Bay to proceed with a recall of all of Lot 291 of Marchesi's Moscato d'Asti wine. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2 (dd); Declaration of Anna Maria Dogliani ¶ 51 at 8; Deposition of Michael Petteruti at 246 lines 12-23; 276-277; 283 lines 7-10; PB000410; Deposition of Ernesto Abbona at 98-99; Exhibit 4 to the Deposition of Ernesto Abbona)

**RESPONSE:** Deny. In its Response to Notice to Admit 2(dd), Marchesi only admitted that it advised Palm Bay to proceed with the recall of Lot 291; Michael Petteruti's testimony at p. 246 does not relate to the recall; further, none of the citations refer to "Marchesi's Moscato d'Asti."

48. At or about the same time, in early February 2008, the Olive Garden and various distributors discovered and complained that bottles of the Moscato d'Asti wine supplied by Marchesi exploded while in storage, in the offices of Olive Garden employees and, at least one bottle exploded in the hand of an Olive Garden employee causing an injury. (Deposition of Michael Petteruti at 234 lines 1-13, 237 lines 5-9, 242-243, 262 line 7, 264 lines 16-22; Deposition of Dennis Delaney at 27 lines 6-10; 31-46; Deposition of Marc Taub at 145-146, 162 lines 16-19; Deposition of David Taub at 113-114; Deposition of Doug Jackson at 87-89)

**RESPONSE:** Deny. The testimony supporting this statement is inadmissible because it contains.

49. Thereafter, Palm Bay notified Marchesi that some of the bottles of Moscato d'Asti supplied by Marchesi had exploded while in storage and while in the hands of an Olive Garden employee. (Defendant's Response to Plaintiff's Notice to Admit ¶ 2(y); Deposition of Ernesto Abbona at 105-106)

**RESPONSE:** Deny. In Response to Notice to Admit 2(y), Marchesi admits only that Palm Bay advised Marchesi that there were allegedly some exploding bottles; in his testimony at pp 105-106, Ernesto Abbona stated that the term "'exploded' is not correct."

50. On February 21, 2008, after the incident involving the injury to the Olive Garden employee, the Olive Garden (Darden Restaurants Inc.) cancelled and terminated the Marchesi Moscato d'Asti wine program and all orders of Marchesi's Moscato d'Asti wine as a result of the problems it encountered with the wine and because it could not risk injury to additional employees or customers. (Deposition of Dennis Delaney at 40 lines 7-10; 44-45; Deposition of Michael Petteruti at 283-284; Deposition of Marc Taub at 172 lines 6-14; 189; Deposition of David Taub at 143- 145; Deposition of Doug Jackson at 101-103,105, 107)

**RESPONSE:** Deny. The testimony supporting this statement is inadmissible because it contains hearsay. The cited authority does not support the statement that this was a "Marchesi Moscato d'Asti wine program" or that it was "Marchesi Moscato d'Asti wine." Further, none of the cited references support the date of February 21, 2008.

51. The reason why the Olive Garden cancelled the Marchesi Moscato d'Asti wine program and all orders of Marchesi's Moscato d'Asti wine was because the wine was unsaleable. (Deposition of Doug Jackson at 101-103; 107)

**RESPONSE:** Deny. The cited authority does not support this statement.

52. Palm Bay notified Marchesi that because Olive Garden cancelled the Marchesi Moscato d'Asti wine program and all orders of Marchesi's Moscato d'Asti wine, Palm Bay was cancelling all orders of Marchesi's Moscato d'Asti wine and seeking to return all Marchesi Moscato d'Asti wine that had been delivered to Palm Bay and obtain a refund. (Deposition of Ernesto Abbona at 106, 109, 111, 112; Deposition of Anna Abbona at 79-80)

**RESPONSE:** Deny. The cited authority does not support this Statement.

53. The Olive Garden advised Palm Bay that it suffered out-of-pocket losses in the sum of approximately $1,100,000.00 as a result of the cancellation of the Marchesi Moscato d'Asti wine program which resulted from the unsaleable wine and demanded that Palm Bay reimburse Olive Garden for the damages Olive Garden sustained. (Deposition of Dennis Delaney at 58, 64 lines 11-16; Deposition of Michael Petteruti at 296 lines 15-24; Deposition of Marc Taub at 180-181; Deposition of Doug Jackson at 106)

**RESPONSE:** Deny. The cited authorities do not support this Statement.

54. Palm Bay reimbursed the Olive Garden (Darden Restaurants Inc.) for the damages it sustained as a result of the defective wine in the approximate amount of $1,100,000.00. (Deposition of Harish Parekh at 156 lines 10-14; Deposition of Michael Petteruti at 295-297; Deposition of David Taub at 157-159)

**RESPONSE:** Deny. The cited authorities do not support this Statement. David

Taub and Michael Petteruti testify that Palm Bay paid $1.1 million to Darden for

reprinting of menus.

55. Palm Bay retrieved from its distributors all of the unopened cases of Moscato d'Asti supplied by Marchesi and transferred the wine to its New Jersey warehouse. (Deposition of Dennis Delaney at 56 lines 2-4; Deposition of Michael Petteruti at 307-308, 311 lines 4-13)

**RESPONSE:** Deny. The cited authorities make no reference to Palm Bay

retrieving unopened cases from its distributors or transferring wine to its New Jersey

warehouse. Dennis Delaney testified at page 56 of his deposition only that "all

merchandise was put together in a warehouse." The cited references to Michael

Petteruti's deposition testimony are totally unrelated to this Statement.

56. Palm Bay has attempted to return to Marchesi the Moscato d'Asti wine that Marchesi supplied to Palm Bay and has made the wine available to Marchesi for return at the New Jersey warehouse; however, Marchesi has not accepted the return of the wine. (Letter dated January 15, 2009 from Palm Bay to Marchesi, Bates Number MAR 57-58)

**RESPONSE:** Deny. The cited authority does not support this statement. The

January 15, 2009 letter from Palm Bay to Marchesi states that "the recalled Moscato

merchandise has been returned and laid in our warehouse in New Jersey. At this point

we will hold them there and wait for your further instructions."

57. On June 26, 2008, Palm Bay requested that Marchesi reimburse Palm Bay for the out of pocket expenses that Palm Bay incurred as a result of the defective wine, in the amount of $1,762,738.20. This amount included the costs paid by Palm Bay to Olive Garden for the damages Olive Garden sustained, as well as the cost of the delivered product, together with applicable shipping costs. (Letter dated June 26, 2008, Bates Number MAR 51-53)

**RESPONSE:** Deny. The cited authority does not support this statement.

58. Even though Marchesi acknowledged the defect and issued a recall of the Moscato d'Asti wine that it supplied to Palm Bay, Marchesi refused to reimburse Palm Bay for any part of the losses Palm Bay sustained as a result of the cancellation of the Marchesi Moscato d'Asti wine program which resulted from defects in the Moscato d'Asti wine supplied by Marchesi. (Deposition of Marc Taub at 103-104, 186; Deposition of David Taub at 168-169)

**RESPONSE:** Deny. The cited authorities do not support this Statement

59. During the months following the recall and Olive Garden's termination of the Marchesi Moscato d' Asti wine program, Palm Bay repeatedly attempted to work with Marchesi over the issue of reimbursement for its damages caused by the defective Moscato d'Asti supplied by Marchesi. (Deposition of Michael Petteruti at 307-309, 311; Deposition of David Taub at 178-180)

**RESPONSE:** Deny. The cited authorities do not support this statement, particularly with regard to "repeatedly attempted to work with Marchesi." Both Michael Petteruti and David Taub refer to two meetings and a few phone calls.

60. These attempts included several visits to Italy by Palm Bay's senior management to meet with the ownership of Marchesi. (Deposition of Michael Petteruti at 307-309; Deposition of David Taub at 165-166; Deposition of Anna Abbona at 83-85)

**RESPONSE:** Deny. The cited authorities do not support this statement, but rather that there was one visit to Italy by Palm Bay's senior management subsequent to the termination of the Olive Garden Moscato d'Asti program.

61.     After months of negotiations, Marchesi refused to negotiate a return of the defective Moscato d'Asti and refused to reimburse Palm Bay for any part of the damages Palm Bay suffered, including, without limitation, the cost of the unsaleable wine, and the damages Olive Garden suffered which Palm Bay reimbursed. (Deposition of David Taub at 168-169)

**RESPONSE:**     Deny. The cited authority does support this statement. David Taub's cited testimony makes no reference to months of negotiations, Marchesi's refusal to negotiate a return of defective merchandise, or unsaleable wine.

62.     As a result of Marchesi's refusal to negotiate a resolution, by letter dated January 15, 2009, nearly one year after the product recall and termination of the Marchesi Moscato d'Asti wine program, Palm Bay deducted only the amount Palm Bay had paid Marchesi for the unsaleable wine and shipping costs, approximately €394,826.67, from outstanding payables to Marchesi from Palm Bay. (Letter dated January 15, 2009, From Palm Bay to Marchesi, Bates Number MAR 57-58)

**RESPONSE:**     Deny. The cited authority does not support this statement. The January 15, 2009 letter (MAR 57-58) makes no reference to Marchesi's refusal to negotiate a resolution, nor does it refer to unsaleable wine; there was no "Marchesi Moscato d'Asti" wine program.

63.     By letter dated January 28, 2009, Marchesi advised Palm Bay and David and Marc Taub, that Marchesi was terminating any and all contractual relationships in place between the parties, effective immediately. (Letter dated January 28, 2009 from Marchesi to Palm Bay, Bates Number MAR 65-66)

**RESPONSE:**     Admit.

64.     The only reason set forth by Marchesi for terminating any and all contractual relationships between Marchesi, Palm Bay and the Taubs was the offset that Palm Bay deducted from outstanding payables pursuant to Palm Bay's letter dated January 15, 2009. (Letter dated January 28, 2009 from Marchesi to Palm Bay, Bates Number MAR 65-66)

**RESPONSE:**     Admit.

65. It was Marchesi's intent that the letter dated January 28, 2009 was a termination of the Agency Agreement and the Importation Agreement. (Letter dated January 28, 2009 from Marchesi to Palm Bay, Bates Number MAR 65-66; Marchesi's Amended Counterclaim at ¶70)

**RESPONSE:** Admit.

MARCHESI DI BAROLO, S.P.A.

By: *Rachael G. Pontikes/pjr*
Rachael G. Pontikes
Larry Selander
Christopher J. Petelle
DUANE MORRIS LLP
190 South LaSalle Street
Suite 3700
Chicago, IL 60603-3433
Tel: (312) 499-6700
Fax: (312) 499-6701
rgpontikes@duanemorris.com
lselander@duanemorris.com

*Attorneys for Defendant
Marchesi Di Barolo S.P.A.*

and
John Dellaportas
Javier Chavez, Jr.
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020
dellajo@duanemorris.com
jchavez@duanemorris.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 5, 2010, she caused a copy of the foregoing Response to Plaintiffs' Statement Pursuant to Local Rule 56.1 Notice of Deposition to be served by email on:

Gary Ettelman, Esq.
gettelman@e-hlaw.com
Joshua Stern, Esq.
jstern@e-hlaw.com
Ettelman & Hochheiser, P.C.
100 Quentin Roosevelt Boulevard
Suite 401
Garden City, New York 11530

Rachael G. Pontikes /gpa