

**ETTELMAN & HOCHHEISER, P.C.**
ATTORNEYS AT LAW

GARDEN CITY CENTER
100 QUENTIN ROOSEVELT BOULEVARD
SUITE 401
GARDEN CITY, NY 11530-4850

TEL: (516) 227-6300
FAX: (516) 227-6307
WWW.E-HLAW.COM

May 3, 2010

**VIA ECF AND FEDERAL EXPRESS**

Hon. E. Thomas Boyle
100 Federal Plaza
Central Islip, New York 11722
(631) 712-5715

    Re:    Taub et al. v. Marchesi di Barolo S.P.A. ("Marchesi")
            09 CV 599

Dear Judge Boyle:

      Plaintiffs Palm Bay International, Inc. ("Palm Bay"), David S. Taub, and Marc Taub submit the following letter motion pursuant to Fed. R. Civ. P. 26(c) for a protective order prohibiting Defendant Marchesi Di Barolo ("Marchesi") from deposing Gordon Burns ("Burns"), the Technical Director of ETS Laboratory, because the Court has already certified the case for trial and because Marchesi's disclosure of Burns and his testing of the Moscato wine occurred after discovery had closed (on April 26, 2010) and on the eve of trial, scheduled for May 17, 2010. On April 30, Defendant noticed the deposition of Burns by telephone for either May 4, 2010 or May 6, 2010. (See Exhibit 1) Pursuant to Local Rule 37.3, the parties have conferred in good faith in an attempt to resolve this dispute, but were unsuccessful.

      Plaintiffs make this motion based on the fact that Defendant has had more than ample time to inspect and test the Moscato located in Palm Bay's New Jersey Warehouse ("Warehouse"), and depose any party with regard to that Moscato. In fact, Plaintiffs' offered in its initial interrogatory responses dated July 10, 2009, that the wine was located at its warehouse and available for inspection. However, Defendant has consistently delayed any attempt to inspect the wine, and now on the eve of trial, and well beyond the discovery deadline, Defendant has disclosed and noticed that they plan to depose an employee of ETS Laboratories ("ETS"), Burns, that conducted tests on bottles Defendant took from the Warehouse. (See Exhibit 2, Production of Testing Documents) Simply stated, this is not proper.

      As a brief summary of what has transpired, Defendant was put on notice in July 2009 that the bottles of Moscato were located at the warehouse. (Exhibit 3) Specifically, Plaintiffs identified the location of the Moscato in its response to Defendant's interrogatories ("Wine that was not destroyed in connection with the product recall is currently being stored by Palm Bay either in its New York offices or in a New Jersey warehouse.) (PB's Response to Interrogatories No. 4) Yet, as a result of significant delays on Defendant's part, it was not until March 12, 2010, that Defendant actually inspected those bottles and took certain bottles into its possession.

      It is expected that Defendant will argue that any delay in inspecting the bottles was

Hon. E. Thomas Boyle
May 3, 2010
Page 2

caused by Plaintiffs. This is not true. Plaintiffs repeatedly requested that Defendant provide it with available dates for the inspection.[1] (See Exhibit 4) Furthermore, Defendant held the bottles for nearly six weeks after the inspection, until April 23, 2010, before it decided to send those bottles to ETS for testing. As recent as last week, Plaintiffs were unaware that the testing had occurred. Then on April 27, 2010, Defendants served the laboratory results from the wine taken from the Warehouse. Finally, only this past Friday, April 30, 2010, at 10:03pm, did Marchesi notify Palm Bay that it intends to take the deposition of Burns this week.[2]

Plainly stated, any attempt to take Burns' deposition is improper at this point of the case. All discovery (fact and expert) was closed by this Court on April 2, 2010.[3] The parties have submitted their pre-trial order to the Court and the case has now been certified for trial. For Defendant to only disclose laboratory results on April 23, 2010, and notice a deposition on April 30, 2010, is beyond incomprehensible, particularly since they held onto the bottles for almost 6 weeks after the inspection.

Pursuant to Fed. R. Civ. P. 26(a)(2)(c)(i), a party must make its expert disclosure at least 90 days before the date for trial. As stated above, this action has been certified for trial, and trial is set to begin on May 17, 2010. So notwithstanding that Defendants are beyond the deadlines set by this Court, and pursuant to Rule 26, Defendants were required to disclose Mr. Burns as an expert by February 17, 2010. Nevertheless, Defendants did not even see fit to disclose the identity of Burns in their Pre-trial Order, filed with this Court on April 30, 2010.

Indeed, Defendant waited more than eight months to inspect the Warehouse, then waited another six weeks to send the bottles to a testing facility. Had Defendants not delayed, Defendants could have easily provided the laboratory results and noticed the deposition within the timeframe for discovery set by this Court. Defendant's only, and implausible, excuse for this delay during the parties' Rule 37.3 conference, is it thought the action may settle so it delayed in proceeding with testing of the bottles. For Defendant to allege that it delayed nearly six weeks in testing bottles because it was anticipating a potential settlement is absurd. Instead, this is merely an eleventh hour tactic conceived at gaining an improper advantage over Plaintiffs at trial. *See Alfano v. National Geographic Channel,* No. CV 06-3511, 2007 WL 2982757, 3 (E.D.N.Y. Oct. 5, 2007) (attempting to disclose witness after the close of discovery was unfair and improper); *see also Norbrook Laboratories Ltd. v. G.C. Hanford Mfg. Co.*, 297 F.Supp.2d 463,

---

[1] Prior to consolidation of this case and prior to the adjournment of the initial trial date, which was set first for November 2009 and then January 2010, Plaintiffs objected to Defendant's attempt to inspect the wine because discovery had closed. However, once the Court adjourned the trial date and reopened discovery, Plaintiffs repeatedly requested Marchesi to provide it with dates for the inspection. Any reference to Plaintiffs' refusal to permit an inspection in October or November 2009 confuses the issue because at that point discovery was closed, and was only later reopened after the trial date was adjourned.

[2] Defendant is expected to assert that Plaintiffs used the same testing company in February 2008 (before the litigation), and therefore Plaintiff should not be surprised by the inclusion of Burns as a witness. However, at no time did Plaintiffs disclose Burns or ETS as an expert witness.

Hon. E. Thomas Boyle
May 3, 2010
Page 3

481 (N.D.N.Y. 2003) (holding that failure to timely disclose documents was not harmless and as a result testimony was stricken); *see also Pal v. New York University*, No. 06civ.5892, 2008 WL 2627614, 4 (S.D.N.Y. June 30, 2008) (holding that defendant's failure to timely disclose witness was neither justified nor harmless and as such witnesses were precluded from testifying).

      It is quite clear, that if Defendants are allowed to disclose these documents and notice a deposition a month past the close of discovery, Plaintiffs will be severely prejudiced.  *See Design Strategy, Inc. v. Davis*  469 F.3d 284, 297 (2d Cir. 2006) (holding that the prejudice resulting from a failure to disclose is "severe"); *see also In re Omeprazole Patent Litigation*, No. M-21-81, 2002 WL 287785, 4 (S.D.N.Y. February 27, 2002) (failure to timely disclose documents was prejudicial).  This is because Plaintiffs have already disclosed all of its witnesses for trial, prepared a trial strategy, and have not had ample opportunity to have an expert review the results or prepare for the deposition.  As a consequence, Plaintiffs' hereby request that the Court issue a protective order prohibiting Marchesi from deposing Burns as noticed on either May 4, 2010, or May 6, 2010.

                                                              Very truly yours,

                                                                  /s/

                                                            Gary Ettelman

cc: Counsel of Record (via ECF)