UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB                    Cons. Case No.: 09 CV 599
                                               09 CV 601 (ADS)(ETB)

                    Plaintiffs,

        - against –

MARCHESI DI BAROLO S.P.A.,

                    Defendant.
---------------------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.

                  Plaintiff,

        - against –

MARCHESI DI BAROLO S.P.A.,

                  Defendant.
---------------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW**
<u>**REGARDING DAMAGES**</u>


                                          Ettelman & Hochheiser P.C.
                                          Attorneys for Plaintiffs
                                          Garden City Center
                                          100 Quentin Roosevelt Blvd.
                                          Suite 401
                                          Garden City, New York 11530
                                          516-227-6300

**INTRODUCTION**

In its May 17, 2010, Memorandum of Decision and Order (the "Summary Judgment Decision"), the Court dismissed Counts I and II of Plaintiff Palm Bay International, Inc.'s ("Palm Bay") First Amended Complaint and all of Plaintiffs David Taub and Marc Taub's (the "Taubs") Complaint against Defendant Marchesi Di Barolo ("Marchesi"). The Court also ordered that each party submit a brief summary addressing the measure of damages they intend to seek on their respective remaining causes of action. The purpose of the following Memorandum of Law, therefore, is to provide such an overview of Palm Bay's damages to the Court.

With respect to Palm Bay (the Taub's action being dismissed in its entirety), the only remaining cause of action is Count III of the First Amended Complaint, which alleges that Marchesi's supply of Moscato d'Asti ("Moscato") wine that was specifically intended for the Olive Garden restaurant chain breached the implied warranty of merchantability as delineated in New York's Uniform Commercial Code ("U.C.C.") § 2-314. As will be described below (and as detailed in the expert report of Dennis Neier annexed as Exhibit A), damages arising from the breach of the implied warranty of merchantability include both incidental and consequential damages pursuant to U.C.C. § 2-715. These damages total approximately **$7,298,806,** and include such items as (1) the cost of the wine itself, (2) the cost of reprinting Olive Garden menu and training materials, (3) expenses incurred in the recall, and (4) lost profits associated with the cancellation of the Moscato Program by the Olive Garden. However, since Palm Bay has already deducted the cost of the defective Moscato from other payables previously outstanding, the remaining damages at issue total approximately $6.7 Million.

**SUMMARY OF DAMAGES**

I.   **THE IMPLIED WARRANTY OF MERCHANTABILITY**

Pursuant to U.C.C. § 2-314, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *See also Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 258–59, 662 N.E.2d 730, 736 (1995). A claim under U.C.C. §2-314 cannot arise unless the goods sold are not of merchantable quality. For goods to be of merchantable quality they need to be reasonably fit for their intended purpose; they need not, however, be perfect." *Saratoga Spa & Bath, Inc.*, 230 A.D.2d at 330; *McNeil & Higgins Co. v. Czarnikow-Rienda Co.*, 274 F. 397, 399 (S.D.N.Y. 1921) (Learned Hand, J.) ("[m]erchantable quality, which means a good enough delivery to pass generally under that description after full examination."); *Morris v. Nutri/System, Inc.*, 774 F. Supp. 889, 891 (D. Vt. 1991) ("A seller of food items is liable for breach of implied warranty where the food is not 'wholesome and fit for human consumption at the time of purchase.'")

In the Summary Judgment Decision the Court recognized that the Moscato was not of merchantable quality but held that there were issues of fact for trial as to whether Marchesi seasonably notified Palm Bay of its intent to cure its breach pursuant to U.C.C. § 2-508, and whether Marchesi could offer a proper cure.

II.   **DAMAGE THEORY UNDER THE UNIFORM COMMERCIAL CODE**

Damages for breach of an implied warranty of merchantability (U.C.C. § 2-314) are governed by Part 7 of Article 2 of the U.C.C. *See Master Lease Corp. v. Manhattan Limousine, Ltd.*, 177 A.D.2d 85, 88, 580 N.Y.S.2d 952, 953 (2d Dept. 1992); *Nassau*

*Suffolk White Trucks, Inc. v. Twin County Transit Mix Corp.*, 62 A.D.2d 982, 983, 403 N.Y.S.2d 322, 324-25 (2d Dept.1978).  In particular, U.C.C. § 2-711(1) provides that "[w]here the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (Section 2-612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid (a) "cover" and *have damages under the next section* as to all the goods affected whether or not they have been identified to the contract . . . ."  (Emphasis added)  The next section, namely U.C.C. § 2-712, provides that "[t]he buyer may recover from the seller as damages the difference between the cost of cover and the contract price together *with any incidental or consequential damages* as hereinafter defined (Section 2-715), but less expenses saved in consequence of the seller's breach."  (Emphasis added)

In the present case, there is no claim for "cover" damages because once Olive Garden cancelled the Moscato Program, attempting to purchase replacement Moscato elsewhere to "cover" the defective Moscato was futile because Olive Garden would not accept delivery of the new product.  Thus, Palm Bay's claimed damages are limited to incidental and consequential damages.

As defined in U.C.C. § 2-715, incidental damages include "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach." § 2-715(1).  On the other hand, consequential damages resulting from the seller's breach include (a) any loss resulting from general or particular requirements and needs of

which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) injury to person or property proximately resulting from any breach of warranty." § 2-715(2); *also Rensselaer Polytechnic Inst. v. Varian, Inc.*, 340 F. App'x 747, 750 (2d Cir. 2009) ("'Special' or 'consequential' damages, on the other hand, seek to compensate a plaintiff for additional losses (other than the value of the promised performance) that are incurred as a result of the defendant's breach.").

### III.   PALM BAY'S RECOVERABLE DAMAGES

If the jury determines that Marchesi has not provided an adequate cure (and Palm Bay's position is that any cure was futile because Olive Garden cancelled the Moscato Program, and even if it wasn't futile, no cure was actually tendered by Marchesi) and has therefore breached the implied warranty of merchantability (U.C.C. § 2-314), Palm Bay is entitled to recover all of the damages that proximately flow from Marchesi's breach. The above cited U.C.C. sections and case law provide the framework for these damages, which include the following

(1)   Lost profits associated with the Moscato Program. *See Conservancy Holdings, Ltd. v. Perma-Treat Corp.*, 126 A.D.2d 114, 118, 513 N.Y.S.2d 266, 269 (3d Dept. 1987) ("In addition, Perma-Treat was entitled to recover both incidental and consequential damages (*see,* UCC 2-715 [1], [2] ), including lost profits (*see,* UCC 2-715[2][a] )."); *Hudson Feather & Down Prods., Inc. v. Lancer Clothing Corp.*, 128 A.D.2d 674, 674, 513 N.Y.S.2d 173, 174 (2d Dept. 1987) ("Inasmuch as the rule concerning cover makes it permissive (*see,* UCC 2-712[1] ) and not mandatory (*see,* UCC 2-712[3] ), the buyer's failure to obtain similar goods because the only goods

available were at a price which was significantly higher than the contract price, does not bar its right to recover lost profits and other consequential damages (*see,* UCC 2-713; 2-715)."); *Precise-Marketing Corp. v. Simpson Paper Co.*, No. 95 CIV 5629(RJW), 1999 WL 259518, at *11 (S.D.N.Y. Apr. 30, 1999) ("While it is true that these contracts may not be enforceable since the statute of frauds generally requires that such agreements be put in writing, the Court finds no support, nor does defendant provide any, for the proposition that a plaintiff must prove that its contracts with third parties are legally enforceable to recover for lost profits.  All the law requires is that plaintiff prove it would have sold the paper had defendant not breached the alleged oral requirements contracts and that it lost measurable profits as a result.")

   (2)  Expenses incurred as a result of the recall.  *See* U.C.C. § 2-715(1).

   (3)  Settlement of any potential causes of action.  *Gambino v. United Fruit Co.*, 48 F.R.D. 28, 29 (S.D.N.Y. 1969) ("Such a warranty imposes an obligation to indemnify the warrantee for losses, including compensation awards and judgments, resulting from a breach of the warranty.")

   (4)  The actual cost of the rejected goods.  *See* U.C.C. 2-711(1) ("recovering so much of the price as has been paid.")

  In this case, the report of Palm Bay's damages expert Dennis Neier (See <u>Exhibit A</u>, Expert Report, p. 1) details the calculation of these damages.  In particular, Neier calculates that lost profits associated with the Moscato Program are **$5,498,157**.  Damages associated with the reprinting of menus and training materials for Olive Garden (which can either be classified as a settlement of claims or incidental damages) are **$1,100,000**.  Expenses incurred as a result of the recall (incidental expenses) are

**$100,000**.  Lastly, the cost of the product, which Palm Bay paid in full, was approximately **$600,649** (converted from Euros).  This amount was previously set-off from other payables due.  Accordingly, the total amount of damages sought by Palm Bay in its remaining claim is approximately **$7,298,806** (including the cost of the set-off goods).

## CONCLUSION

The foregoing Memorandum details that Palm Bay is entitled to recover approximately $7,298,806 for Marchesi's breach of the implied warranty of merchantability (U.C.C. § 2-314).

Dated: Garden City, New York
         June 1, 2010

ETTELMAN & HOCHHEISER, P.C.


By:   /s/
          Gary Ettelman (GE-9315)
     Attorneys for Plaintiffs
     100 Quentin Roosevelt Blvd., Suite 401
     Garden City, New York 11530
     (516) 227-6300