UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
PALM BAY INTERNATIONAL, INC.

                    Plaintiff/Counter-
                    Defendant,

   v.                                                                                Cons. Case Nos. CV 09 599
                                                                                 and CV 09 601 (ADS) (ETB)

MARCHESI DI BAROLO S.P.A.,

                    Defendant/Counter-
                      Plaintiff.
_____x

DAVID S. TAUB and MARC TAUB, as
Successor to MARTIN G. TAUB, deceased,

                    Plaintiffs/Counter-
                    Defendants,

   v.

MARCHESI DI BAROLO S.P.A.,

                    Defendant/Counter-
                    Plaintiff.
_____x

## DEFENDANT'S MEMORANDUM IN SUPPORT OF *IN LIMINE* MOTION TO PRECLUDE PLAINTIFF'S WITNESS MARCY WHITMAN

John Dellaportas
Javier Chavez, Jr.
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000

Rachael G. Pontikes
Larry Selander
Christopher J. Petelle
DUANE MORRIS LLP
190 South LaSalle, Suite 3700
Chicago, IL 60603
(312) 499-6700

*Attorneys for Defendant
Marchesi di Barolo, S.p.A.*

Defendant Marchesi di Barolo S.p.A. ("Marchesi") respectfully submits this memorandum of law pursuant to FRCP 37 in support of its motion *in limine* to preclude Plaintiff ("Palm Bay") witness Marcy Whitman from providing testimony or appearing at trial.

## PRELIMINARY STATEMENT

The first time Marchesi heard Marcy Whitman was going to testify at trial was the day the pretrial order was due when Palm Bay put Ms. Whitman on its final draft of its witness list. Federal Rule of Civil Procedure 26 requires a party to disclose the names of witnesses and provide timely supplemental information regarding witnesses as this information becomes known. Palm Bay failed to follow the rules—Ms. Whitman was never disclosed in any Rule 26 disclosure; Ms. Whitman was never on any of the drafts of the joint pretrial order (which still is improper). Instead, Ms. Whitman was disclosed as a witness for the *first time* the *day* the pretrial order was due.

During counsels' meet and confer, Palm Bay claimed that Ms. Whitman was properly disclosed because Ms. Whitman's name was mentioned during depositions and her name is contained on some documents which Palm Bay identified in response to Marchesi's interrogatories. This is not proper identification under the case law and the rules. Ironically, while disclosing Ms. Whitman the *day* the pretrial order was due and claiming its eleventh hour disclose was justified, Palm Bay moves to exclude a Marchesi witness on grounds that his disclosure a week before discovery closed was not soon enough. (Dkt #139). This Court should not tolerate Palm Bay's gamesmanship and should preclude Ms. Whitman from testifying or appearing at trial.

I.   **STATEMENT OF FACTS**

On April 30, 2010, the *day* the joint pretrial order was due, Palm Bay disclosed Ms. Whitman for the first time by placing her onto its final draft of its witness list. *See* Email

2

from Counsel for Palm Bay, Declaration of Rachael Pontikes ("Pontikes Decl.") dated June 28, 2010, Ex. 1. Ms. Whitman was not named in Plaintiff's Rule 26 disclosures. Pontikes Decl., Ex. 2. Ms. Whitman was not named in response to Marchesi's interrogatory seeking disclosure of all people with knowledge about the events at issue. Pontikes Decl., Ex. 3. Marchesi informed Palm Bay via letter that it objected to this surprise witness, Ms. Whitman, testifying at trial. Pontikes Decl., Ex. 4.

In response, Palm Bay claimed that it properly disclosed Ms. Whitman because she is named in documents that were identified in response to interrogatories and she was "referenced" in the depositions.

> Attached is the amended interrogatory responses. Specifically, Marcy Whitman is referenced on PB 204, 206, 214, 215, 281, 347, 387, 391, 393, 394, 397, 399, and 401. This is in addition to the references of her in the depositions.

Pontikes Decl., Ex. 5. None of these amended interrogatory responses name specifically name Ms. Whitman. Pontikes Decl., Ex. 5. As set forth below, referencing Ms. Whitman in deposition and documents does not properly disclose Ms. Whitman as a witness.

## II. PALM BAY'S VIOLATION OF RULE 26 DISCLOSURE WARRANTS PRECLUDING MARCY WHITMAN FROM TESTIFYING.

Palm Bay failed to include Ms. Whitman on its 26 disclosure. FRCP 26(a)(1)(A) provides in pertinent part:

> a party must, without awaiting a discovery request, provide to the other parties…the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

"Rule 26(a)(1)(A) requires that a party, without awaiting a discovery request, furnish the other parties to a suit with the name and contact information of 'each individual likely to have

3

discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses.'" *Pal v. N.Y. Univ.,* 2008 U.S. Dist. LEXIS 50902, at *6 (S.D.N.Y. June 3, 2008) ("I find that the issuance of a preclusion order is warranted. Accordingly, the names of the four additional witnesses disclosed by NYU on June 10, 2008, are stricken from its Rule 26(a) disclosures, and those witnesses are precluded from offering any testimony or sworn statements in this matter.") (citing rule). "<u>A party is also under an affirmative duty to supplement incomplete or incorrect disclosures with later-acquired information</u> that has not otherwise been made known to its opponent during discovery." *Alfano v. Nat'l Geographic Channel,* 2007 U.S. Dist. LEXIS 74674, at * 3 (E.D.N.Y. Oct. 5, 2007) (emphasis added) (citing Fed. R. Civ. P. 26(e)(1)).

Because Palm Bay failed to disclose Ms. Whitman pursuant to Rule 26, she is precluded from testifying at trial. "<u>Failure to satisfy these [disclosure] obligations precludes a party from using the withheld information as evidence at trial</u>." *Alfano,* 2007 U.S. Dist. LEXIS 74674, at * 3 (citing Fed. R. Civ. P. 37(c)(1)).) (emphasis added) ("For the reasons set forth above, I deny plaintiff Robert Alfano's request to amend the Joint Pretrial Order by adding the name of [witness] Gary Galli as a potential trial witness.") "In deciding whether to exercise its discretion to impose sanctions, a court should consider: '(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es];     (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Pal,* 2008 U.S. Dist. LEXIS 50902, at *6 (brackets in original) (citing *Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006)).

Ms. Whitman was not properly disclosed because her name is listed on some documents that were identified in response to interrogatories and/or her name was mentioned during a deposition. "The parties must provide the <u>specific names of the individuals</u> they might use as witnesses. It is not sufficient to identify them through the use of a collective description…The disclosure obligation is also subject to a duty to supplement, under Rule 26(e)(1)." 6-26 Moore's Federal Practice - Civil § 26.22  nn. 22, 26 (3d Ed. 20101) (emphasis added) (citing *Hernandez-Torres v. Intercontinental Trading*, 158 F.3d 43, 49-50 (1st Cir. 1998) (" The district court did not abuse its discretion. The exclusion of [witnesses] Nales and Vasquez as witnesses was harmless")).

Palm Bay failed to provide specific notice in its Rule 26(a) disclosures and in the interrogatories that Ms. Whitman was going to be a witness. Moreover, Palm Bay did not provide a supplemental Rule 26(e) disclosure where it indicated it planned to name Ms. Whitman. Plaintiff's vague and general references to documents and "depositions," are insufficient. Plaintiff has not (and cannot) explain this failure, nor is it clear what information Ms. Whitman would provide at this late juncture. Counsel for Palm Bay refused to even disclose what Ms. Whitman's testimony is going to be about. Pontikes Decl. at ¶ 7. Marchesi has, and will, suffer further prejudice by Palm Bay's eleventh hour gamesmanship because Defendant was never given an opportunity to depose Ms. Whitman and has no idea what her trial testimony will be.

Even assuming *arguendo* that Ms. Whitman's name arose during "the depositions," or on a discovery document, that is not sufficient to provide Marchesi with notice that Ms. Whitman was going to provide testimony on behalf of Plaintiff at trial. Unlike Plaintiff's cryptic and late disclosure of Ms. Whitman, Rule 26 requires a party to <u>specifically</u> name witnesses, and make

5

supplemental disclosures naming any other possible witness as soon as that information becomes apparent. As set forth above, this blatant violation of the Federal Rules warrants preclusion of Ms. Whitman.

### III. CONCLUSION

Based on the foregoing, Marchesi requests that this Court preclude Marcy Whitman from appearing or testifying.

Dated: Chicago, Illinois
June 28, 2010

                                      DUANE MORRIS LLP

                             By:  s/Rachael G. Pontikes
                                     Rachael G. Pontikes
                                     Larry Selander
                                     Christopher J. Petelle
                                     190 South LaSalle, Suite 3700
                                     Chicago, IL 60603
                                     (312) 499-6700

                                     John Dellaportas
                                     Javier Chavez, Jr.
                                     1540 Broadway
                                     New York, NY 10036
                                     (212) 692-1000
                                     Attorneys for Defendant
                                     Marchesi di Barolo, S.p.A.

DM1\2241993.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 28, 2010, she caused a copy of the foregoing **Defendant's Memorandum in Support of *In Limine* Motion to Preclude Plaintiff's Witness Marcy Whitman** to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to the below CM/ECF participant. Parties may access this filing through the Court's system.

    Gary Ettelman
    Joshua Stern, Esq.
    Suzanne Fertig
    Ettelman & Hochheiser, P.C.
    100 Quentin Roosevelt Blvd.
    Suite 401
    Garden City, NY  11530

                                                  s/Rachael G. Pontikes