UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB           Cons. Case No.: 09 CV 599
                                                                                       09 CV 601 (ADS)(ETB)

                               Plaintiffs,

                              - against –

MARCHESI DI BAROLO S.P.A.,

                               Defendant.
------------------------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.

                               Plaintiff,

                              - against –

MARCHESI DI BAROLO S.P.A.,

                               Defendant.
------------------------------------------------------------------------X

**PLAINTIFFS' RESPONSE TO MARCHESI DI
BAROLO'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
AND TESTIMONY REGARDING SETTLEMENT NEGOTIATIONS**

        Plaintiffs Palm Bay International, Inc.; David Taub; and Marc Taub, by and through their counsel, Ettelman & Hochheiser, hereby respond to the motion *in limine* to exclude evidence regarding so-called settlement negotiations submitted by Defendant Marchesi Di Barolo S.p.A. ("Marchesi"), stating the following:

        1.      The crux of Marchesi's motion is that a letter it sent to third party manufacturer Terrenostre dated April 1, 2008, which it admits was solely intended to give Terrenostre legal

notice of potential claims, must be excluded because it purportedly constitutes protected settlement negotiations pursuant to Fed. R. Evid. 408(a).  As will be described below, the strongest reason to deny this motion is the language of the letter itself; no where does the letter even hint at negotiations or settlement.  (See Dkt # 145, Exhibit 3 to Pontikes Declaration); *See Steinberg v. Obstetrics-Gynecological & Infertility Group, P.C.*, 260 F. Supp. 2d 492, 498 (D.Conn. 2003) ("We find that the Letter was not made in the course of settlement negotiations. At no time did the communications between the parties reflect their willingness to settle the dispute before the commencement of legal action.")  Rather the only reason Marchesi is seeking to exclude the letter is because it contains statements adverse to its interest in this case.

    2.    In general, Fed. R. Evid. 408 prohibits the introduction of evidence concerning "conduct or statements made in compromise negotiations regarding the claim" "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction…" Fed. R. Evid. 408(a); *Sanders v. Madison Square Garden, L.P.*, 525 F. Supp. 2d 364, 368 (S.D.N.Y. 2007).  "The primary purpose of Rule 408 is the 'promotion of the public policy favoring the compromise and settlement of disputes' that would otherwise be discouraged with the admission of such evidence." *Manko v. United States*, 87 F.3d 50, 54 (2d Cir. 1996).  Moreover, the rule expressly does not prohibit the use of such evidence for any other purpose. Fed. R. Evid. 408(b); *Starter Corp. v. Converse, Inc.,* 170 F.3d 286, 293 (2d Cir.1999).

    3.    In this case, it is clear that the statements were not made in "compromise negotiations" and do not reflect a "willingness to settle." *See Steinberg,* 260 F. Supp. 2d 498; *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 909 (2d Cir. 1997)(holding that letter not requiring party to abandon or modify suit was not an offer to settle or compromise under Rule

408); *Mendelovitz v. Adolph Coors Co.*, 693 F.2d 570, 580 (5th Cir. 1982) (letter not offering to settle or compromise any claim does not fall within Rule 408); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992) (internal citations omitted) ("Both the timing of the offer and the existence of a disputed claim are relevant to the determination.") In fact, both Ernesto Abbona (who sent the letter) and his attorney (who purports to have drafted the letter) acknowledge that the purpose of the letter was "to give notice of the claim as required under Italian law." (See Dkt # 145, Roversi Declaration ¶ 7; Ernesto Abbona Declaration ¶ 3) In particular, according to Italian attorney Roversi, Marchesi was required to give Terrenostre notice of any alleged defect within eight days from it discovering the existence of the defect. (Roversi Declaration ¶ 3) To this end, the letter was in fact late as Marchesi had notice of such defects more than eight days prior.

4.  Moreover, despite Ernesto Abbona's claim that the intent of the letter was to "initiate settlement negotiations," the actual language belies this point because the letter is silent regarding settlement. As is often the case with contract or statutory interpretation, the clearest intent of the drafter is the language of the document. *See generally Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. . .") Thus, for Marchesi to assert that the intent of the letter was something other than what is stated in the letter (to provide notice) is both absurd, as well as being irrelevant. Accordingly, the holdings in *Steinberg*, *Lightfoot*, *Mendelovitz*, and *Pierce* dictate that the Marchesi letter was not offered in settlement negotiations and is thus not entitled to exclusion under Fed. R. Evid. 408.

5.  Lastly, Marchesi seeks to exclude, on hearsay grounds, introduction of the letter

for purposes of demonstrating actual defects in Lot 310.  However, it is axiomatic that evidence is not hearsay and excludable if it is not being offered to prove the truth of the matter asserted.  See *United States v. Vallee*, 304 F. App'x 916, 919 (2d Cir. 2008) ("[T]he testimony at issue was not hearsay because it was not admitted for the truth of the matter asserted, but rather as evidence of Vallee's state of mind.").  In this case, the letter is admissible to prove a host of things other than the existence of actual defects, including the fact that Marchesi received notice of reports of exploding bottles, that the defective wine was "impossible" to market in the regular channels, and that the entire Lot 291 was withdrawn from the market.

  6. Accordingly, for the reasons stated above, the Marchesi letter dated April 1, 2008, is not subject to exclusion under Fed. R. Evid. 408 and is not hearsay.

Dated: Garden City, New York
   July 7, 2010

            ETTELMAN & HOCHHEISER, P.C.


            By:_____/s/_____
             Gary Ettelman (GE-9315)
            Attorneys for Plaintiffs
            100 Quentin Roosevelt Blvd., Suite 401
            Garden City, New York 11530
            (516) 227-6300

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 7, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record.

                ETTELMAN & HOCHHEISER, P.C.


                By:_____/s/_____
                  Gary Ettelman (GE-9315)
                Attorneys for Plaintiffs
                100 Quentin Roosevelt Blvd., Suite 401
                Garden City, New York 11530
                (516) 227-6300