UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB                    Cons. Case No.: 09 CV 599
                                               09 CV 601 (ADS)(ETB)

                                    Plaintiffs,

                - against –

MARCHESI DI BAROLO S.P.A.,

                                    Defendant.
------------------------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.

                                    Plaintiff,

                - against –

MARCHESI DI BAROLO S.P.A.,

                                    Defendant.
------------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MARCHESI'S MOTION *IN LIMINE* TO PRECLUDE
<u>MARCY WHITMAN FROM TESTIFYING AT TRIAL</u>**

                                                             Ettelman & Hochheiser, P.C.
                                                             Attorneys for Plaintiffs
                                                             100 Quentin Roosevelt Boulevard
                                                             Suite 401
                                                             Garden City, New York 11530
                                                             (516) 227-6300

## **TABLE OF CONTENTS**

    **Page**

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT ..................................................................................................................... 3

CONCLUSION .................................................................................................................. 5

**STATEMENT OF FACTS**

Marcy Whitman was disclosed numerous times throughout discovery to Defendant Marchesi as a person with knowledge of the facts involved in this case. For instance, during the deposition of Palm Bay CEO David Taub, Ms. Whitman was disclosed as the Senior Vice-President of Marketing. (See Exhibit A, David Taub Deposition, pp. 25, 28, 65, 80, 211) Ms. Whitman was also disclosed as having information related to the issue of defective bottles.

> Q. Now, when there was a problem with the Moscato, did Mr. Petteruti advise you of the problems with the Moscato?
>
> A. The problems that we've already discussed?
>
> Q. Correct. Did Mr. Petteruti –
>
> A. Cloudy bottles, bottles exploding – he started to feed back the information, as did others in the organization, because Mr. Delaney was also advised of the problems. And some of those people, whose names that I mentioned earlier, were managers who experienced the difficulty with the product in different parts of the United States.
>
> Q. And they advised you; is that right, Mr. Taub?
>
> A. They advised Mr. Petteruti, and they advised **Marcy Whitman** as well.
>
> Q. And then **Marcy Whitman** and Mr. Petteruti advised you; is that right, Mr. Taub?
>
> A. I'm not sure exactly who was in the discussion, but I'm sure my son Marc, also, was in that process. (Exhibit A, p. 135)

David Taub also testified that Ms. Whitman had knowledge regarding Palm Bay's discussions with Olive Garden.

> Q.   Okay. Who on the team spoke directly with Darden?
>
> A.   I don't know, off the top of my head.
>
> Q.   Do you know who would know?
>
> A.   Well, I assume that Michael Petteruti would know and then **Marcy Whitman** would know and Dennis Delaney would know.  (Exhibit A, pp. 142-43)

Moreover, Dennis Delaney, Senior Vice-President of Sales, also testified that Marcy Whitman had relevant information related to the defective wine.

> Q.   How many cases of wine did you have delivered to the office?
>
> A.   I had sample bottles of any -- the initial of -- any of the initial reports of cloudy bottles sent to New York, to my attention.
>
> Q.   What did you do with those sample bottles?
> . . . .
> A.   I referred them to people within our organization.
>
> Q.   Who did you refer the sample bottles to?
>
> A.   Mike Petteruti.
>
> Q.   Anyone else?
>
> A.   David Taub. It became a group of people who were aware of the issue.
>
> Q.   Who was in that group of people?
>
> A.   **Marcy Whitman**; I believe, Mr. O'Brien; Ricardo Legnaro are coming to mind.  (Exhibit B, Deposition of Dennis Delaney, pp. 28-29)

Additionally, Michael Petteruti, Senior Vice President of Palm Bay, also provided testimony that Ms. Whitman had extensive dealings with Marchesi and directly handled the brand.

> A. Well, I don't remember the – there were a number of people as time went by. **Marcy Whitman** handled the brand when she was the marketing manager. I handled it along with Marcy. Then we brought -- as our business grew, we brought in brand managers; Michael price, Hal, I can't remember his last name. We have a current brand manager. Hal, I can't remember his last name right now. It will come to me. (Exhibit C, Deposition of Michael Petteruti, p. 115)

In addition to being disclosed numerous times during depositions, Marcy Whitman was also disclosed in numerous emails (See Exhibit D) and in answers to interrogatories (Exhibit E). It is of note that the emails where Marcy Whitman's name appears are critical emails to the case, and include the August 21, 2007, email where Palm Bay placed the initial order for Marchesi products.

## ARGUMENT

Despite the fact that Marcy Whitman was the subject of deposition testimony by several witnesses, was the receipt of numerous key emails, and was disclosed by Plaintiff in answers to interrogatories, Marchesi seeks to exclude her as a witness because she was not disclosed in Plaintiffs' initial Rule 26(a) disclosures. However, Rule 26(e)(1)(A) specifically provides that a party only has a duty to supplement "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *See also Alfano v. Nat'l Geographic Channel*, No. CV 06-3511(NG)(JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007); *Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 WL 2843380, at *3 (E.D.N.Y. Sept. 1, 2009); *Gayle Martz, Inc. v. Sherpa Pet Group, LLC*, 651 F. Supp. 2d 72, 80 (S.D.N.Y. 2009)(" Here, any corrective information that GMI might have provided in supplements to its discovery

responses was at all times known to Defendants-indeed, any such supplements would be derived entirely from discovery materials that Defendants produced to GMI. Thus, GMI's not having supplemented its discovery responses caused no prejudice to Defendants, and the Court has no occasion to sanction GMI for any discovery misconduct, especially not the drastic sanction of preclusion that Defendants seek here.")

In this case, it cannot be seriously disputed that Marcy Whitman was repeatedly disclosed to Marchesi and that it knew that she possessed information relevant to the case. This is particularly important because the imposition of sanctions pursuant to Rule 37 and Rule 26(e) is both discretionary and "rarely" granted. See *Potter v. Phillips*, No. CV 03-4942 ADS JO, 2004 WL 3250122, at *2 (E.D.N.Y. Mar. 28, 2004); *Mahoney v. Keyspan Corp.,* No. CV 04-554, 2007 WL 1651853, at *1, (E.D.N.Y. June 6, 2007) (The imposition of sanctions as discretionary and district courts have generally not ordered preclusion.); *Gayle Martz, Inc. v. Sherpa Pet Group, LLC*, 651 F. Supp. 2d 72, 81 (S.D.N.Y. 2009).

Furthermore, while Marchesi asserts that Plaintiffs did not specifically name Marcy Whitman in their answers to interrogatories, but merely referenced emails where Whitman was disclosed (and these were key emails to the case), it fails to explain why it did not raise the issue during one of the numerous discovery pre-motion conferences or in its several motions to compel. Moreover, although the pre-trial Order was filed on April 30, 2010, Marchesi waited almost two months to file its motion to preclude, doing so two weeks prior to trial. During these two months, Marchesi could have either sought from Plaintiffs or from the Court, the right to take Whitman's deposition. Indeed, a similar solution was agreed to by the parties with respect to Marchesi's late disclosure of its

employee Robert Veeza, who will be deposed immediately prior to trial.  Thus, not only was Marcy Whitman properly disclosed and known to Marchesi, but it could have sought a last drastic remedy (take her deposition) and instead has brought this motion at the last minute in order to seek a tactical advantage.

## **CONCLUSION**

For all of the reasons set forth herein, it is respectfully submitted that this Court deny Defendant Marchesi's motion in *limine* to preclude Plaintiffs' witness Marcy Whitman.

Dated: Garden City, New York
July 7, 2010

                              ETTELMAN & HOCHHEISER, P.C.


                              By:          /s/
                                Gary Ettelman (GE-9315)
                              Attorneys for Plaintiffs
                              100 Quentin Roosevelt Blvd., Suite 401
                              Garden City, New York 11530
                              (516) 227-6300

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record.

                              ETTELMAN & HOCHHEISER, P.C.

                              By:      /s/
                                  Gary Ettelman (GE-9315)
                            Attorneys for Plaintiffs
                            100 Quentin Roosevelt Blvd., Suite 401
                            Garden City, New York 11530
                            (516) 227-6300