UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PALM BAY INTERNATIONAL, INC.

                                Plaintiff/Counter-
                                Defendant,

     v.                                           Cons. Case Nos. CV 09 599
                                           and CV 09 601 (ADS) (ETB)
MARCHESI DI BAROLO S.P.A.,

                                Defendant/Counter-
                                Plaintiff.
_____X

DAVID S. TAUB and MARC TAUB, as
Successor to MARTIN G. TAUB, deceased,

                                Plaintiffs/Counter-
                                Defendants,

     v.

MARCHESI DI BAROLO S.P.A.,

                                Defendant/Counter-
                                Plaintiff.
_____X

## DEFENDANT'S REPLY IN SUPPORT OF ITS BILL OF COSTS

     Defendant Marchesi di Barolo, S.p.A. ("Marchesi"), for its reply in support of its Bill of

Costs, states:

## PRELIMINARY STATEMENT

     Palm Bay International, Inc. ("Palm Bay") and David and Marc Taub ("Taubs") need to

face the fact that they lost.  Palm Bay and the Taubs sued Marchesi for over $18 million.

Summary judgment eliminated $6 million and the Taubs as plaintiffs.  The jury eliminated the

remaining $12 million of Palm Bay's claim.  The $519,522.68 that Marchesi recovered on its

counterclaims was a bonus.  It was Palm Bay and the Taubs who commenced this action, and

they *lost*.  Marchesi is the prevailing party and is therefore entitled to recover its costs.

True to form, Palm Bay and the Taubs filed a shrill opposition that misrepresents reality, cites no case law, and levels distracting unfounded accusations against Marchesi.  Marchesi did not spend $147,987.33 in costs recovering $519,522.68 as Palm Bay and the Taubs claim— Marchesi spent $147,987.33 successfully defending itself against Plaintiffs' $18 million claim. It is absurd for Plaintiffs to accuse Marchesi of "bad faith" for petitioning this Court for its costs to defeat Plaintiffs' $18 million claim.

This Court should assess all the taxable costs that Marchesi has presented against both Palm Bay and the Taubs.  There is no question that Marchesi is the prevailing party; all costs presented were incurred in this suit; and, Palm Bay has presented no case law or other basis for this Court to deny any of Marchesi's costs.  Marchesi's bill of costs should be approved.

<u>**ARGUMENT**</u>

**I.     Marchesi Is The Prevailing Party.**

It is beyond peradventure that Marchesi is the prevailing party.  Palm Bay and the Taubs each brought lawsuits seeking millions of dollars in damages;  Palm Bay and the Taubs each were awarded nothing.  Not only did they lose, but Marchesi won its counterclaim and was awarded $519,000 against Palm Bay.  Clearly, Marchesi prevailed over Palm Bay.  A "'successful counterclaimant generally will be considered the prevailing party when plaintiff fails to recover or is awarded less than defendant receives on the counterclaim.'"  *In re Omeprazole Patent Litig.*, M-21-81 (BSJ), MDL Docket No. 1291, 2004 U.S. Dist. LEXIS 15619, *8 (S.D.N.Y. Aug. 9, 2004) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2667);  *Warren Distrib. Co. v. Inbev USA, LLC*, Civil No. 07-1053, 2011 U.S. Dist. LEXIS 19721, *13 (D.N.J. Feb. 28, 2011) ("When multiple parties file claims in one lawsuit (*i.e.* counterclaims, cross-claims, etc.), . . . the court may identify the prevailing party under Rule 54(d) by comparing the amount of damages awarded to the complainant to the amount awarded

to the counterclaimant."); *Goldman v. Burch*, 780 F. Supp. 1441, 1446 (S.D.N.Y. 1992)

(defendant was prevailing party "since defendant has overwhelmingly succeeded under its

counterclaims and to a substantially greater extent than did plaintiffs on their complaint").

Marchesi is the prevailing party here.

**II.      All Costs Presented Were Incurred In This Suit.**

Plaintiffs claim that Marchesi presented a "combined request" for costs that were

incurred in two supposedly different suits, the Taub suit and the Palm Bay suit.  (Dkt. 240, p. 3).

Marchesi has not presented any "combined request," as Plaintiffs have mischaracterized his suit.

The Taub suit and the Palm Bay suit were always the same suit—there was no real reason for the

Taubs and Palm Bay to file two different suits, except to intimidate, harass, and create

unnecessary additional costs for Marchesi.  Even the Plaintiffs agree that the Taub suit and Palm

Bay suit are really one suit—the Taubs did not oppose Marchesi's motion to consolidate the two

cases.  Instead, they claimed that "substantial judicial economy considerations," like the common

defendant, the same attorneys, and the common documentary evidence, particularly related to

damages, supported consolidating these two cases.  (Dkt. 29, p. 23).  Plaintiffs intentionally filed

two suits when they knew that one suit would do—they cannot use their wrongful and intentional

gaming of the system to shield them from the costs of the suits that they brought.

Further, before this Court consolidated the suits, all of the discovery was cross noticed

and conducted in both cases.  All depositions were noticed and taken under both captions and in

both cases.  Therefore, all costs Marchesi presents were incurred in this suit.

**III.     Marchesi Is Entitled To All Costs It Claims**

Plaintiffs don't cite a single case in their objection.  On this basis alone, this Court should

disregard it.  To avoid redundancy, in response to Plaintiffs' objections as to specific costs,

Marchesi refers this Court to its submission.  Marchesi only further responds to the Plaintiffs' objection as to the interpreting costs.

The Plaintiffs sued an Italian company (they knew this) where the principals don't speak English (they also knew this).  Translation of all of the documents and a full time court room interpreter were required for anyone to understand this case.  Plaintiffs and Marchesi agreed on the interpreter to cut down this expense.  There is no dispute that the interpreter and the translation cost $39,384.98.  There is no dispute that the interpreter and translation were worth every penny.  After receiving the benefit of both the interpreter and the translation of the documents, Plaintiffs have the audacity to argue they should not have to pay for it.  Plaintiffs provide no basis for this Court to deny this reasonable expense, one that everyone knew was an absolute necessity for this trial.

## CONCLUSION

For the foregoing reasons, Defendant Marchesi requests this Court approve its bill of costs.

MARCHESI DI BAROLO, S.P.A.


By:s/Rachael G. Pontikes
    Rachael G. Pontikes
    Larry Selander
    DUANE MORRIS LLP
    190 South LaSalle, Suite 3700
    Chicago, IL 60603
    (312) 499-6700

    John Dellaportas
    DUANE MORRIS LLP
    1540 Broadway
    New York, NY 10036
    (212) 692-1000

    Attorneys for Defendant
    Marchesi di Barolo, S.p.A.

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 20, 2011, she caused a copy of the foregoing

**Defendants' Reply in Support of its Bill of Costs** to be electronically filed with the Clerk of

the Court, using the Court's CM/ECF system, which will send electronic notification of the filing

to the below CM/ECF participant.  Parties may access this filing through the Court's system.

      Gary Ettelman
      Joshua Stern, Esq.
      Suzanne Fertig
      Ettelman & Hochheiser, P.C.
      100 Quentin Roosevelt Blvd.
      Suite 401
      Garden City, NY  11530

      s/Rachael G. Pontikes