UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
PALM BAY INTERNATIONAL, INC.

                        Plaintiff/Counter-Defendant,

v.                                          Cons. Case Nos. CV 09 599 and CV 09 601 (ADS) (ETB)

MARCHESI DI BAROLO S.P.A.,

                        Defendant/Counter-Plaintiff.
_____x

DAVID S. TAUB and MARC TAUB, as
Successor to MARTIN G. TAUB, deceased,

                        Plaintiffs/Counter-Defendants,

v.

MARCHESI DI BAROLO S.P.A.,

                        Defendant/Counter-Plaintiff.
_____x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO CORRECT JUDGMENT PURSUANT
<u>TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(a)</u>**

Defendant/Counter-Plaintiff Marchesi di Barolo, S.p.A. ("Marchesi") requests this Court correct its July 15, 2011 judgment to include an award of postverdict, prejudgment interest pursuant to CPLR 5002.

**I.**     <u>**FACTS**</u>

The jury rendered its verdict in favor of Marchesi on August 6, 2009, awarding it $519,552.68.  Dkt. 202.  The Court entered a judgment on this verdict on September 13, 2010.  Dkt. 205.  On October 8, 2010, David and Marc Taub and Palm Bay International, Inc. moved for judgment as a matter of law pursuant to Rule 50(b).  Dkt. 207.  On July 11, 2011, the Court

granted the Rule 50(b) motion as to Count VI of Marchesi's Counterclaim, but denied it in all other respects. Dkt. 238. In accordance with that decision, the Court issued an amended judgment on July 15, 2011, reversing the jury's verdict on behalf of Marchesi against the Taubs on Count VI of its Counterclaim. Dkt. 239. The amended judgment did not provide for post-verdict, prejudgment interest to Marchesi. *Id*.

## II.   ARGUMENT

Because this is a diversity case and the claims upon which judgment was rendered are state-law claims, New York's rules governing the award of postverdict, prejudgment interest apply. *Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008) ("[i]n a diversity case, state law governs the award of prejudgment interest"). "[A]bsent circumstances warranting the contrary, post-award pre-judgment interest is mandatory under New York law[.]" *Ganfer & Shore, LLP v. Witham*, No. 10 Civ. 4075, 2011 U.S. Dist. LEXIS 2622, *19 (S.D.N.Y. Jan. 6, 2011); *see* CPLR 5002 ("Interest **shall** be recovered upon the total sum awarded . . . from the date the verdict was rendered . . . to the date of entry of final judgment." (emphasis added)).

CPLR 5002 "requires the clerk of the court to add to a judgment in any action interest from the date of the verdict to entry of judgment. Thus, [the prevailing party] not only ha[s] a right to such interest, but the amount [is] to be computed on the plaintiffs' award and added to the judgment automatically by the court clerk." *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 42 (2d Cir. 1979). Because of its mandatory, nondiscretionary nature, the failure to include postverdict, prejudgment interest in a judgment is a clerical error which may be remedied pursuant to Federal Rule of Civil Procedure 60(a). *Id*. ("In our view, the failure of the clerk to make this automatically mandated addition of a mechanically ascertainable amount of interest was a mere ministerial oversight remediable as a clerical error under Rule 60(a)."); *see Paddington Partners v. Bouchard*, 34 F.3d 1132, 1141-42 (2d Cir. 1994) ("Since Rule 60(a)

provided an appropriate basis for amending the Judgments to award post-decision interest, the portions of the Judgments awarding such interest are affirmed."). This request is timely, as there is no proscribed time limit for a Rule 60(a) motion. *Lee*, 542 F.2d at 42. Alternatively, the Court can also correct this error pursuant to Rule 59(e), which permits motions to alter or amend a judgment "no later than 28 days after the entry of judgment." *See Lee*, 592 F.2d at 42.

The New York prejudgment interest rate is nine percent per annum. C.P.L.R. 5004; *Ganfer & Shore*, 2011 U.S. Dist. LEXIS 2622 at *19. 344 days elapsed between the jury's verdict on August 6 and the Court's entry of the amended judgment on July 15. Accordingly, Marchesi is entitled to $44,069.45 in postverdict, prejudgment interest.

### III.   CONCLUSION

For the foregoing reasons, Marchesi requests that the Court direct the Clerk to correct the judgment to include interest at nine percent per annum from August 6, 2010 to July 15, 2011.

        MARCHESI DI BAROLO, S.P.A.

        By: s/Rachael G. Pontikes
           Rachael G. Pontikes
           Larry Selander
           DUANE MORRIS LLP
           190 South LaSalle, Suite 3700
           Chicago, IL 60603
           (312) 499-6700

           and

           John Dellaportas
           DUANE MORRIS LLP
           1540 Broadway
           New York, NY 10036
           (212) 692-1000

           *Attorneys for Defendant*
           *Marchesi di Barolo, S.p.A.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 29, 2011 she caused a copy of the foregoing Defendant's Memorandum of Law in Support of its Motion to Correct Judgment Pursuant to Federal Rules of Civil Procedure 59(e) and 60(a) to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to the below CM/ECF participant. Parties may access this filing through the Court's system.

Gary Ettelman
Joshua Stern, Esq.
Suzanne Fertig
Ettelman & Hochheiser, P.C.
100 Quentin Roosevelt Blvd.
Suite 401
Garden City, NY 11530

s/Rachael G. Pontikes