UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PALM BAY INTERNATIONAL, INC.,

                    Plaintiff/Counter-Defendant,

                                                            **MEMORANDUM OF**
          - against -                                       **DECISION AND ORDER**
                                                            CV 09-599 and CV 09-601 (ADS)

MARCHESI DI BAROLO S.P.A.,

                    Defendant/Counter-Plaintiff.
----------------------------------------------------------------x
DAVID S. TAUB and MARC TAUB, as
Successor to MARTIN G. TAUB, deceased,

                    Plaintiffs/Counter-Defendants,

          - against -

MARCHESI DI BAROLO S.P.A.,

                    Defendant/Counter-Plaintiff.
----------------------------------------------------------------x

**A P P E A R A N C E S :**

          **ETTELMAN & HOCHHEISER, P.C.**
                    Attorneys for Plaintiffs
                    100 Quentin Roosevelt Boulevard, Suite 401
                    Garden City, NY 11530
          BY:    Gary Ettelman, Esq. Of Counsel


          **DUANE MORRIS LLP**
                    Attorneys for Defendant
                    1540 Broadway
                    New York, NY 10036
          BY:    Rachel G. Pontikes, Esq.
                    Larry Selander, Esq.
                    John Dellaportas, Esq., and
                    Javier Chavez, Jr., Esq., Of Counsel


**SPATT, District Judge.**

1

Following a lengthy trial, a jury verdict and extensive motions following the verdict, the Court entered a judgment in favor of the defendant Marchesi Di Barolo S.P.A. ("Marchesi") against the plaintiff Palm Bay International, Inc. ("Palm Bay") in the sum of $519,552.8. In addition, the Court set aside a verdict in favor of the defendant Marchesi against David S. Taub and Marc Taub (the "Taubs"). Presently before the Court is the application by the defendant Marchesi for a substantial Bill of Costs in seven categories for a total sum of $147,987.33. The application is vigorously opposed by counsel for the plaintiffs Palm Bay and the Taubs (collectively the "plaintiffs").

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, district courts have the authority to award costs to the prevailing party in a lawsuit. See Kohus v. Toys R U.S., Inc., 282 F.3d 1355, 1357 (Fed. Cir. 2002). As an initial threshold issue, "the burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." John and Kathryn G. v. Board of Ed. of Mt. Vernon Public Schools, 891 F.Supp. 122, 123 (S.D.N.Y. 1995).

## I. THE MARCHESI CONTENTIONS

Attorney Rachel G. Pontikes, on behalf of the defendant Marchesi, applies for a Bill of Costs, pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 54, and Eastern District of New York Local Rule 54.1. Also submitted by the defendant Marchesi is a voluminous Bill of Costs dated September 24, 2010, in the total sum of $147,917.33. The Bill of Costs itemizes the amounts requested, as follows:

Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   1,364.00

Fees for printed or electronically recorded transcripts necessarily obtained
for use in the case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 37,505.83

Fees for witness (itemized on page three) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  8,556.03

Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case . . . . . . . . . . . . . . . . . . $ 26,423.75

Compensation of interpreters and costs of special interpretation services
under 28 U.S.C. 1828 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 39,384.98

Other costs (itemized) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 34,742.74

TOTAL . . . . . . . . . . . . . . . . . . $147,977.33

In the affidavit in support of this application for this substantial amount of money for

Costs, Ms. Pontikes asserts that:

(1)  This case involved a highly complex, intercontinental dispute between an American

spirits importer and an Italian winery.  Depositions were taken in Italy and around New York

State.  Documents were translated into English; witnesses were flown in from around the world;

and interpreters were retained.

(2)  Both parties requested daily trial transcripts and agreed to share the costs.

(3)  Marchesi took eleven depositions.  Nine of the depositions were used to support

Marchesi's summary judgment motion and/or at the trial.

(4)  The trial lasted for four weeks and sixteen witnesses testified.

(5)  Three of Marchesi's witnesses, Roberto Vezza, Ernesto Abbona and Anna Abbona

are Italian nationals and had to testify for long periods of time, using an interpreter.

(6)  Marchesi provided airfare for two of its witnesses; Vezza from Italy and Carlo

Bellusci from Canada.

(7)  Before Vezza testified, he was deposed and resided in a room at the Hyatt Hotel for

ten days for his deposition and trial testimony.

(8) Defense expert Robert Canton testified for two days.

(9) Marchesi incurred costs for process servers in attempting to serve trial subpoenas on evasive witnesses. Marchesi was compelled to incur these costs after Palm Bay refused to accept service on behalf of employees over whom it had control.

In the Defendant's Memorandum of Law, it explains in detail its requests for costs in seven categories, as follows:

## 1. Daily Trial Transcripts - $20,063.31

Marchesi is making the request under the provisions of Local Rule 54.1(c)(1), which reads as follows:

(c) Items Taxable as Costs

(1) Transcripts. The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient. The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.

## 2. Deposition Costs - $17,442.52

Local Rule 54.1(c) (2) provides as follows:

(2) Depositions. Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable. Counsel's fees and expenses in attending the taking of a deposition are not taxable except as provided by statue, rule (including Local Civil Rule 30.1), or order of the Court. Fees, mileage, and subsistence for the witness at the deposition are taxable at the same rate as for attendance at trial if the deposition taken was used or received in evidence at the trial.

In regard to depositions, the defendant also points to 28 U.S.C. §1920(2), which provides:

> §1920 Taxation of costs
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> [See main volume for text of (1)]
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in this case.

The amount sought for depositions includes nine depositions with regard to nine witnesses who testified at the trial, namely: Haresh Parekh, Michael Petteruti, Marc Taub, David Taub, Dennis Delaney, Doug Jackson, Cyndi Zuments, Marcy Whitman, and Dennis Neier. Also, the depositions of Parekh, Petteruti, Delaney, Jackson, and Zuments were used in Marchesi's motion for summary judgment. For the deposition transcripts of these nine witnesses, Marchesi incurred costs of $15,355.02.

Marchesi also seeks the sum of $2,350.37 for the costs incurred for the depositions of Roberto Vezza and Jack Cacciato. This sum includes $262.87 to rent a room for Mr. Vezza's deposition and an additional $2,087.50 for the deposition transcripts for these two witnesses.

**3. Witness Fees, Mileage and Subsistence - $8,566.03**

Marchesi requests these costs as authorized by Local Rule 54.1(c)(3), which provides:

> (3) Witness Fees, Travel Expenses and Subsistence. Witness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies. Subsistence pursuant to 28 U.S.C. § 1821 is taxable if the witness testifies and it is not practical for the witness to return to his or her residence from day to day. No party to the action may receive witness fees, travel expenses, or subsistence. Fees for expert witnesses are taxable only to the extent of fees for ordinary witnesses unless prior court approval was obtained.

Marchesi's claim in this regard consists of a $40 fee for Carlo Bellusci; $80 fee for Robert Cantor and $80 fee for Roberto Vezza.  In addition, Marchesi requests another $8,566.03 for the subsistence and travel costs of Bellusci, Cantor and Vezza; $4,206.99 for the airfare, hotel and car rental for Bellusci; and $886.49 for lodging and transportation for Robert Cantor, the defendant's damages expert who lives in Fort Washington, New Jersey.

**4.  Interpreting and Translation Costs - $39,384.89**

In this regard, the defendant is proceeding pursuant to Local Rule 54.1(c)(4), which allows a prevailing party to recover the following:

> (4)  Interpreting Costs.  The reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable. The reasonable fee of a translator is also taxable if the document translated is used or received in evidence.

Marchesi is located in Barolo, Italy, and conducts its business in Italian.  All of Marchesi employees testified in Italian through interpreter Maria Galetta.  Her interpreting fee, including transportation, was $16,775.10.  In addition, all of Marchesi's records are in Italian and they had to be translated and certified to comply with the court rules.  According to counsel, Marchesi expended $22,609.88 for a professional certified translation service to translate and certify its documents for motions and for trial.

**5.  Exemplification and Copying Costs - $26,423.75**

Local Rule 54.1(c)(5) provides as follows:

> (5)  Exemplifications and Copies of Papers.  A copy of an
> exhibit is taxable if the original was not available and the copy was
> used or received in evidence.  The cost of copies used for the
> convenience of counsel or the Court are not taxable.  The fees for a
> search and certification or proof of the non-existence of a
> document in a public office is taxable.

Marchesi contends that is expended the sum of $26,423.75 in copying costs, as itemized in an accompanying chart.  Marchesi asserts that "the photocopying costs are reasonable and permissible under this Rule, given the length of the case and the number of documents involved."

## 6.  <u>The Marchesi Trial Technologist and the Wine Option Summary - $27,558.68</u>

Marchesi asserts that it is entitled to the cost of its trial technologist, Savitry Sarwan and the cost of the market summary that it ordered from Wine Options under this provision.  It bases this cost claim on Local Rule 54.1(c)(6), which provides as follows:

> (6)  Maps, Charts, Models, Photographs and Summaries.
> The cost of photographs, 8" x 10" in size or less is taxable if used
> or received in evidence.  Enlargements greater than 8" x 10" are
> not taxable except by order of the Court.  Costs of maps, charts,
> and models, including computer generated models, are not taxable
> except by order of the Court.  The cost of compiling summaries,
> statistical comparisons and reports is not taxable.

Marchesi spent $27,193.68 on the services of Mr. Sarwan, who prepared electronic exhibits for the courtroom; displayed these exhibits for the jury; assisted the attorney with the technology in the courtroom; and presented the material to the jury in an understandable format. Marchesi also purchased a summary of the wine market conditions entitled "Wine Options", which expert witness Cantor relied on in his opinions, at a cost of $365.00.

## 7.  <u>Miscellaneous Fees - $8,548.06</u>

Marchesi's claim in this regard, is pursuant to Local Rule 54.1(c)(10), which provides as

follows:

> (10)  Docket and Miscellaneous Fees.  Docket fees, and the
> reasonable and actual fees of the Clerk and of a marshal, sheriff,
> and process server, are taxable unless otherwise ordered by the
> Court.

The claim here is for costs in serving subpoenas in the sum of $1,364 and the rental of

computer equipment and supplies for the trial in the sum of $7,184.06.

## II.  THE OBJECTIONS BY THE PLAINTIFFS TO THE BILL OF COSTS

The plaintiffs Palm Bay, David S. Taub and Marc Taub, proffer multiple objections to the

Marchesi Bill of Costs.  The Court will set forth each objection individually in the order raised

by the plaintiffs in their "Objection to Bill of Costs".

## A.  The Bill of Costs Must Be Rejected Because It Is Unreasonable

1.  Initially, the plaintiffs assert that the costs being sought are not properly taxable under

any statute or rule.  Also, in the plaintiffs' view, the defendant's request for its Bill of Costs is

"grossly overstated, highly suspect, lacks sufficiently detailed supporting documentation and an

obvious manipulation of the current law."  (Plfts' Objections at p. 2).

2.  Next, the plaintiffs contend that Marchesi had no basis to tax costs against the

plaintiffs David S. Taub and Marc Taub (the "Taubs").  The Court agrees.  In a decision by the

Court on July 11, 2011, the Court granted the motion by the Taubs for judgment as a matter of

law pursuant to Fed.R.Civ.P. 50(b) as to the sixth counterclaim against David Taub and Marc

Taub; and the sixth counterclaim was dismissed as a matter of law.  This was the only successful

cause of action against the Taubs, and it is now dismissed.  The judgement entered on July 15,

2011, states in part: "That the motions by the plaintiffs for judgment as a matter of law pursuant

to Fed.R.Civ.P. 50(b) as to the sixth counterclaim against David Taub and Marc Taub for breach

of their fiduciary duty in instructing Palm Bay to take the set-off is granted; that the sixth counterclaim is dismissed as a matter of law . . ..."  Accordingly, the Court finds that no costs should be levied against David Taub and Marc Taub.

3.  Palm Bay also complains that the attempt by Marchesi to recover $147,987.33 on a judgment in the amount of $519,552.68, approximately one-third of the judgment amount, shows that Marchesi "is acting in bad faith by seeking to obtain punitive damages under the guise of costs."  (Pltfs' Objection at p. 2).

4.  Also, the plaintiffs contend that, contrary to the defendant's assertion, this was not a highly complex international dispute.  It was a standard commercial litigation between two business entities and, "As such it does not warrant costs in this excessively outrageous amount."  (Plfts' Objections at p. 2).

5.  The plaintiffs also contend that Marchesi brought six counterclaims before the jury.  However, ultimately Marchesi was unsuccessful on all six counterclaims.  Thus, according to Palm Bay and the Taubs, Marchesi should not be considered the prevailing party against either Palm Bay or the Taubs.  Again, in the Court's view there is no rule banning costs when a party is only partly successful.  Marchesi received a jury verdict on its affirmative defense in the sum of $519,552.68.  Marchesi is entitled to a Bill of Costs.  The amount of the costs is another matter.

6.  As they state they will demonstrate, the plaintiffs contend that, "each of the categories of costs Marchesi seeks are not properly taxable and thus, Marchesi's Bill of Costs should be summarily rejected."  (Plfts' Objections at pp. 2-3).

7.  Because Marchesi is no longer the prevailing party with regard to its litigation with the Taubs, Marchesi's combined request to tax costs incurred in two separate litigations, solely against Palm Bay, "cannot be maintained in its current form."  (Pltfs' Objections at p. 3).  Thus,

say the plaintiffs, "it would be improper to tax costs against with the Taubs or Palm Bay based upon the joint documentation submitted by Marchesi."

8. As to the claimed costs for exemplifications and copies of papers, according to the plaintiffs, Marchesi is seeking costs in the amount of $26,423.75 for in-house and outside copy service fees. In this regard, the plaintiffs contend that these copy costs "were used solely for the convenience of counsel and do not represent the copying for exhibits." (Pltfs' Objections at p. 4). Accordingly, say the plaintiffs, the copy costs alleged by Marchesi are not properly taxable under the Local Rules.

9. As to the Bill of Costs for $27,558.68 for the costs and fees of a trial technologist, the plaintiffs contend that "there is no legal foundation that allows the Court to properly tax a party's trial 'technologist' fee." The plaintiffs contend that Local Rule 54.1(c)(6) does not allow the Court to tax costs for a trial technologist.

10. The plaintiffs next contend that the Bill of Costs improperly requests fees for expedited trial transcript fees in the amount of $20,063.31, and for expedited deposition transcript fees in the amount of $17,442.52 for a total alleged taxable costs of $37,505.83. The plaintiffs contend that the trial transcripts are not taxable because they were obtained for the convenience of counsel. Each day of the trial, Marchesi was represented by two-partners from Duane Morris LLP and also a trial assistant and sometimes by an associate. Therefore, say the plaintiffs, the trial transcripts were not a necessity and the sum of $20,063.31 is not properly taxable.

Also, in this regard, the plaintiffs contend that the deposition transcripts were not used or received in evidence at the trial, and are therefore not taxable. With regard to the nine Palm Bay

10

witnesses who were deposed and who testified, none of these deposition transcripts were received in evidence. In fact, only three depositions, namely those of Whitman, Petteruti and Delaney, were used for any purposes. In addition, the plaintiffs contend that Marchesi is requesting costs in excess of original transcript and one copy, as set forth in the Rule.

11. The plaintiffs also assert that the Bill of Costs improperly requests fees for witnesses mileage and subsistence in the sum of $8,566.03, which is "in far excess of statutory authority." (Pltfs' Objections at p. 7). Marchesi is claiming witness fees for three witnesses, Robert Vezza, Robert Cantor and Carlo Bellusce. As to Vezza, the maximum per diem allowance, prescribed by the Administrator of General Services, in 28 U.S.C. § 1821(d) in 2010 is $130 per day for accommodations and $34.50 per day for meals. Marchesi is requesting $1,850.79 for Vezza's two days of witness testimony.

Also included is charges related to hotel movies; one of which cost $35. Actually, a review of the Hyatt Regency Long Island Hotel bill for Roberto Vezza reveals a total charge of $77.96 for four "guest movies". So that the $1,850.79 for Vezza's two days of witness testimony exceeds the per diem allowance by more than $1,500.00. Also, with regard to Robert Cantor, his charges of $886.49 for two days of witness testimony exceeds the per diem allowance by more than $500. Moreover, the plaintiffs contend that Cantor resides in Northern New Jersey and did not require lodging. With regard to witness Carlo Bellusci, the plaintiffs contend that his claimed subsistence of $4,206.90 from the Plaza Hotel in New York City, for his one day of testimony exceeds the per diem allowance by more than $4,000.

12. As to interpreting costs, the plaintiffs do not deny that in certain circumstances, interpreting costs of witnesses are properly taxable. However, here Marchesi is claiming

interpreter costs for three trial witnesses, Anna Abbona, Ernesto Abbona and Robert Vezza, Local Rule 54.1(c)(3) provides that the reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable. Here, according to the plaintiffs, both Abbona witnesses are not taxable witnesses because they are the principals of the defendant Marchesi. Also, Vezza is not a taxable witness because he was a thirty year employee of Marchesi. In addition, the plaintiffs object to the claimed interpreter costs for the Vezza deposition, which was not used at the trial or in any capacity. So that the plaintiffs contend that the Court should not include the interpreting costs for the trial testimony of Anna Abbona and Ernesto Abbona and the deposition testimony of Robert Vezza all of which is the sum of $8,400.

In addition, the plaintiffs dispute the claimed costs for travel, which are not included in the Local Rule and therefore not properly taxable. Therefore, Marchesi's interpreting costs should be reduced by the sum of $5,975.

Finally, in this category, the plaintiffs dispute the interpreting costs of $22,609.88 for the alleged translation for Marchesi of an unknown number of documents. The plaintiffs contend that this category is not properly taxable as it is not covered in Local Rule 54.1(c)(4). In addition, as to this request, the plaintiffs complain that Marchesi failed to provide the Court with any information relating to the identity of these documents and whether they were used at the trial. Further, there are certainly non-taxable items requested, including expedited service fees, delivery costs and messenger services. The plaintiffs contend that none of these expenses are contemplated by the Local Rules.

In sum, with regard to the Marchesi request for interpreting costs, its claim for $39,384.98 should be reduced by $36,984.98, leaving only $2,400 as valid taxable costs for this

category.

13. As to the claimed "Docket and Miscellaneous" fees, Marchesi seeks taxable costs in the amount of $7,184.06 for miscellaneous fees. This request includes seeking costs for (I) the cancellation fee of a mover, (ii) the rental of computer equipment, (iii) the room rental for depositions, (iv) the cancellation fee for a deposition, (v) for scanning documents, and (vi) supplies for trial. The plaintiffs contend that none of these costs fall under Local Rule 54.1(c)(10). Moreover, without any legal authority which provides that Marchesi is entitled to these costs, the plaintiffs assert that they are not properly taxable.

14. As a final item, the plaintiffs dispute the claimed costs for the service of subpoenas on seven witnesses in the amount of $1,364. The plaintiffs assert that these fees are not properly taxable pursuant to Local Rule 54.1(c)(10) as they are unreasonable for the following multiple reasons: (i) the Subpoena Fees for Tom Cole and Italian Clearance are not properly taxable because Marchesi never conducted the depositions; (ii) the Subpoena Fees of Harish Parekh, Michael Petteruti and Dennis Delaney are not properly taxable as they were unnecessary expenses because (a) Marchesi was advised by Palm Bay that these witnesses would be testifying at the trial on behalf of Palm Bay, (b) Marchesi did not call these witnesses to support its case in chief, and (c) it is improper for Palm Bay to be forced to bear the expense of having subpoenas served on a priority basis; (iii) the Subpoena Fee of Michael O'Brien is not properly taxable because Marchesi did not call Mr. O'Brien as a witness at the trial.

### III. <u>THE RESPONSE BY MARCHESI</u>

Initially, Marchesi vividly reminds the Court and plaintiffs' counsel that Palm Bay initially had an 18 million dollar claim and lost, and Marchesi is the prevailing party and entitled to costs. Marchesi emphasizes that it is the prevailing party. Further, Marchesi complains that the plaintiffs "don't cite a single case in their objection." On this basis alone, Marchesi asserts

that the Court should disregard their objections.  The Court disagrees and will consider the

plaintiffs' objections, some of which have merit, as the Court will discuss below.

Also, to avoid redundancy, to respond to the plaintiffs' objections as to specific costs,

Marchesi refers to its initial Memorandum of Law in Support of its Bill of Costs.  Further, in its

response, Marchesi asserts that the plaintiffs sued an Italian company whose principals do not

speak English.  These facts were known to the plaintiffs.  Translation of all of the Marchesi

documents and a full time interpreter were required for anyone on the defendant's side to

understand this case.  Also, according to Marchesi, the plaintiffs and Marchesi agreed on the

interpreter to reduce this expense.

## IV.  DISCUSSION

### A.  The Standards

Section 1920 of Title 28 of the United States Code provides that:

§ 1920.  Taxation of costs

A judge or clerk of any court of the United States may tax as costs the following:

(1)  Fees of the clerk and marshal;
(2)  Fees for printed or electronically recorded transcripts
     necessarily obtained for use on the case;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and the costs of making copies of any
     materials where the copies are necessarily obtained for use in the
case;

(5)  Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation of
     interpreters, and salaries, fees, expenses, and costs of special
     interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the
judgment or decree.

Federal Rules of Civil Procedure 54(d)(1) provides:

(d) Costs; Attorney's Fees.

14

> (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.

However, the much more detailed guidance on the issue of taxable costs to a prevailing party is set forth in this Court's Local Civil Rule 54.1, entitled "Taxable Costs".

District Courts have the authority to enact Local Rules governing the conduct of the business before them, and such Local Rules have the force of law. See Weil v. Neary, 278 U.S. 160, 169, 49 S.Ct. 144, 73 L.Ed. 243 (1929); Whitfield v. Scully, 241 F.3d 264, 270-171 (2d Cir. 2001); Somlyo v. J. Lu-Rob Enters, Inc., 932 F.2d 1043, 1046 (2d Cir. 1991). As stated in Whitfield, "we accord considerable deference to the district court's interpretation of its own Local Rule. See LoSacco v. City of Middleton, 71 F.3d 83, 92 (2d Cir. 1995)." Whitfield, 241 F.3d at 270-71. Also as stated in Whitfield, "such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Id. at 270. In this case, the losing party is the plaintiff Palm Bay International Inc. Because such an award of taxable costs against the losing party is the normal rule in civil litigation, in this case, the plaintiff bears the burden of showing why the imposition of costs was improper. Id. at 270.

However, the Court is also mindful of the Supreme Court's admonition to the District Courts in Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 240 (1964); as follows:

> We do not read that Rule [Rule 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high

as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

Also, as to the burden of proof, the prevailing party – in this case the defendant Marchesi – has the burden of establishing that the taxation of costs is required. <u>John Kathryn G. v. Board of Education of Mt. Vernon Public Schools</u>, 891 F.Supp. 122, 123 (S.D.N.Y. 1999).

The Court will again refer to these sections as it reviews the multiple requests by the defendant Marchesi for taxable costs. Initially, taxation of costs is left to the discretion of the Court, and the Court will now review the items requested by the prevailing party, the defendant Marchesi.

**B.** **<u>As to the Requested Taxable Costs and the Objections by the Plaintiffs</u>**

**1.** **<u>The Bill of Costs Must Be Rejected Because It Is Unreasonable</u>**

The plaintiffs' request to reject the entire bills of costs because "the actual costs Marchesi seeks are not properly taxable" and "grossly overstated, lacks sufficient detailed supporting documentation and an obvious manipulation of the current law;" is denied. Marchesi has a right to request taxable costs, and the Court will rule on the propriety of each request. Also, the fact that the judgment in favor of Marchesi was in the amount of $519,552.68 and the request for costs is the total sum of $142,987.33, does not indicate that Marchesi is acting in bad faith or that the costs are punitive. Nor does the fact that this was a "standard commercial litigation" (Pltfs' Objections at p. 2) preclude the imposition of costs. Also, the fact that Marchesi was not successful in all of its six claims, does not prevent it from seeking and obtaining a bill of costs on its one successful claim.

**2.** **<u>As to the Bill of Costs for Daily Trial Transcripts</u>**

The Court will repeat the most important guidance in making these determinations, the

Local Rule.

Local Rule 54.1(c)(1) states:

> (c) Items Taxable as Costs
>
>> (1) Transcripts. The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient. The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.

In this regard, Marchesi contends that it incurred $20,063.31 in costs for daily transcripts. The trial lasted four weeks, sixteen witnesses testified and both parties requested daily transcripts. In response, the plaintiffs contend that the expedited trial transcripts are not taxable because they were obtained merely for the convenience of counsel; Marchesi was well represented by two law firm partners, a trial assistant and an associate, who were more than capable of taking notes; and the trial was neither complex or complicated and did not warrant daily trial transcripts.

As stated above, pursuant to Local Rule 54.1(c)(1), "the cost of any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable." See also 28 U.S.C. § 1920 ("a judge or clerk of any court of the United States may tax as costs . . [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case"). However, "[d]aily transcripts of trial testimony are not customary." Carmody v. Pronav Ship Mgmt., No. 02 CV 7185, 2004 WL 1837786, at *2 (S.D.N.Y. Aug. 17, 2004) (citing John & Kathryn G. v. Bd. of Educ. of Mount Vernon Public Sch., 891 F.Supp. 122, 123 (S.D.N.Y. 1995)); Williams v. Cablevision Systems Corp., No. 98 Civ. 7988, 2000 WL 620215, at *2 (S.D.N.Y. May 12, 2000).

"[T]he relevant inquiry is whether the transcripts of plaintiff's trial testimony were necessary for defendant's use in the case." <u>Cohen v. Stephen Wire Free Synagogue</u>, 1999 WL 672903, at *2 (S.D.N.Y. 1999). Here, as stated above, the relevant inquiry is whether the transcripts of the testimony were necessary for the defendant's use in the trial. <u>See</u> <u>e.g.</u> <u>Galella v. Onassis</u>, 487 F.2d 986, 999 (2d Cir. 1973).

The Court finds that the trial transcripts were necessary for Marchesi's use in the trial. The trial went on for four weeks and involved testimony from sixteen witnesses. Also, of importance in this regard, three of Marchesi's main witnesses, Roberto Vezza, Ernesto Abbona and Anna Abbona spoke only Italian. They testified by way of an interpreter. This did create a greater need to review the trial transcript daily to ensure that the recorded record was correct. Therefore, the taxable cost of the daily trial transcript in the sum of $20,063.31 is allowed.

### 3. <u>As to the Deposition Costs</u>

As stated above, Marchesi is seeking the costs incurred in taking the depositions of the nine witnesses who testified at the trial, namely, Haresh Parekh, Michael Petteruti, Marc Taub, Dennis Delaney, Doug Jackson, Cyndi Zuments, Marcy Whitman, and Dennis Neier. However, apparently, none of these depositions were used at the trial. In the Defendant's Memorandum in Support of Its Bill of Costs, at 6, the only reference to the use of deposition was with regard to witness Roberto Vezza. Local Rule 54.1(c)(2) is clear and unequivocal when it stated that costs are allowed for an original and copy of a transcript "is taxable if the deposition was used or received in evidence at the trial." Notwithstanding this rule, the cases have established the sensible rule that the costs of depositions not used at the trial may nevertheless be taxed for costs where they "appear to have been reasonably necessary to the litigation at the time they were

taken." Cush-Crawford v. Adchem Corp., 94 F.Supp.2d 294, 303 (E.D.N.Y. 2000) (Spatt, J).

(citing to Sim v. New York Mailers Union No. 6, 1999 U.S. Dist. LEXIS 13256 No. 97 Civ.

2929 HB, 1999 WL 674447, at *1 (S.D.N.Y. Aug. 30, 1999)); Malloy v. City of New York, et

al., 2000 U.S. Dist. LEXIS 8073 (E.D.N.Y) ("further, the unused portions were reasonably

necessary to the case at the time it was taken"). Also, as stated recently in Manzo v. Sovereign

Motor Cars Ltd., 2010 U.S. Dist. LEXIS 46036 (E.D.N.Y. 2010) the rule on taxable costs for

depositions was clearly set forth.

> While defendants are correct that the cost of a deposition and one
> copy is taxable as a cost under Local Civ. R. 54.1(c)(2) only "if the
> deposition was used or received in evidence at the trial," "[t]he
> plain language of [Local Rule 54.1] . . . suggests the word "use"
> extends well beyond explicit reliance on the deposition."
> Whitfield v. Scully, 241 F.3d 264, 271 (2d Cir. 2001). Each of the
> six depositions falls within the broad meaning of the word "use,"
> and is taxable as a cost. See Cush-Crawford v. Adchem Corp., 94
> F.Supp.2d 294, 303 (E.D.N.Y. 2000) (concluding that to be
> taxable, it suffices that at the time the deposition was taken, it was
> reasonably expected that the transcript would be used for trial
> preparation).

Id., at 39 n. 18.

On this same subject, namely taxing costs for depositions, on the same rule of law above

set forth, the Court approves the costs for deposition transcripts for Roberto Vezza, who did

testify and Jack Cacciato, who did not testify.

Also, in addition to the depositions of the nine witnesses who testified, the depositions of

Parekh, Petteruti, Delaney, Jackson, Zummants, who all testified, were used in Marchesi's

summary judgment motion, which costs were expressly provided for in Local Rule 54.1(c)(2),

("costs for depositions are also taxable if they were used by the Court or ruling on a motion for

summary judgment . . ."). The Court further notes that Marchesi is not seeking to recover the

costs for the depositions of Henry Handel and Karen Kaufman, who did not testify and whose depositions were not used in substantive motions.

Finally on this subject, the Court disapproves of taxing costs in the sum of $262.87, "to rent a room for Mr. Vezza's deposition." There is no such provision in the Local Rules.

Accordingly, with regard to the request to tax costs for the deposition costs, the Court will allow the following costs:

| | |
|---|---|
| $15,355.02 | for the deposition costs for the nine Palm Bay witnesses who testified |
| $ 2,087.50 | for the deposition transcripts for Roberto Vezza and Jack Cacciato |
| _____ | |
| $17,442.52 | Total Deposition Costs To Be Included In The Taxable Costs |

### 4. **As to Witness Fees, Mileage and Subsistence**

Marchesi intends that it is entitled to tax costs for the witness fees, mileage and subsistence for witnesses, Carlo Bellusci, Robert Cantor and Roberto Vezza. The first item requested is $200 in statutory witness fees for the three witnesses. See 28 U.S.C. § 1821(b). The plaintiffs object to any witness fees for Robert Vezza as he is not considered a taxable witness "because he was permitted to testify as an employee/expert of Marchesi due to the fact that he was employed by the company for thirty years." (Pltfs' Objection at p. 7). Finding no such objection in any case, or statute, or rule, this objection is overruled. Marchesi is entitled to tax statutory witness fee costs in the sum of $200.

In addition, Marchesi contends that it is entitled to an additional sum of $8,566.03 for travel costs and subsistence for the three witnesses, Bellusci, Cantor and Vezza. Initially, the Court is advised that witness Robert Cantor, its damages expert, resides in Northern New Jersey.

With reasonable certainty, he did not require lodging, and the request to tax costs for subsistence for Robert Cantor is denied.

As to the other two witnesses, Vezza testified for two days and Bellusci testified for one day. The statutory rules for a subsistence allowance is set forth in 28 U.S.C. § 1821, as follows:

> § 1821. Per diem and mileage generally; subsistence
>
> > (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United State, shall be paid the fees and allowances provided by this section.
>
> > \*   \*   \*   \*   \*
>
> > (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> > (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

A review of 5 U.S.C. § 5702(a) reveals that employees traveling on official business are entitled to "a per diem allowance at a rate not to exceed that established by the Administration of General Services for travel within the continental United States . . . any per diem allowance or maximum amount of reimbursement shall be established, to the extent feasible by locality." According to the plaintiffs the maximum per diem allowance prescribed by the Administration in 2010 for the Suffolk County area is $130 per day for accommodations and $34.50 per day for

meals.  The Court accepts these statements by the plaintiffs.

Therefore, with regard to the three witnesses who testified for the defendant, witness fees and subsistence costs are taxed as follows:

> <u>Roberto Vezza – Testified for two days</u>
> Witness Fee $80.00
> Subsistence for three days at $130 = $390.00
> Meals for three days at $34.50 = $103.50
> TOTAL          $573.50
>
> <u>Carlo Belleusci – Testified for one day</u>
> Witness Fee $40.00
> Subsistence for two days at $130 = $260.00
> Meals for two days at $34.50 = $  69.00
> TOTAL          $369.00
>
> <u>Robert Cantor – Testified for two days</u>
> Witness Fee $  80.00
> TOTAL          $  80.00

Total statutory witness fees, subsistence and meals for three witnesses, Roberto Vezza, Carlo, Belleusci and Robert Cantor is the taxable cost of $1,022.50, in addition to the $200 statutory witness fees, for the total sum of $1,222.50.

## 5.  <u>As to Interpreting and Translation Costs</u>

Marchesi requests interpreting and translation costs under the provision of Local Rule 54.1(c)(4), which, again, provides as follows:

> (4) Interpreting Costs.  The reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable. The reasonable fee of a translator is also taxable if the document translated is used or received in evidence.

Marchesi contends that it is an Italian company located in Barolo, Italy; it conducts its business in Italian; and all of its employees, former employees and representatives testified in Italian through the services of interpreter Maria Galetta.  According to counsel, Ms. Galetta was

essential to the trial, in that without her none of the Marchesi representatives would have been able to testify. Counsel contends that Ms. Abbona testified for five days; Mr. Abbona testified for three days; and Mr. Vezza testified for two days. The interpreting fee for Ms. Galetta was $16,775.10, including her transportation.

While the plaintiffs do not deny that in certain circumstances, interpretation costs are properly taxable, not in this case. They contend that the witness fees for Anna Abbona and Ernesto Abbona are not taxable because they are the principals of the defendant Marchesi and Vezza also is not a taxable witness because he was a thirty year employee of Marchesi. Further, the plaintiffs dispute the interpreting costs for the deposition testimony of Vezza which is valued at $8,400. Also, with regard to the interpreting fees for the trial and deposition testimony, the plaintiffs object to the travel fees for the interpreter in the total sum of $5,975.10.

The Court finds that the interpreting fees for Ms. Galetta for her work for the three witnesses who testified and the Vezza deposition, are properly taxable costs. However, the travel costs of $5,975.10 are excessive and unreasonable. With reasonable certainty, an Italian interpreter is available here in the New York and Long Island areas. Therefore, in regard to the interpreter services for the trial and deposition of Vezza, the Court allows, as a taxable cost the sum of $16,755.10, less the alleged travel costs of $5,975.10, in the net sum of $10,800.

Marchesi also requests interpreter fees for the translation of all the Italian documents that it used at the trial and in the substantive motions. Marchesi states that as an Italian company, it had to have translated the documents it used at trial or in the summary judgment motion at a cost of $22,609.58, which includes expedited service fees, delivery costs and messenger services.

A review of the papers and records filed in support of this cost application reveals that the Court is unable to identify the documents that were translated; and whether these documents

were in fact used at the trial. The burden of proof to establish the identity and validity of the subject matter of the taxable costs, is on the prevailing party – in this case, Marchesi. The Court finds that, with regard to the interpreting and other costs of the Italian documents at issue, that Marchesi failed to establish that the fees are reasonable under the statute and rules. This request for taxable costs in the sum of $22,609.58, is denied.

**6. As to the Exemplification and Copying Costs**

As stated above, the rule on exemplifications and the copying of papers is set forth at Local Rule 54.1(c)(5), as follows:

> (5) Exemplifications and Copies of Papers. A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence. The cost of copies used for the convenience of counsel or the Court are not taxable. The fees for a search and certification or proof of the non-existence of a document in a public office is taxable.

Marchesi states that it expended the sum of $26,423.75 in copying costs as itemized in an accompanying chart. It asserts that the copies were necessarily obtained for use in the case and are taxable. The plaintiffs oppose this request on the ground that "they were used solely for the convenience of counsel and do not represent the copying for exhibits." (Pltfs' Objections at pp. 4-5). In this regard, the Marchesi invoices reveal in-house copy charges from May 7, 2009 to August 31, 2010, for copies that were used for internal purposes. Marchesi has submitted no evidence to show that the original exhibits were not available and the copies were needed to be used at the trial.

Such costs may be taxable. 28 U.S.C. § 1920 states that a judge or clerk may tax as costs for "fees for exemplification and the costs of making copies of any materials when the copies are necessarily obtained for use in the case." However in the "Defendant's Memorandum of Law in

Support of its Bill of Costs," there is no statement that the copies were "necessarily obtained for use in the case." All that is stated in support of this request for $26,423.75 in taxable costs, is that the copying costs is a "reasonable expense" and, "the photocopying costs are reasonable and permissible under the Rules given the length of the case and the number of documents involved." (Id. at p. 10).

Accordingly, the request of Marchesi for taxable costs for exemplification and copying costs, is denied.

### 7. As to the Taxable Costs for the Trial Technologist and the Marchesi Wine Options Summary

In this regard, Marchesi relies on Local Rule 54.1(c)(6), which, again, provides as follows:

> (6) Maps, Charts, Models, Photographs and Summaries. The cost of photographs, 8" x 10" in size or less, is taxable if used or received in evidence. Enlargements greater than 8" x 10" are not taxable except by order of the Court. Costs of maps, charts, and models, including computer generated models, are not taxable except by order of the Court. The cost of compiling summaries, statistical comparisons and reports is not taxable.

Marchesi spent $27,193.68 on the services of Ms. Savity Sarwan, a courtroom technologist, who prepared electronic exhibits for the courtroom, displayed these exhibits to the jury and assisted the attorneys with the technology in the courtroom. According to Marchesi, "these electronic trial demonstratives and exhibits were critical in streamlining the trial processes and presenting the material to the jury in a convenient and understandable format." (Dft's Memorandum of Law at p. 11). Marchesi also purchased a summary of the wine market conditions entitled "Wine Options". Witness Cantor relied on this summary in his expert opinion. The "Wine Options" in the sum of $365.00 is excluded from the taxable costs.

25

In <u>Tokyo Collection Arizona Inc. v. Descrert Industries Corp.</u>, 215 F.R.D. 60 (E.D.N.Y. 2003) the expense associated with a computer generated Power Point presentation of the relevant dates and events, at a cost of $1,225, was partially taxed in the sum of $500. "There is not enough record to support an award of the full amount claimed." (215 F.R.D. at 67). The Court notes that there is no specific provision providing for the costs of an expert presenting demonstrative electronic trial demonstrations. It certainly was not a necessity for the defense of this case. It is an expensive and helpful tool to aid in the defense. However, in the Court's view, this extra added attraction for the court and jury was solely for the benefit of Marchesi. There is no statutory or rule support for the courtroom extra demonstrations and the request for the courtroom technologist fee to be a taxable cost, is denied.

**8. <u>As to the Marchesi Request for Miscellaneous Fees</u>**

Local Rule 54.1(10) provides as follows:

> Docket and Miscellaneous Fees. Docket fees, and the reasonable and actual fees of the Clerk and of a marshal, sheriff, and process server, are taxable unless otherwise ordered by the Court.

Marchesi requests a taxable cost for serving subpoenas, including trial subpoenas, in the sum of $1,364. The federal statute refers simply to "Fees of the . . . marshal," 28 U.S.C. § 1920(1). However 28 U.S.C. § 1920 states that, "the marshal or deputy marshal shall routinely collect and a court may tax as costs fees for . . . serving . . . process in any case or proceeding (and) serving a subpoena or summons for a witness . . . given the apparent congressional intent to make service of a process a taxable item and due to the substitution of private process servers for the U.S. Marshal Service in recent years, the Court believes the taxation of costs for special process servers is justified." <u>See</u> <u>United States, et. al v. Mekett Meridian Construction Co.</u>, 95

F.3d 153 172 (2d Cir. 1996); <u>Griffith v. Mt. Carmel Medical Center</u>, 157 F.R.D. 499, 507-08 (D. Kan. 1994).

In the Court's view, a basic and proper taxable cost, supported by the Local Rules and the precedents, is for serving subpoena fees for motions and trials. These subpoenas are an integral part of the litigation process and are properly taxed. Accordingly, the taxable costs for service of subpoenas in the sum of $1,364 will be permitted.

However, the Court finds no support in the statute, rules or precedents for taxable costs for renting computer equipment, supplies and other miscellaneous rental and cancellation fees. Therefore the request by Marchesi for taxable costs in the sum of $7,184.06, for these expenditures, is denied.

## IV. <u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED, that the application by the defendant Marchesi Di Barolo S.P.A. for a Bill of Costs, is granted only to the following extent and as to the following sums as taxable costs:

| | | |
|---|---|---|
| (1) | Daily Transcripts | $20,063.31 |
| (2) | Depositions | $17,442.52 |
| (3) | Statutory Witness Fees for Trial and Subsistence for three Witnesses | $ 1,222.50 |
| (4) | The Interpreter | $10,800.00 |
| (5) | Service of Subpoenas | $ 1,364.00 |
| | TOTAL TAXABLE COSTS ALLOWED | $50,892.33 |

It is further ORDERED, that the Clerk of the Court is directed to add these costs to the judgment to be entered in this case.

SO ORDERED.

Dated:  Central Islip, New York
        August 13, 2012

                                                    _/s/ Arthur D. Spatt_____
                                                        ARTHUR D. SPATT
                                     United States District Judge