**FILED**
**CLERK**

8/22/2012 3:36 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PALM BAY INTERNATIONAL, INC.,

        Plaintiff/Counter-Defendant,

  - against -

MARCHESI DI BAROLO S.P.A.,

        Defendant/Counter-Plaintiff.
----------------------------------------------------------------x
DAVID S. TAUB and MARC TAUB, as
Successor to MARTIN G. TAUB, deceased,

        Plaintiffs/Counter-Defendants,

  - against -

MARCHESI DI BAROLO S.P.A.,

        Defendant/Counter-Plaintiff.
----------------------------------------------------------------x

**MEMORANDUM OF**
**DECISION AND ORDER**
CV 09-599 and CV 09-601 (ADS)

**A P P E A R A N C E S:**

  **ETTELMAN & HOCHHEISER, P.C.**
    Attorneys for Plaintiffs
    100 Quentin Roosevelt Boulevard, Suite 401
    Garden City, NY  11530
  BY:  Gary Ettelman, Esq. Of Counsel

  **DUANE MORRIS LLP**
    Attorneys for Defendant
    1540 Broadway
    New York, NY  10036
  BY:  Rachel G. Pontikes, Esq.
    Larry Selander, Esq.
    John Dellaportas, Esq., Of Counsel

**SPATT, District Judge.**

The saga goes on. Now that the issue of the taxable costs to Marchesi Di Barolo S.P.A. ("Marchesi") has been resolved, the Court will now address the issue of post-verdict prejudgment interest. The defendant Marchesi requests that the Court correct its July 15, 2011 judgment to include an award of post-verdict prejudgment interest in the sum of $44,069.45.

In regard to the application by Marchesi for post-verdict prejudgment interest, the relevant chronological data is as follows:

<u>August 6, 2010</u> – The jury verdict.

<u>September 13, 2010</u> – The initial judgment entered after the verdict.

<u>July 11, 2011</u> – In response to a motion for a judgment as a matter of law by the plaintiff Palm Bay International, Inc. and the Taubs ("Palm Bay" or the "Plaintiffs"), the Court granted the Rule 50(b) motion as to Count VI of Marchesi's counterclaim, reversing the jury verdict against the Taubs, but denying the motion in all other respects.

<u>July 15, 2011</u> – An amended judgment was entered with regard to the reversed jury verdict on behalf of Marchesi against the Taubs as to Count VI of the counterclaims. This amended judgment did not provide for post-verdict prejudgment interest for Marchesi.

On July 29, 2011, Marchesi filed this motion pursuant to Federal Rule of Civil Procedure 60(a) ("Rule 60(a)"), or, in the alternative, Federal Rule of Civil Procedure 59(c) ("Rule 59(c)"). This motion was for an order correcting the July 15, 2011 amended judgment so as to include an award of post-verdict prejudgment interest, pursuant to New York CPLR 5002, from the date of the verdict to the entry of the amended judgment. On August 9, 2011, the Plaintiffs filed a notice of appeal with the Second Circuit. On October 25, 2011, the Court denied Marchesi's motion on two grounds. First, the Court held that the Rule 59(c) motion was untimely. Second, the Court

2

ruled that it was barred by the plain language of the rule from deciding the motion while an appeal was pending. The Court denied the motion by Marchesi to add an award of post-verdict prejudgment interest from the date of the verdict to the entry of the amended judgment of July 15, 2011, "without prejudice to re-file following a decision by the Second Circuit to the plaintiffs' appeal . . . ."

On May 17, 2012, the Second Circuit affirmed the jury verdict and the Court's decision. Now, Marchesi asserts that its "Rule 60(a) motion is therefore ripe for disposition."

## I. DISCUSSION

### A. The Contentions

Apparently, the plaintiffs do not dispute that, in this diversity case, the New York State rules governing the award of post-verdict prejudgment interest apply. Also, it is undisputed that the New York prejudgment interest rate is nine percent per annum. CPLR 5004. See also FCS Advisors, Inc. v. Fair Finance Co., Inc., 605 F.3d 144, 147 (2d Cir. 2010) (". . . it was undisputed that New York law governed the pre-judgment interest . . ."). In this latest motion, the defendant Marchesi requests that the Court "correct" the amended judgment to include prejudgment interest at nine percent per annum from August 6, 2010, the date of the verdict to July 15, 2011, the date of the last amended judgment, a total of 344 days, in the sum of $44,069.45.

On the other hand, the Plaintiff/Counterclaim Defendant Palm Bay opposes the Marchesi motion to correct the judgment. Palm Bay contends that the prejudgment interest should run from the date of the jury verdict on August 6, 2010 through the entry of the court's initial judgment dated September 13, 2010. Therefore, Palm Bay contends that the appropriate time period for the post-verdict, prejudgment interest is 38 days, from August 6, 2010 to September 13, 2010, at the nine percent interest rate for the total amount of $4,868.13.

**B. The Applicable Time Rule on Post-Verdict Prejudgment Interest**

Preliminarily, the Court notes that the initial September 13, 2010 judgment in favor of Marchesi against Palm Bay remained unchanged by the amended judgment of July 15, 2011. The amended final judgment only concerned the dismissal of the counterclaim verdict against the Taubs. So that the only addition in the amended final judgment of July 15, 2011, was to incorporate the Court's July 11, 2011 ruling. It left the initial ruling set forth in the September 13, 2010 judgment intact with regard to the verdict against Palm Bay, and only dismissed the counterclaim verdict against the Taubs. The Palm Bay and Taubs notice of appeal followed on August 9, 2011.

Marchesi's motion seeks post-verdict prejudgment interest from the date of the verdict, August 6, 2010 to the entry of the amended final judgment on July 15, 2011, a period of 344 days. Based on that assumption, Marchesi contends that it is entitled to post-verdict prejudgment interest of $44,069.45. Not so, says Palm Bay. It contends that the proper interest award is from the date of the verdict on August 6, 2010 to the date of the initial final judgment on September 13 2010, a period of 38 days. Thus, according to Palm Bay, the appropriate post-verdict prejudgment interest amount is $4,868.13.

In Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010), the Court resolved the question of which date represents the "final judgment"; the date of the judgment entered immediately following the jury's verdict or the date of the later amended judgment. In Adrian, the Court reviewed the case law which provided an answer to this question. Initially, the court stated that, "(T)he judgment contemplated . . . is one that is ascertained in a meaningful way and supported by the evidence." Androlonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994). See also NML Capital v. Republic of Argentina, 435 Fed. Appx. 41, 2011 WL 3606092 (2d Cir.

4

2011). ("In general, prejudgment interest ceases to accrue, and postjudgment interest begins to accrue, as of the date that judgment first 'is ascertained in a meaningful way and supported by the evidence'"); Westinghouse Credit Corp. v. D'Arso, 371 F.3d 96, 103 (2d Cir. 2004) (observing that the date the judgment was meaningfully ascertained separates the computation of interest in pre-judgment and post-judgment periods).

Viewed as determative in Adrian was the case of Indu Craft, Inc. v. Bank of Baroda, 87 F.3d 614 (2d Cir. 1996). In Indu Craft, a judgment for the plaintiff was entered following a jury verdict. The defendant's post-trial motion for judgment as a matter of law was granted, only to be reversed on appeal, leading to the entry of a subsequent judgment. The Court held that post-judgment interest accrued from the date of the original judgment because, ". . . the judgment was ascertained in a meaningful sense on . . . the date on which the original judgment was entered following the jury verdict." Id. at 620. The Adrian Court therefore held that:

> Accordingly, plaintiffs are entitled to post-verdict prejudgment interest at the higher New York rate only for the one day separating the January 15, 2008 jury verdict and the January 16, 2008 judgment, and are entitled to postjudgment interest at the federal rate from that point forward.

Accordingly, the Court finds that the initial judgment entered by the Court on September 13, 2010, is the one "ascertained in a meaningful way and supported by the evidence." Therefore, Marchesi is awarded post-verdict prejudgment interest at the rate of nine percent from August 6, 2010 to September 13, 2010, a period of 38 days, in the sum of $4,868.13.

## II. CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Clerk of the Court is directed to add to the verdict amount, post-verdict prejudgment interest in favor of the defendant Marchesi

5

Di Barolo S.P.A., in the amount of $4,868.13.

       SO ORDERED.

Dated:   Central Islip, New York
           August 22, 2012

                                                   */s/ Arthur D. Spatt*
                                                 ARTHUR D. SPATT
                                        United States District Judge